PAT LUNDVALL (NSBN 3761)
KRISTEN T. GALLAGHER (NSBN 9561)
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Suite 1000
Las Vegas, NV  89102
Telephone:  702.873.4100
Facsimile:  702.873.9966
lundvall@mcdonaldcarano.com
kgallagher@mcdonaldcarano.com

SANDRA C. McCALLION
S.C. SOHN
THOMAS E. BEZANSON
MATTHEW V. POVOLNY
COHEN & GRESSER LLP
800 Third Avenue, 21st Floor
New York, NY 10022
Phone:  (212) 957-7600
Fax:  (212) 957-4514
smccallion@cohengresser.com
scsohn@cohengresser.com
tbezanson@cohengresser.com
mpovolny@cohengresser.com
(*pro hac vice* applications pending)

Attorneys for Defendant LG Electronics, U.S.A., Inc.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1000 • LAS VEGAS, NEVADA 89102
PHONE (702) 873-4100 • FAX (702) 873-9966

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN DROVER, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>LG ELECTRONICS USA, INC.,<br><br>Defendant. | Case No. 2:12-cv-00510-JCM-VCF<br><br>**DEFENDANT LG ELECTRONICS U.S.A., INC.'S MOTION TO DISMISS THE CLASS ACTION COMPLAINT** |

Defendant LG Electronics USA, Inc. ("LG") hereby moves to dismiss Plaintiff's Class Action Complaint (the "Complaint" or "Compl."), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons herein, LG respectfully asks the Court to dismiss the Complaint in its entirety and with prejudice.

///

///

1    This Motion is based upon the record in this matter, the Points and Authorities that

2  follow, the Declaration submitted concurrently herewith, the referenced exhibits, and any

3  argument of counsel entertained by the Court.

4    DATED this 25th day of May, 2012.

5                                    McDONALD CARANO WILSON LLP

6

7                                    By: /s/ Kristen T. Gallagher
                                         Pat Lundvall (NSBN 3761)
8                                        Kristen T. Gallagher (NSBN 9561)
                                         2300 W. Sahara Avenue, Suite 1000
9                                        Las Vegas, NV 89102
                                         lundvall@mcdonaldcarano.com
10                                       kgallagher@mcdonaldcarano.com

11                                       Sandra C. Mccallion
                                         S.C. Sohn
12                                       Thomas E. Bezanson
                                         Matthew V. Povolny
13                                       COHEN & GRESSER LLP
                                         800 Third Avenue, 21st Floor
14                                       New York, NY 10022
                                         smccallion@cohengresser.com
15                                       scsohn@cohengresser.com
                                         tbezanson@cohengresser.com
16                                       mpovolny@cohengresser.com
                                         (*pro hac vice* applications pending)
17
                                         *Attorneys for Defendant LG Electronics, U.S.A.,*
18                                       *Inc.*

19

20

21

22

23

24

25

26

27

28

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1000 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

1

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1000 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

<u>POINTS AND AUTHORITIES</u>

2 I.  INTRODUCTION

3   Plaintiff Kevin Drover ("Drover") purports to bring this Complaint on behalf of *all*

4 Nevada purchasers of either plasma or LCD televisions manufactured by LG.[1]  The Complaint

5 falls short of the pleading standard under *Twombly* and *Iqbal* because no facts have been alleged

6 in support of Drover's conclusory allegations that LG was aware of, and actively concealed, the

7 purported "defects" in the design or manufacture of these televisions.  Indeed, it is clear from

8 what *is* alleged that Drover's television worked through the entire period for which it was

9 warranted and beyond.  Dismissal with prejudice is therefore entirely appropriate.

10   None of the basic facts required for LG to understand the allegations set forth in the

11 Complaint have been alleged, including, but not limited to, the following:

12     •  when Drover purchased his television;

13     •  from whom Drover purchased his television;

14     •  when the television allegedly malfunctioned;

15     •  the nature of the alleged malfunction; or

16     •  when Drover contacted LG about the alleged malfunction.

17 *None* of these essential facts are set forth in the Complaint.

18   In addition to these pleading deficiencies, each of Drover's claims fails on one or more

19 substantive legal grounds.  Drover's express warranty claims appear to be based on three sources

20 – the Limited Warranty accompanying the television, Compl. ¶¶ 42-44; unspecified

21 "affirmations of fact and/or promises," *id*. ¶ 38; and unspecified "descriptions of the

22 Televisions." *Id*. ¶ 39.  None of these provides sufficient basis for an express warranty claim for

23 three reasons.  *First*, the Complaint fails to state a claim for breach of the Limited Warranty

24 because it appears that the warranty period had expired when Drover's television allegedly

25 malfunctioned.  The Complaint's attempt to sidestep this infirmity by alleging that the Limited

26

27 ─────────────────────

28 [1]  While the Complaint lists models 32LC2D, 37LC2D, 42LC2D, 42PC3D, 42PC3DV, 47LC7DF, and 50PC3D as "Class Televisions," Drover alleges only that he purchased a model 47LC7DF television.  Compl. ¶ 1; *see id*. ¶ 4.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1000 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

1  Warranty is unconscionable is unavailing because no facts are – or could be – alleged to support
2  this conclusory assertion.

3      *Second*, the Complaint concedes that Drover failed to satisfy a condition precedent under
4  the warranty by failing to present the original receipt or delivery ticket, which precludes his
5  claim as a matter of law.

6      *Third*, Drover's warranty claim based on alleged "affirmations" or "descriptions" fails
7  because:  (1) such conclusory allegations do not plead a breach of express warranty under
8  Nevada law; and (2) such ancillary warranty claims are expressly disclaimed by the Limited
9  Warranty.  *See* Part IV(A).

10     The Complaint also asserts a cause of action for breach of the implied warranty of
11  merchantability.  This claim is barred as a matter of law because the plain and conspicuous terms
12  of the Limited Warranty disclaim any such implied warranty.  *See* Part IV(B).

13     The Complaint also alleges a consumer fraud claim under the Nevada Deceptive Trade
14  Practices Act.  This claim fails because the Complaint does not allege either reliance or a duty to
15  disclose, both of which are required under Nevada law.  *See* Part IV(C).

16     Finally, the Complaint asserts a claim of unjust enrichment, which fails as a matter of law
17  for two independent reasons:  (1) Drover concedes that he did not purchase his television directly
18  from LG, and he therefore lacks the necessary privity to maintain an unjust enrichment claim
19  under Nevada law; and (2) the warranty is a valid, binding contract between the parties, which
20  precludes the quasi-contract remedy of an unjust enrichment claim.  *See* Part IV(D).

21     Dismissal with prejudice is therefore entirely appropriate.

22  II.     STATEMENT OF FACTS

23  An Express Limited Warranty Accompanied The Televisions At Issue

24     Plaintiff Kevin Drover alleges in the Complaint that he purchased a 47LC7DF model
25  LCD television.  *See* Compl. ¶ 4.  He does not disclose when, where, or from whom he
26  purchased the television.  In addition to the television purchased by Drover, Plaintiff purports to
27  bring this action on behalf of purchasers of six other plasma and LCD televisions manufactured
28  by LG (collectively, the televisions at issue are referred to herein as the "Televisions").

1    The Televisions were each accompanied by an express limited warranty that set forth

2    LG's and the purchaser's rights and obligations:

3         Your LG Display will be repaired or replaced in accordance with
          the terms of this warranty, at LGE's option, if it proves to be
4         defective in material or workmanship under normal use, *during the
          warranty period* . . .

5    *See* Exs. 1 (LCD Limited Warranty) (emphasis added);[2] 2 (Plasma Limited Warranty effective

6    2003 through 2007) (same); and 3 (Plasma Limited Warranty effective 2008 through 2010)

7    (same).[3]

8    In bold, capital letters, the Limited Warranty expressly excluded liability for breach of

9    the implied warranty of merchantability:

10        **THIS WARRANTY IS IN LIEU OF ANY OTHER
          WARRANTY, EXPRESS OR IMPLIED, INCLUDING
11        WITHOUT LIMITATION, ANY WARRANTY OF
          MERCHANTABILITY OR FITNESS FOR A PARTICULAR
12        PURPOSE.**

13

14   Exs. 1-3 (emphasis in original).    Further, any implied warranty required by law was

15   unambiguously limited in duration to the period of the express warranty:

16        **TO THE EXTENT ANY IMPLIED WARRANTY IS
          REQUIRED BY LAW, IT IS LIMITED IN DURATION TO
17        THE EXPRESS WARRANTY PERIOD ABOVE.**

18   *Id.*

19   The length of the express warranty period varied over time.  LCD televisions (the type

20   purchased by Drover) sold between 2003 and 2010 were accompanied by a one-year Limited

21   Warranty covering labor and parts.  *See* Ex. 1.  Plasma televisions sold between 2003 and 2007

22   were accompanied by a two-year Limited Warranty covering labor and parts.  *See* Ex. 2.  Plasma

23   _____

[2]    All references to "Ex. __" herein, unless otherwise identified, are to the Declaration of
24   Matthew V. Povolny, dated May 25, 2012, and filed herewith.

25   [3]    The Complaint refers to the written warranties accompanying the Televisions and asserts
     causes of action based on those written warranties.  Therefore, the warranties may properly be
26   considered by the Court on a motion to dismiss.  *See, e.g., Rockstar, Inc. v. Original Good Brand
     Corp.*, No. 09-cv-1499, 2010 WL 3154120, *2 (D. Nev. Aug. 9, 2010) (noting that material
27   whose contents are alleged in a complaint may be considered on a motion to dismiss); *Branch v.
     Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (finding "documents whose contents are alleged in a
28   complaint and whose authenticity no party questions, but which are not physically attached to the
     pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.").

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1000 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

televisions sold between 2008 and 2010 were accompanied by a one-year Limited Warranty for labor and parts and a two-year Limited Warranty for defects in material and/or workmanship in the panel specifically.  *See* Ex. 3.  The plasma televisions were purchased only by putative class members, not by Drover.

Drover's Individual Allegations

Plaintiff Kevin Drover states that he is a resident of Mesquite, Nevada who purchased a 47LC7DF model LCD television.  *See* Compl. ¶ 4.  Drover does not allege that he purchased the television from LG; rather the purchase allegedly was from an unidentified "authorized dealer" in an unspecified location.  *Id*. ¶ 32.  Drover admits that his television included a "12 months parts and labor warranty."  *Id*. ¶ 13.  Drover asserts that "[h]e contacted LG to obtain a repair, but LG refused to repair his Television unless he could present the original receipt."  *Id*. ¶ 4.  The Complaint implicitly concedes that Drover did not experience any problem with his television during the warranty period:  "LG has refused to pay for labor or diagnostic expenses for consumers with Televisions manifesting the Defect more than a year after purchase, and LG has refused to pay any part of the cost of repairing Televisions which manifest the Defect one year after purchase."  *Id*. ¶ 13.  The Complaint does not specify when Drover contacted LG, nor does the Complaint allege that he contacted LG during the warranty period.

The Allegations Of The Complaint

The Complaint alleges that seven television models sold by LG, including the model purchased by Drover, "are defective in that they contain internal components called printed wiring boards (also known as printed circuit boards) that prematurely fail during normal operation of the Televisions . . . ."  Compl. ¶ 1.  The Complaint further asserts that the printed wiring boards "prematurely fail due to voltage overload, ripple current, and thermal fatigue," which "can be caused by insufficient cooling fans, heat sinks and other ventilation issues."  *Id*. ¶ 8.  The Complaint fails to specify which, if any, of these purported defects Drover – or indeed any consumer – allegedly experienced.

The Complaint also alleges that LG "engaged in fraudulent acts of concealment" including "the intentional concealment and refusal to disclose facts known to LG about the

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1000 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

Defect in the Televisions, which Plaintiff and members of the Class could not reasonably have learned, known of, or otherwise discovered."  Compl. ¶ 16.  Without providing any specific details as to these purported "fraudulent acts," the Complaint alleges only that LG "allow[ed] misrepresentations to be made and/or omit[ed] information concerning the true condition of the Televisions with the intent of making Plaintiff and members of the Class enter into agreements to purchase the Televisions."  *Id.* ¶ 40; *see also id.* ¶ 17.  The Complaint contains no information about these purported misrepresentations, including what they were or when, where, by whom, or to whom these alleged misrepresentations were made or relied upon, or if these alleged misrepresentations were made before Drover purchased his television.

## III.    LEGAL STANDARD

It is well established that, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))."  As the United States Supreme Court has made clear, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

Federal Rule of Civil Procedure 9(b), which governs fraud and fraud-based claims, has an even higher pleading standard:

> Fraud under Fed. R. Civ. P. 9(b) requires a party to "state with particularity the circumstances constituting [the] fraud."  Thus to sufficiently plead fraud a plaintiff must provide "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations."

*Miller v. Skogg*, No. 2:10-cv-01121-KJD-GWF, 2011 WL 383948, *2 (D. Nev. Feb. 3, 2011) (citing *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)).

Although leave to amend a complaint is freely granted, the Court should deny such leave where amendment would be futile, such as when the complaint, as amended, would fail to state a claim upon which relief could be granted.  *See Miller*, 2011 WL 383948 at *4 (concluding leave to amend would be futile where complaint failed to state a claim under Fed. R. Civ. P. 12(b)(6)).  As discussed below, such amendment would be futile here.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1000 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

IV.   LEGAL ARGUMENT

    A.    <u>The Complaint Fails To State A Claim For Breach Of Express Warranty</u>

       Drover's express warranty claim is based on three alleged sources:  the written Limited Warranty, Compl. ¶¶ 42-44; alleged unidentified "affirmations of fact and/or promises," *id*. ¶ 38; and unspecified "descriptions of the Televisions."   *Id*. ¶ 39.   Regardless of the source, the Limited Warranty claim fails as a matter of law and should be dismissed with prejudice.

       ***1.    The Terms Of The Limited Warranty Bar Drover's Claim.***

       a.    <u>Drover fails to state a claim for breach of the Limited Warranty.</u>

       Drover's claim for breach of the Limited Warranty must be dismissed because, as the Complaint implicitly concedes, the alleged defect occurred *after* the warranty period in the Limited Warranty had expired.   Compl. ¶ 10 ("Purchasers of the Televisions have paid and continue to incur substantial parts and labor fees to repair their defectively designed Televisions when they fail to operate as a result of the design defect *after the expiration of the one year warranty for parts and labor*.") (emphasis added); *see also id*. ¶¶ 13, 42.   Although Nevada courts have not often been asked to consider the issue, one District of Nevada court has held that the Nevada Supreme Court would likely conclude that a plaintiff cannot assert a claim for breach of express warranty where the alleged failure occurred outside of the warranty period.[4]   *See Progressive Ins. Co. v. Sacramento Cnty. Coach Showcase*, No. 2:07-cv-01087-PMP-LRL, 2008 WL 5377993, *3-*4 (D. Nev. Dec. 23, 2008) (dismissing breach of express warranty claim although defect was alleged to be present when product left manufacturer and holding that, "[b]ecause the malfunction occurred outside of the [express] warranty period, [defendant] did not breach the express warranty when the [product] malfunctioned").   In holding that Nevada law

---

[4]   This Court, in *Herrera v. Toyota Motor Sales, U.S.A.,* No. 2:10-cv-00924-JCM-RJJ, 2010 WL 3385336, *1-*2 (D. Nev. Aug. 23, 2010), addressed the question of when a warranty cause of action arises  in the context of a future performance warranty, holding that such a warranty is subject to the "discovery rule."  *Id*. at *1.  Under that rule, "the statute of limitations in a breach of warranty claim begins to toll when a plaintiff knows or reasonably should know of the breach."  *Id*. (citing Nevada Revised Statute § 104.2725(2)).  The *Herrera* future performance warranty is an exception to the general rule, which applies in this case.  The Limited Warranty here is strictly limited to "the warranty period," Ex. 1, and thus is not one of future performance. For a warranty such as that here, "[a] cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.  A breach of warranty occurs when tender of delivery is made . . . ."  Nev. Rev. Stat. § 104.2725(2).

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1000 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

1   would not recognize a breach of express warranty claim after the term of the warranty had

2   expired, the court in *Progressive* adopted the rationale expressed by the Ninth Circuit in *Clemens*

3   *v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008), analyzing California law:

> Every manufactured item is defective at the time of sale in the
> sense that it will not last forever; the flip-side of this original sin is
> the product's useful life.  If a manufacturer determines that useful
> life and warrants the product for a lesser period of time, we can
> hardly say that the warranty is implicated when the item fails after
> the warranty period expires.

8   *Id*. at *4 (quoting *Clemens*, 534 F.3d at 1023).  As the Ninth Circuit made clear, where a

9   purported defect does not manifest until *after* the warranty has expired, a plaintiff may not save a

10  breach of express warranty claim by alleging that the manufacturer knew about the purported

11  defect at the time of sale.

12      Drover implicitly concedes that the alleged failure occurred outside the one-year

13  warranty period for his television.[5]  *See* Compl. ¶¶ 10, 13, 42.  Indeed, the Complaint is premised

14  on the allegation that "[p]urchasers of the Televisions have paid and continue to incur substantial

15  parts and labor fees to repair their defectively designed Televisions when they fail to operate as a

16  result of the design defect *after the expiration of the one year warranty for parts and labor*."  *Id*.

17  ¶ 10 (emphasis added).  The Limited Warranty accompanying the Televisions, however,

18  expressly confined LG's obligation to repair or replace those televisions "prove[n] to be

19  defective in material and workmanship under normal use, *during the warranty period . . . .*"  Exs.

20  1-3 (emphasis added).  Because the Complaint makes it clear that any alleged defect occurred

21  *after* the Limited Warranty had expired, the breach of express warranty claim fails as a matter of

22  law.[6]

23  ///

_____

[5] Drover does not specifically allege that *his* television failed after the one-year warranty period

24  for his television expired, but rather that the Class Televisions failed after the one-year warranty
    period.  As he purports to be an adequate representative, it is fair to conclude that Drover's

25  television failed after the one-year warranty period has expired.

26  [6] Drover's express and implied warranty claims may also be time-barred by the statute of

27  limitations, as the Complaint fails to set forth any allegation demonstrating that the claim is
    timely.  *See* Nev. Rev. Stat. § 104.2725.  As noted, conspicuously absent from the Complaint is

28  any allegation regarding (i) when Drover purchased his television; or (ii) when the television
    allegedly malfunctioned.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1000 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

1

b.   The warranty period is not unconscionable.

2      The Complaint attempts to overcome this fatal and conclusive fact that the warranty has

3   expired by asserting that the warranty period set forth in the Limited Warranty was

4   unconscionable:

5          [t]he time limits contained in Defendant's written limited
           warranties were unconscionable because amongst other things,
6          Plaintiffs and the members of the Class had no meaningful choice
           in determining those time limitations; the terms of the limited
7          warranties unreasonably favored Defendant over members of the
           Class; a gross disparity in bargaining power existed as between
8          Defendant and Class members; and Defendant knew or should
           have known that the Televisions were defective at the time of sale
9          and would fail well before the end of their expected useful lives,
           thereby rendering the time limitations insufficient, inadequate, and
10         unconscionable.

11   Compl. ¶ 44.  These allegations fall far short of what is required to plead unconscionability.

12      To be unenforceable under Nevada law, a contract term must be "*both* procedurally and

13   substantively unconscionable."  *Guerra v. Hertz Corp.*, 504 F. Supp. 2d 1014, 1021 (D. Nev.

14   2007) (emphasis added).  Here, the Complaint does not adequately allege *either* procedural *or*

15   substantive unconscionability.  A contract term is procedurally unconscionable "when a party

16   lacks a meaningful opportunity to agree to the clause terms either because of unequal bargaining

17   power, as in an adhesion contract, or because the clause and its effects are not readily

18   ascertainable upon a review of the contract."  *D.R. Horton, Inc. v. Green*, 96 P.3d 1159, 1162

19   (Nev. 2004).  "Procedural unconscionability usually results from 'the use of fine print or

20   complicated, incomplete, or misleading language that fails to inform a reasonable person of the

21   contractual language's consequences.'"  *Guerra*, 504 F. Supp. 2d at 1021 (quoting *D.R. Horton,*

22   *Inc.*, 96 P.3d at 1162).  The Complaint does not make any allegation that the Limited Warranty is

23   procedurally unconscionable other than the conclusory assertion that "a gross disparity in

24   bargaining power existed . . . ."  Compl. ¶ 44.  This is simply not sufficient under Nevada law.

25   *See Guerra*, 504 F. Supp. 2d at 1021 (dismissing unconscionability claim where complaint failed

26   to provide procedural unconscionability allegations that rental car agreement "fails to disclose

27   . . . options, that it uses fine print or misleading language, or is so complicated that it fails to

28   inform a reasonable person of the contractual language's consequences.").  Further, as evidenced

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1000 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

by the repeated references to its terms in the Complaint, the Limited Warranty was readily ascertainable by Drover, and Drover does not allege that he was misled by the language of the express warranty.  On these facts, the Limited Warranty cannot be held to be procedurally unconscionable.

Likewise, a contract is substantively unconscionable "only when the clauses of that contract and the circumstances existing at the time of the execution of the contract are so one-sided as to oppress or unfairly surprise an innocent party."  *Bill Stremmel Motors, Inc. v. IDS Leasing Corp.*, 514 P.2d 654, 657 (Nev. 1973).  Here, the conclusory allegation that Drover "had no meaningful choice" or that there was a "disparity in bargaining power" is insufficient to meet the *Twombly/Iqbal* standard to state substantive unconscionability.  *See, e.g., Guerra*, 504 F. Supp. 2d at 1021 (dismissing substantive unconscionability claim because agreement "is not so one-sided as to oppress or unfairly surprise . . . .").  Additionally, a one-year express warranty period does not, on its face, "oppress or unfairly surprise an innocent party." [7]  *Id.*; *cf. Marchante v. Sony Corp. of Am., Inc.*, 801 F. Supp. 2d 1013, 1023 (S.D. Cal. 2011) (finding one-year warranty for television was not substantively unconscionable under California law as it did not "create results that shock the conscience.").  In short, the Complaint does not – and cannot – allege that LG's industry-standard one-year express warranty was unconscionable.

### 2. Drover Failed To Provide LG With The Requisite Documentation Within The Warranty Term.

Drover's express warranty claim fails for the independent reason that the Complaint fails to plead that he complied with his obligations under the Limited Warranty to provide LG with the requisite documentation required for warranty service.  Under Nevada law, a plaintiff must, as a condition precedent to bringing a cause of action for breach of express warranty, provide the notice required under the warranty.  *See NGA #2 Ltd. Liability Co. v. Rains*, 946 P.2d 163, 168 (Nev. 1997) (holding that a condition precedent to an obligation calls for the performance of some act upon which the corresponding obligation depends); *cf. Alvarez v. Chevron Corp.*, 656

---

[7]  Notably, the Complaint does not allege that the warranty period provided by LG deviates from the typical warranty period offered by competing manufacturers.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1000 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

1    F.3d 925, 932 (9th Cir. 2011) (dismissing breach of warranty claim under California law where

2    plaintiffs failed to provide notice to defendant).

3        The Limited Warranty at issue requires the customer to present the original receipt or

4    delivery ticket to obtain warranty service:  "Please retain dealer's dated bill of sale or delivery

5    ticket as evidence of the Date of Purchase for proof of warranty, and submit a copy of the bill of

6    sale to the service person at the time warranty service is provided."  Exs. 1-3.  Drover admits in

7    the Complaint that he "contacted LG to obtain a repair, but LG refused to repair his Television

8    unless he could present his original receipt."  Compl. ¶ 4.  Drover's failure to present his original

9    receipt, as required under the notice provision of the Limited Warranty, defeats the express

10   warranty claim as a matter of law.[8]

11                   ***3.***      ***The Complaint Fails To State A Claim For Breach Of Express Warranty***
12                   ***Based On LG's Purported "Affirmations" Or "Descriptions."***

13       The Complaint also alleges that LG made "affirmations of fact/and or promises" or

14   alternatively provided "descriptions of the Televisions," Compl. ¶¶ 38, 39, that these

15   "affirmations" or "descriptions" somehow constituted express warranties, and that LG breached

16   these purported warranties.  These allegations fail to state a claim for breach of express warranty

17   for at least two independent reasons:  (i) they fail to meet the *Twombly/Iqbal* pleading standard;

18   and (ii) even if these purported "affirmations" or "descriptions" are considered warranties (which

19   they are not), such warranties were expressly disclaimed by the written Limited Warranty.

20                   a.      Drover's unsupported statutory recitals do not plead an express
21                           warranty.

22       Under Nevada law, an express warranty by a seller is created by:  "[a]ny affirmation of

23   fact or promise made by the seller to the buyer which relates to the goods and becomes part of

24   the basis of the bargain" or "[a]ny description of the goods which is made part of the basis of the

---

[8] Additionally, the Complaint fails to satisfy the *Twombly/Iqbal* pleading standard by failing to
allege any facts concerning (i) when Drover purportedly provided LG with any notice; (ii) the
content of the alleged notice; or (iii) that the notice was provided through the means required
under the plain terms of the warranty.  Indeed, the facts that are pleaded in the Complaint make
clear that any notice could have occurred only out of time as Drover admits that the Televisions
failed after the warranty period expired.  *See id.* ¶¶ 13, 42.  Because Drover does not and cannot
plead any facts demonstrating that he provided LG with the requisite notice during the term of
the Limited Warranty, his express warranty claims should be dismissed as a matter of law.

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1000 · LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 · FAX (702) 873-9966

1   bargain."  Nev. Rev. Stat. § 104.2313(1)(a)-(b).  The Complaint contains a nearly verbatim

2   recitation of this statutory language, Compl. ¶ 48, but does not contain any factual allegations to

3   support this claim.  For example, the Complaint fails to identify any "affirmation of fact and/or

4   promise" or "description of the goods" by LG that could constitute an express warranty.  In

5   addition, although the statute specifically provides that only a statement by a seller to a buyer can

6   constitute an express warranty, the Complaint fails to reveal who on behalf of LG allegedly made

7   the statement; when such statement was made; or that it was made *to Drover*.  Additionally, to

8   become "part of the basis of the bargain," Drover would have had to rely on these unspecified

9   statements.  *See Allied Fidelity Ins. Co. v. Pico*, 656 P.2d 849, 850 (Nev. 1983) (noting that

10  purchase must rest on representations by seller to be considered becoming any part of the "basis

11  of the bargain' within the meaning of [Nev. Rev. Stat. § 104.2313]).  The Complaint has no

12  allegation at all suggesting that Drover was told, much less relied on, any warranty-creating

13  affirmation that would trump the Limited Warranty.

14       The Complaint's bare recitation of the statutory language is precisely the kind of

15  "formulaic recitation of the elements of a cause of action" that the United States Supreme Court

16  has held to not satisfy the pleading standard of Rule 8 of the Federal Rules of Civil Procedure.

17  *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by

18  mere conclusory statements, do not suffice.") (quoting *Twombly*, 550 U.S. at 555).  In the

19  absence of any factual allegation to support Drover's purported "affirmations" or "descriptions,"

20  LG has not been afforded a fair opportunity to frame a responsive pleading.  This claim must

21  therefore be dismissed.

22                    b.    Any "additional" warranties are disclaimed.

23       Drover's express warranty claims based on alleged "affirmations" or "descriptions" are

24  precluded as a matter of law by the terms of the Limited Warranty itself.  The Limited Warranty

25  unambiguously and conspicuously stated that it was "**IN LIEU OF ANY OTHER**

26  **WARRANTY, EXPRESS OR IMPLIED** . . . ."  Exs. 1-3 (emphasis in original).  Under

27  Nevada law, this disclaimer of other warranties effectively excluded warranties outside the

28  Limited Warranty.  *See Sierra Creek Ranch v. J.I. Case*, 634 P.2d 458, 460 (Nev. 1981) (holding

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1000 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

1   that a disclaimer of express and implied warranties effectively excluded warranties outside the

2   contract); *see also* Nev. Rev. Stat. § 104.2316(2) (authorizing exclusion or modification of

3   implied warranties).   Drover's claim based on the purported "additional warranty" should

4   therefore be dismissed with prejudice.

5         B.   <u>The Complaint Fails To State A Claim For Breach Of The Implied Warranty Of</u>

6            <u>Merchantability</u>

7         Drover's third cause of action alleging breach of the implied warranty of merchantability

8   fails to state a claim because the Limited Warranty effectively disclaimed such warranties.   LG's

9   Limited Warranty accompanying all of its Televisions expressly disclaimed the implied warranty

10   of merchantability.   *See supra* at p. 4; *see also* Exs. 1-3.

11         Nevada statutory law specifically permits a manufacturer "to exclude or modify the

12   implied warranty of merchantability or any part of it . . . ."   Nev. Rev. Stat. § 104.2316(2); *see*

13   *also Sierra Creek Ranch v. J.I. Case*, 634 P.2d 458, 459-60 (Nev. 1981) (holding disclaimer in

14   all capital letters effectively excluded implied warranties).   As a matter of law, the Limited

15   Warranty is sufficient to disclaim the implied warranty of merchantability.   *See, e.g.*, Nev. Rev.

16   Stat. § 104.1201(j)(1) (defining conspicuous terms to include "[a] heading in capitals equal to or

17   greater in size than the surrounding text, or in contrasting type, font or color to the surrounding

18   text of the same or lesser size."); *Bill Stremmel Motors, Inc.*, 514 P.2d at 656 (finding Nev. Rev.

19   Stat. § 104.2316 "provides that implied warranties of merchantability or fitness may be modified

20   or excluded by appropriate conspicuous language" and that disclaimer was conspicuous); *Virgin*

21   *Valley Water Dist. v. Vanguard Piping Sys. (Canada), Inc.*, No. 2:09-cv-00309-LRH-PAL, 2011

22   WL 830083, *2 (D. Nev. Mar. 7, 2011) (finding disclaimer of implied warranties in capitalized

23   font conspicuous under Nevada law).

24         The Complaint acknowledges that the Limited Warranty accompanying Drover's

25   television disclaimed the implied warranty of merchantability, but alleges that "LG cannot

26   disclaim this implied warranty as they knowingly sold a defective product."[9]   Compl. ¶ 50.   This

27   _____

28   [9]   The Complaint further alleges that LG's "express warranty did not include a conspicuous statement about the Defect and the unusual early failure of the PWBs."   Compl. ¶ 40.   This is not the requirement.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1000 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

1    assertion is legally unavailing.  The only issue is whether the language of the disclaimer in the

2    Limited Warranty was conspicuous.  It is.  Drover's conclusory allegation simply does not

3    overcome the exclusion permitted by Nevada law.  Thus, the claim for breach of the implied

4    warranty of merchantability should be dismissed with prejudice.

C.    The Complaint Fails To State A Claim Under The Nevada Deceptive Trade
5          Practices Act
6

7          The Complaint's first cause of action asserts a violation of the Nevada Deceptive Trade

8    Practices Act ("NDTPA").  *See* Compl. ¶ 33.  The NDTPA provides that "[a]n action may be

9    brought by any person who is a victim of consumer fraud."  Nev. Rev. Stat. § 41.600(1).

10   Actionable "consumer fraud" under the NDTPA includes "deceptive trade practices" such as

11   "[k]nowingly mak[ing] a false representation as to the characteristics . . . of goods or services for

12   sale or lease" or "[r]epresent[ing] that goods or services for sale or lease are a part of a particular

13   standard, quality or grade, or that such goods are of a particular style or model [with knowledge]

14   that they are of another standard, quality, grade, style or model."  Nev. Rev. Stat. § 41.600(2);

15   *see* Nev. Rev. Stat. § 598.0915.  While the Nevada Supreme Court has not specified the elements

16   of a claim for violation of the NDTPA, in *Picus v. Wal-Mart Stores, Inc.*, the United States

17   District Court for the District of Nevada anticipated that "the Nevada Supreme Court would

18   require, at a minimum, a victim of consumer fraud to prove that (1) an act of consumer fraud by

19   the defendant (2) caused (3) damage to the plaintiff."  256 F.R.D. 651, 658 (D. Nev. 2009).

20         As discussed below, the Complaint fails to state a claim under the NDTPA because it

21   fails to adequately plead fraud with the requisite particularity and also omits any allegation of

22   reliance by Drover or of a duty to disclose by LG.  Each of these pleading deficiencies is fatal to

23   the Complaint.  Accordingly, Drover's cause of action under the NDTPA should be dismissed.

*1.    The Complaint Fails To Plead Fraud With Particularity.*
24

25         The Complaint broadly alleges that "[t]he actions of Defendant constituted deceptive

26   trade practices within the meaning of the Nevada Deceptive Trade Practices Act . . . ."  Compl. ¶

27   33.  In describing these "actions," the Complaint asserts that the "fraudulent acts of concealment

28   by LG included the intentional concealment and refusal to disclose facts known to LG about the

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1000 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

1   Defect in the Televisions . . . ," Compl. ¶ 16, and that LG "made and/or allowed these

2   misrepresentations to be made with the intent of making Plaintiff and the members of the Class

3   enter into agreements to purchase the Televisions." *Id.* ¶ 17.  These conclusory allegations do

4   nothing but parrot the legal elements without setting forth a single identifiable fact supporting

5   these allegations.

6        Federal Rule of Civil Procedure 9(b) requires a plaintiff to plead each of the elements of

7   fraud with particularity.  If "a plaintiff alleges a unified course of fraudulent conduct and relies

8   entirely on such conduct as the basis of a claim, the claim is considered to be 'grounded in fraud'

9   and must satisfy Rule 9(b)'s particularity requirement." *George v. Morton*, No. 2:06-cv-1112-

10  PMP-GWF, 2007 WL 680789, *10 (D. Nev. Mar. 1, 2007) (quoting *Vess v. Ciba-Geigy Corp.*

11  *USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003)).  Courts in Nevada have held that claims made

12  under the NDTPA are "grounded in fraud" when they rely on the same fraudulent statements as a

13  claim for fraud, and they must therefore satisfy the particularity requirement of Rule 9(b).  *See*

14  *id.* at *10-*11; *see also Windisch v. Hometown Health Plan, Inc.*, No. 3:08-cv-00664-RCJ-RAM,

15  2010 WL 786518, *7 (D. Nev. Mar. 5, 2010) (same).

16       Drover's NDTPA claim is fraud-based under this standard.  By its very terms, the

17  Complaint alleges that LG engaged in "*fraudulent* acts of concealment" and made

18  "misrepresentations" with fraudulent intent. Compl. ¶¶ 16, 17 (emphasis added).  To adequately

19  plead this claim regarding the alleged affirmative misrepresentations, Drover must provide "an

20  account of the time, place, and specific content of the false representations as well as the

21  identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th

22  Cir. 2007) (internal quotation omitted); *see also Josephson v. EMC Mortg. Corp.*, No. 2:10-cv-

23  00336-JCM-PAL, 2010 WL 4810715, *2 (D. Nev. Nov. 19, 2010) ("Rule 9(b) requires that a

24  plaintiff specify the time, place, and content of the alleged misrepresentation, and the names of

25  the parties involved.").  Similarly, a claim based on fraudulent concealment must be pled with

26  the specificity required under Rule 9(b) of the Federal Rules of Civil Procedure.  *See Hall v.*

27  *MortgageIt, Inc.*, No. 2:09-cv-02233-JCM-GWF, 2011 WL 2651870, *3 (D. Nev. July 6, 2011)

28  (dismissing fraudulent concealment claim where plaintiff did not meet the Rule 9(b) standard);

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1000 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

1    *see also Lalatag v. Money First Fin. Servs., Inc.*, No. 2:09-cv-02268-LRH-RJJ, 2010 WL

2    2925875, *2 (D. Nev. July 20, 2010) (holding that, for a fraudulent concealment claim, "to meet

3    the heightened pleading requirements [of Fed. R. Civ. P. 9(b)] a plaintiff must allege the

4    particular concealment as well as which party was involved in the concealment and how.")

5         The Complaint fails to plead its allegations of either fraudulent concealment or

6    misrepresentation with the requisite particularity.  In fact, the Complaint is wholly devoid of any

7    factual allegations of the time, place, and specific content of the alleged false representations and

8    fails to allege the identities of the parties to the misrepresentations – each of which is required

9    under Nevada law.  Moreover, the Complaint fails to allege the particular concealment

10   underlying the fraud charge, as well as the party that purportedly performed the concealment.

11   The Complaint simply does not allege sufficient facts regarding LG's knowledge of the

12   purported defects such that LG would have notice of the alleged particular misconduct.  Thus,

13   Drover's first cause of action for violation of the NDTPA should be dismissed on this ground

14   alone.

15        **2.    *The Complaint Lacks Any Factual Allegation That Drover Relied On
           Any Purported Affirmative Misrepresentation.***

16

17        Drover's failure to allege that he relied on any purported misrepresentation by LG

18   similarly dooms his fraud-based claim because "[f]or a plaintiff to recover based on consumer

19   fraud under the Deceptive Trade Practices Act, a plaintiff must allege that they *reasonably relied*

20   on the alleged misrepresentation where it is an affirmative misrepresentation rather than a failure

21   to disclose."  *Sylver v. Executive Jet Mgmt., Inc.*, No. 2:10-cv-01028-RLH-RJJ, 2011 WL 9329,

22   *3 (D. Nev. Jan. 3, 2011) (dismissing claim under the NDTPA) (emphasis added); *see also*

23   *Picus*, 256 F.R.D. at 657-58 (concluding that a NDTPA claim requires a demonstration of

24   reliance).  This Complaint, which asserts an affirmative misrepresentation as well as a failure to

25   disclose, Compl. ¶¶ 16, 17, fails to allege that Drover (or any other customer) actually relied on

26   any such representation made by LG.  Indeed, as noted, the Complaint lacks any factual

27   allegation as to the content of the purported "misrepresentations," including whether Drover

28

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1000 · LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 · FAX (702) 873-9966

1   received such "misrepresentation" before his television purchase.  Without such allegations,

2   Drover's claim under the NDTPA cannot be sustained.

3            **3.        The Complaint Fails To State A Claim For Fraudulent Concealment
                         Because It Does Not Adequately Allege A Duty To Disclose.**

4

5            Drover's omission-based fraud claims fail for the additional reason that the Complaint

6   does not plead that LG had a duty to disclose the existence of the alleged defect.[10]  Such a duty

7   must exist to state a fraudulent concealment claim under Nevada law.[11]  *See Roeder v. Atl.*

8   *Richfield Co.*, No. 3:11-cv-00105-RCJ-RAM, 2011 WL 4048515, *9 (D. Nev. Sept. 8, 2011)

9   (noting that fraudulent concealment claim requires that "the defendant was under a duty to

10  disclose the fact to the plaintiff.").  The existence of a relationship creating a duty must be

11  alleged with the specificity required under Rule 9(b) of the Federal Rules of Civil Procedure.

12  Indeed, a fraudulent concealment claim must be specific enough to inform the defendant and the

13  court of the specifics of the what, who, and how of the alleged concealment.  *See Lalatag*, 2010

14  WL 2925875 at *2 ("[T]o meet the heightened pleading requirements [of Fed. R. Civ. P. 9(b)] a

15  plaintiff must allege the particular concealment as well as which party was involved in the

16  concealment and how.").  There is no such information, much less specificity, in this Complaint.

17  Instead, as noted, the Complaint states only that LG fraudulently concealed "facts known to LG

18  about the Defect in the Televisions."  Comp. ¶ 16.  This bare assertion does not rise to the level

19  _____

[10] In *Moretti v. Wyeth, Inc.*, No. 2:08-cv-00396-JCM-GWF, 2009 WL 749532, *3 (Mar. 20,
20  2009), this Court, in the context of a personal injury claim against a drug manufacturer, held that
    "[u]nder Nevada law Plaintiff's misrepresentation/fraud claims require the existence of a duty."
21  (citations omitted).  In dictum, the Court noted that "[a]ny such duty requires, at a minimum,
    some form of relationship between the parties."  *Id*. (citations omitted).  Here, no duty exists
22  outside of the warranty that spells out in concrete language the metes and bounds of the
    manufacturer's obligation.  This is particularly true where, as here, it appears that LG fully
23  complied with its obligations under that warranty.

24  [11] A plaintiff must allege "(1) the defendant concealed or suppressed a material fact; (2) the
    defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant intentionally
25  concealed or suppressed the fact with the intent to defraud the plaintiff; that is, the defendant
    concealed or suppressed the fact for the purpose of inducing the plaintiff to act differently than
26  she would have if she had known the fact; (4) the plaintiff was unaware of the fact and would
    have acted differently if she had known of the concealed or suppressed fact; (5) and, as a result
27  of the concealment or suppression of the fact, the plaintiff sustained damages," for fraudulent
    concealment.  *Roeder*, 2011 WL 4048515, at *9 (quoting *Dow Chem. Co. v. Mahlum*, 970 P.2d
28  98, 110 (Nev. 1998)).  This standard also requires reliance.  As discussed in the previous section,
    the Complaint fails to allege reliance at all.

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1000 · LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 · FAX (702) 873-9966

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1000 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

1   of a duty to disclose under Nevada law and does not set forth a cause of action based on

2   fraudulent concealment under the heightened standard of Rule 9(b).  Thus, Drover has not

3   asserted a claim for fraudulent concealment so the first cause of action should be dismissed.

4           D.      The Complaint Fails To State A Claim For Unjust Enrichment

5           "In Nevada, the elements of an unjust enrichment claim or 'quasi contract' are:  (1) a

6   benefit conferred on the defendant by the plaintiff; (2) appreciation of the benefit by the

7   defendant; and (3) acceptance and retention of the benefit by the defendant (4) in circumstances

8   where it would be inequitable to retain the benefit without payment."  *Kennedy v. Carriage*

9   *Cemetery Servs., Inc.*, 727 F. Supp. 2d 925, 932 (D. Nev. 2010) (citing *LeasePartners Corp. v.*

10  *Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997)).  The Complaint

11  fails to state a claim for unjust enrichment[12] for at least two reasons.  *First*, it concedes that

12  Drover did not purchase his television from LG and thus admits that Drover lacks the privity

13  required to assert an unjust enrichment claim under Nevada law.  *Second*, Drover's unjust

14  enrichment claim is precluded under Nevada law because his dispute is governed by an express

15  contract, the written Limited Warranty.

16          *1.      Drover Concedes That He Did Not Purchase His Television Directly
                    From LG.*

17          It is axiomatic that a lack of privity between a purchaser and a manufacturer precludes an

18  unjust enrichment claim under Nevada law.  *See Herrera,* 2010 WL 3385336 at *2 (dismissing

19  unjust enrichment claim against manufacturer because no benefit conferred where plaintiff

20  purchased car from dealer); *Roeder*, 2011 WL 4048515 at *8 (dismissing unjust enrichment

21  claim because plaintiffs did not allege that they conferred a benefit on defendant); *accord Doe I*

22

23  _____

[12] The Complaint asserts that Drover and Class members "are damaged in the amount of the
24  price paid for the Televisions, as well as HDTV, cable and satellite services they are unable to
     utilize." Compl. ¶ 18.  To award consequential damages, the damages claimed for the breach of
25  contract must be foreseeable.  *See Clark Cnty. School Dist. v. Rolling Plains Constr., Inc.*, 16
     P.3d 1079, 1082 (Nev. 2001) (citing *Barnes v. W. Union Tel. Co.*, 76 P. 931 (Nev. 1904)).
26  Moreover, "[u]nder the watershed case, *Hadley v. Baxendale*, 156 Eng. Rep. 145, 151 (1854),
     foreseeability requires that:  (1) damages for loss must 'fairly and reasonably be considered [as]
27  arising naturally . . . from such breach of contract itself,' and (2) the loss must be 'such as may
     reasonably be supposed to have been in the contemplation of both parties, at the time they made
28  the contract as the probable result of the breach of it.'"  *Id.*  The Complaint is devoid of any
     allegation that the consequential damages sought were in any way foreseeable.  Accordingly,
     Drover's claim for consequential damages should be dismissed.

1   *v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 685 (9th Cir. 2009) (dismissing unjust enrichment claim

2   under California law because "[t]he lack of any prior relationship between Plaintiffs and Wal-

3   Mart precludes the application of an unjust enrichment theory here.").   Drover does not

4   specifically allege in the Complaint from whom he purchased his television but, rather, concedes

5   that "Plaintiff and the Class members are consumers who purchased an LG Television from an

6   authorized dealer."  Compl. ¶ 32.  Accordingly, by his own admission, Drover lacks the privity

7   required to state a claim of unjust enrichment against LG.  This is a legal failure that requires

8   dismissal of the unjust enrichment claim with prejudice.

9                   **2.       Drover's Dispute Is Governed By An Express Contract.**

10          Drover's cause of action for unjust enrichment also fails because such a claim is

11   precluded by the Limited Warranty.  Nevada law plainly provides that an express contract

12   governing the subject of the dispute precludes a claim for unjust enrichment.  *See LeasePartners*

13   *Corp.*, 942 P.2d at 187 ("An action based on a theory of unjust enrichment is not available where

14   there is an express, written contract, because no agreement can be implied when there is an

15   express agreement."); *see also Josephson v. EMC Mortg. Corp.*, No. 2:10-cv-00336-JCM-PAL,

16   2010 WL 4810715, *3 (D. Nev. Nov. 19, 2010) (rejecting unjust enrichment claim where an

17   express agreement existed between plaintiffs and defendant).  Moreover, courts in Nevada have

18   rejected attempts to plead unjust enrichment in the alternative to warranty claims where, as here,

19   Drover concedes, Compl. ¶ 13, that his television "include[d] a 12 months parts and labor

20   warranty."  *See, e.g., Rockstar, Inc. v. Original Good Brand Corp.*, No. 2:09-cv-01499-GMN-

21   GWF, 2010 WL 3154120, *5 (D. Nev. Aug. 9, 2010) ("The law of Nevada is clear – where there

22   is an express written agreement, a party may not assert a claim for unjust enrichment.").

23          As there is no legitimate question as to the existence of a contract between Drover and

24   LG, Drover's unjust enrichment claim cannot be maintained and the fourth cause of action in the

25   Complaint should be dismissed with prejudice.

26   ///

27   ///

28   ///

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1000 · LAS VEGAS, NEVADA 89102
PHONE (702) 873-4100 · FAX (702) 873-9966

V.      CONCLUSION

        For the reasons set forth above, LG respectfully requests that the Complaint be dismissed with prejudice.

        DATED this 25th day of May, 2012.

                                        McDONALD CARANO WILSON LLP

                                        By: /s/ Kristen T. Gallagher
                                            Pat Lundvall (NSBN 3761)
                                            Kristen T. Gallagher (NSBN 9561)
                                            2300 W. Sahara Avenue, Suite 1000
                                            Las Vegas, NV  89102
                                            lundvall@mcdonaldcarano.com
                                            kgallagher@mcdonaldcarano.com

                                            Sandra C. Mccallion
                                            S.C. Sohn
                                            Thomas E. Bezanson
                                            Matthew V. Povolny
                                            COHEN & GRESSER LLP
                                            800 Third Avenue, 21st Floor
                                            New York, NY 10022
                                            smccallion@cohengresser.com
                                            scsohn@cohengresser.com
                                            tbezanson@cohengresser.com
                                            mpovolny@cohengresser.com
                                            (*pro hac vice* applications pending)

                                            *Attorneys for Defendant LG Electronics, U.S.A., Inc.*

**CERTIFICATE OF SERVICE**

I HERBY CERTIFY that I am an employee of McDonald Carano Wilson LLP, and that on this 25th day of May, 2012, I caused a true and correct copy of the foregoing **DEFENDANT LG ELECTRONICS U.S.A., INC.'S MOTION TO DISMISS THE CLASS ACTION COMPLAINT** to be served via the U.S. District Court's Notice of Electronic Filing ("NEF") in the above-captioned case, upon the following:

Dennis L. Kennedy, Esq. (NSBN 1462)
Joseph A. Liebman, Esq. (NSBN 10125)
BAILEY KENNEDY
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: (702) 562-8820
Facsimile: (701) 562-9921
dkennedy@baileykennedy.com
jliebman@baileykennedy.com

WILLIAM B. FEDERMAN
FEDERMAN & SHERWOOD
8 10205 N. Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
9 (405)235-1560 Telephone
(405) 239-2112 Facsimile
wbf@federmanlaw.com
(admitted *pro hac vice*)

*Attorneys for Plaintiff Kevin Drover*

/s/ Yalonda Dekle
An employee of McDonald Carano Wilson LLP

252662

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1000 · LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 · FAX (702) 873-9966