DENNIS L. KENNEDY
Nevada Bar No. 1462
JOSEPH A. LIEBMAN
Nevada Bar No. 10125
BAILEY-KENNEDY
8984 Spanish Ridge Avenue
Las Vegas, Nevada  89148-1302
(702) 562-8820  Telephone
(702) 562-9921  Facsimile
dkennedy@baileykennedy.com
jliebman@baileykennedy.com

WILLIAM B. FEDERMAN *(admitted pro hac vice)*
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Avenue
Oklahoma City, Oklahoma  73120
(405) 235-1560  Telephone
(405) 239-2112  Facsimile
wbf@federmanlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEVIN DROVER, individually and on behalf of all others similarly situated, )
)
)
Plaintiffs, )  CASE NO.  2:12-cv-00510-LRH-VCF
)
v. )
)  **PLAINTIFF'S OPPOSITION TO**
LG ELECTRONICS USA, INC., )  **DEFENDANT LG ELECTRONICS**
)  **U.S.A., INC.'S MOTION TO DISMISS**
Defendant. )  **THE CLASS ACTION COMPLAINT**
_____ )

///

///

///

///

///

///

- 1 -

Plaintiff, Kevin Drover ("Plaintiff"), by his attorneys, hereby submits this response and opposition to Defendant LG Electronics USA, Inc.'s ("LG" or "Defendant") Motion to Dismiss the Class Action Complaint and states as follows:

## STATEMENT OF FACTS

Plaintiff's suit involves certain LG plasma and LCD televisions, including, but not limited to models 32LC2D, 37LC2D, 42LC2D, 42PC3D, 42PC3DV, 47LC7DF and 50PC3D (the "Televisions"). Complaint ¶1. Plaintiff alleges that the Televisions' printed wiring boards (also known as printed circuit boards) ("PWBs") prematurely fail during normal operation. *Id*. at ¶7. The PWBs incorporate integrated components such as circuit chips, resistors, surface capacitors and chip capacitors. *Id*. A well-designed and manufactured television will have PWBs that will last the expected useful life of the Television. *Id*.

The PWBs of the Televisions prematurely fail due to voltage overload, ripple current, and thermal fatigue. *Id*. at ¶8. Voltage overload and thermal fatigue can be caused by insufficient cooling fans, heat sinks and other ventilation issues. *Id*. The premature failure is caused by design and manufacturing defects. *Id*. The Televisions are defectively designed and/or use defective materials because normal operation and usage of the Televisions exposes the PWBs to excessive heat and/or excessive voltage, which, in turn, causes them to fail. *Id*. at ¶9. Therefore, the Televisions fail before expiration of their expected useful life. *Id*. As a result of the design defect in the Televisions, numerous purchasers of these Televisions have complained to LG, as evidenced by the numerous complaints found on the Internet. *Id*. at ¶11. LG has had actual knowledge of the design defect in the Televisions. *Id*.

///

1    The defect described herein was a material fact related to the reliability and normal operation of the Televisions known only to LG. *Id*. at ¶12. Had Plaintiff and members of the Class known about the defect, they would not have purchased their Televisions. *Id*.

## ARGUMENTS AND AUTHORITIES

### I.   Applicable Standard

A Rule 12(b)(6) motion should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) ("When there are well-pleaded factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). In considering a motion to dismiss, the court accepts the plaintiff's allegations as true and construes them in the light most favorable to the plaintiff. *No. 84 Employer-Teamster Joint Council Pension Trust Fund v. Am. West Holding Corp.*, 320 F.3d 920, 931 (9th Cir. 2003). The sufficiency of the complaint must be determined considering the allegations in their entirety and viewing all facts in the complaint as a whole. *Id*.

There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). As such, a motion to dismiss for failure to state a claim should be denied unless it "appears beyond doubt that the plaintiff cannot prove any set of facts that would entitle him or her to relief." *Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F.3d 1226, 1229 (9th Cir. 2004).

### II.   Plaintiff's Breach Of Warranty Claims

Plaintiff concedes to Defendant's arguments on his warranty claims (Second Cause of Action – Breach of Express Warranty and Third Cause of Action – Breach of Implied Warranty of merchantability) and agrees to dismiss same.

**III.    Plaintiff Has Stated A Valid Claim For Violation Of The Nevada Deceptive Trade Practices Act.**

Plaintiff has brought a claim for violations of the Nevada Deceptive Trade Practices Act ("NDTPA"). Nev. Rev. Stat. § 41.600. Pursuant to the NDTPA, an action may be brought by any person who is a victim of consumer fraud. Nev. Rev. Stat. § 41.600 (1). Consumer fraud includes deceptive trade practices as defined in Nev. Rev. Stat. § 598.0915 and §598.0923. Nev. Rev. Stat. § 41.600 (2)(e). A deceptive trade practice includes "[k]nowingly mak[ing] a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith"; "[r]epresent[ing] that goods or services for sale or lease are of a particular standard, quality or grade, or that such goods are of a particular style or model, if he or she knows or should know that they are of another standard, quality, grade, style or model"; and "[k]nowingly mak[ing] any other false representation in a transaction." Nev. Rev. Stat. § 598.0915 (5), (7) (15). Additionally, a deceptive trade practice includes "[f]ail[ing] to disclose a material fact in connection with the sale or lease of goods or services." Nev. Rev. Stat. § 598.0923 (2).

### a.    The Applicable Pleading Standard for NDTPA Claims

Defendant argues that the Plaintiff's claims must be analyzed under the standards set forth in Rule 9(b). In support, LG cites *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 658 (D. Nev. 2009). *Picus* does indeed set forth the presumed elements for a claim under the NDTPA (since the Nevada Supreme Court has not ruled on that specific issue) as: "1) an act of consumer fraud by the defendant [that] 2) caused 3) damage to the plaintiff." *Id*. However, the Court analyzed these elements under the Rule 12(b)(6) motion to dismiss standard *Id*. at 655 ("Accordingly, when a party moves to deny class certification prior to any discovery, the Court

- 4 -

construes it under the legal standards for a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss."). When discussing the NDTPA law, the court did so using the Rule 12(b)(6) standard, and made no mention of using a Rule 9(b) standard. *Id*. at 658-59.

Defendant also cites *George v. Morton*, 2007 WL 680789 (D. Nev. Mar. 1, 2007) for the assertion that an NDTPA claim needs to meet a Rule 9(b) standard. *George* holds that "[t]hus, although termed 'consumer fraud,' the Court will apply Rule 9(b) only to those deceptive trade practices claims that actually are grounded in fraud." *Id*. at * 10. In *George*, the plaintiff's claims of a failure to disclose material facts were not alleged to be fraudulent, and were not the basis of the plaintiff's separate fraud claim. Therefore, the court used Rule 8(a)'s ordinary notice pleading standards. *Id*. at *12. Further, in *Windisch v. Hometown Health Plan, Inc.*, 2010 WL 786518 (D. Nev. Mar. 5, 2010), also relied upon by Defendant, the court did not decide whether the particular claim was grounded in fraud, since the court determined that plaintiff met the burdens of Rule 9(b) regardless. *Id*. at *8 ("Even if the Court assumes that Plaintiff's claim is grounded in fraud, Plaintiff has met the pleading burdens of Rule 9(b).")

Plaintiff has not brought a separate cause of action for fraud, and his claim under the NDTPA is not grounded in fraud such that it should be governed by Rule 9(b) standards. Plaintiff's claim is based on the failure of LG to disclose the defect known only by Defendant to consumers. As a number of courts have held, "[a] fraud by omission claim does not need to meet the strict requirements of Rule 9(b)." *Morris v. BMW of N. Am.,* 2007 WL 3342612 at *5 (N.D. Cal. Nov. 7, 2007). Indeed, "[w]here the fraud consists of omissions on the part of the defendants, the plaintiff may find alternative ways to plead the particular circumstances of the fraud. For example, a plaintiff cannot plead either the specific time of the omission or the place, as he is not alleging an act, but a failure to act." *Washington v. Baenziger*, 673 F. Supp. 1478,

1482 (N.D. Cal. 1987) (citing *Lindemuth v. Shannon Fin. Corp.*, 637 F. Supp. 991, 994 (N.D.Cal. 1986)); *see also Swedish Civ. Aviation Admin. v. Project Mgmt. Ents., Inc.*, 190 F. Supp. 2d 785 (D. Md. 2002) ("Despite the general rule regarding specificity, such particularity cannot be met in a concealment case, however, because an omission cannot be described in terms of the time, place, and contents of the misrepresentation or the identity of the person making the misrepresentation.") (internal quotations and citations omitted).

Plaintiff has alleged that the PWBs of the Televisions contain a design defect which leads to premature failure due to voltage overload, ripple current, and thermal fatigue caused by insufficient cooling fans, heat sinks and other ventilation issues. Complaint at ¶8. The Televisions are defectively designed and/or use defective materials because normal operation and usage of the Televisions exposes the PWBs to excessive heat and/or excessive voltage, which, in turn, causes them to fail before the expiration of their expected useful life. *Id*. at ¶9. Plaintiff has alleged that LG has had actual knowledge of this design defect due to the number of consumer complaints they have received and due to the presence of voluminous complaints posted on the internet. *Id*. ¶11. Plaintiff has sufficiently alleged his NDTPA claim, and so Defendant's motion to dismiss should be denied.

### b. Reliance Is Not an Element of an NDTPA Claim

LG argues that a plaintiff must allege a reliance on a purported misrepresentation. This is not the case. As discussed above, to successfully plead an NDTPA claim, Plaintiff need only show that "1) an act of consumer fraud by the defendant 2) caused 3) damage to the plaintiff." *Picus*, 256 F.R.D. at 658. None of these elements require reliance, or even an affirmative representation. In fact, as discussed above, Plaintiff's claim is based on LG's failure to disclose, and, logically, an individual cannot rely upon something that is not disclosed. If there is anything that Plaintiff and the Class relied on, it is LG's willingness to disclose all relevant information

about its products so that consumers could make an informed decision about which television to purchase.

Plaintiff has alleged that LG had knowledge of the defective PWBs and failed to disclose or correct the defect. This information about the PWBs was material information that reasonable consumers would have considered significant, if not determinative, in deciding whether or not to purchase the Televisions.

### c. Fraudulent Concealment Is Not an Element of an NDTPA Claim

Again, in order to prevail on a claim under the NDTPA, Plaintiff need only show that "1) an act of consumer fraud by the defendant 2) caused 3) damage to the plaintiff." *Picus*, 256 F.R.D. at 658. Defendant tries to bootstrap additional elements by arguing that Plaintiff must also show the elements for a claim for fraudulent concealment. *Roeder v. Atl. Richfield Co.*, 2011 WL 4048515 *9 (D. Nev. Sept. 8, 2011) (outlining the elements for a separate claim for fraudulent concealment). *Roeder* did not involve a NDTPA claim. Neither did *Lalatag v. Money First Fin. Servs., Inc.*, 2010 WL 2925875 (D. Nev. July 20, 2010), the other case cited by Defendant. Plaintiff did not bring a cause of action for fraudulent concealment. LG failed to cite a single case in which a court required a Plaintiff bringing a claim under the NDTPA to also show the elements of fraudulent concealment.

Plaintiff has alleged that LG's Televisions fail before expiration of their expected useful life due to a design defect as described above. Plaintiff has further alleged that LG had knowledge of this design defect due to the numerous consumer complaints both made directly to LG and present on the internet. This is sufficient to allow Plaintiff's NDTPA claim to proceed to discovery, and so Defendant's motion to dismiss should be denied.

///

### IV.     Plaintiff Has Stated A Valid Claim For Unjust Enrichment

The elements of unjust enrichment are: (1) a benefit conferred on the defendant by the plaintiff, (2) appreciation by the defendant of such benefit, and (3) acceptance and retention by the defendant of such benefit under circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof. *Leasepartners Corp. v. Robert L Brooks Trust Dated Nov. 12 1975*, 942 P.2d 182, 197 (Nev.1997).

Plaintiff has alleged that a benefit has flowed to LG in that consumers have purchased their Televisions. Further, LG has received earnings based on their sale of the Televisions. Finally, Plaintiff has alleged that LG knew the Televisions contained defective PWBs, and yet, despite the complaints it received, continued to sell the televisions without correcting the underlying defect. Thus, Plaintiff has satisfactory pled all elements of his unjust enrichment claim. Defendant argues that this claim fails because consumers did not buy their Televisions directly from LG. Whether the consumers purchased their Televisions directly from LG or through authorized service dealers, LG received the benefit of the money paid by the consumers for the purchase of the Televisions.

Defendant next argues that Plaintiff's claim should be dismissed because the dispute is governed by an express contract. In support, Defendant cites *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182 (Nev. 1997); *Josephson v. EMC Mortg. Corp.*, 2010 WL 4810715 (D. Nev., Nov. 19, 2010); and *Rockstar, Inc. v. Original Good Brand Corp.*, 2010 WL 3154120 (D. Nev., Aug. 9, 2010). However, none of these three cases involved a claim for breach of express warranty. *LeasePartners* involved a dispute over an equipment lease, *LeasePartners*, 942 P.2d at 183, *Josephson* involved a mortgage loan, *Josephson*, 2010 WL 4810715 at *3; and *Rockstar* involved the terms of an Agent Services Agreement, *Rockstar* 2010 WL 3154120 at *1.

All three of the above cases involved an active contract, and not an expired warranty. As Defendant has argued in its own brief with regard to the breach of warranty claims, the suit at issue has been brought on behalf of consumers even though their warranty has expired. If the warranty has expired, there is no longer a contract governing the relationship between the parties. In any event, Defendant has cited to only one case (although for another proposition) where a claimant has brought both breach of warranty and unjust enrichment claims - *Herrera v. Toyota Motor Sales, U.S.A.*, 2010 WL 3385336 *2 (D. Nev. Aug. 23, 2010). In *Herrera*, the plaintiff brought both breach of warranty claims and an unjust enrichment claim. The unjust enrichment claim was dismissed because plaintiffs failed to plead the existence of any money or property conferred to defendants. *Id*. at *2. There was no discussion about whether the existence of the warranty precluded a claim for unjust enrichment.

Plaintiff has sufficiently alleged his Unjust Enrichment claim, and so Defendant's motion to dismiss should be denied.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this court deny Defendant LG Electronics U.S.A., Inc.'s Motion to Dismiss the Class Action Complaint in its entirety. In the alternative, Plaintiff requests leave to file an amended complaint to correct any perceived deficiencies.

///
///
///
///
///

Dated this 25th day of June, 2012.

                                                Respectfully submitted,
                                                FEDERMAN & SHERWOOD


                                                By:     /s/ William B. Federman
                                                      WILLIAM B. FEDERMAN
                                                      10205 N. Pennsylvania Avenue
                                                     Oklahoma City, Oklahoma 73120
                                                     (405) 235-1560   Telephone
                                                     (405) 239-2112  Facsimile

                                                   DENNIS L. KENNEDY
                                                 Nevada Bar No. 1462
                                                 JOSEPH A. LIEBMAN
                                                 Nevada Bar No. 10125
                                                 BAILEY KENNEDY
                                                 8984 Spanish Ridge Avenue
                                                 Las Vegas, Nevada  89148-1302
                                                 (702) 562-8820  Telephone
                                                 (702) 562-8821  Facsimile

                                               Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I HERBY CERTIFY on this 25th day of June, 2012, I caused a true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT LG ELECTRONICS U.S.A., INC.'S MOTION TO DISMISS THE CLASS ACTION COMPLAINT** to be served via the U.S. District Court's Notice of Electronic Filing ("NEF") in the above-captioned case, upon the following:

Pat Lundvall (NSBN 3761)
Kristen T. Gallagher (NSBN 9561)
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Suite 1000
Las Vegas, NV 89102
lundvall@mcdonaldcarano.com
kgallagher@mcdonaldcarano.com

Sandra C. Mccallion
S.C. Sohn
Thomas E. Bezanson
Matthew V. Povolny
COHEN & GRESSER LLP
800 Third Avenue, 21st Floor
New York, NY 10022
smccallion@cohengresser.com
scsohn@cohengresser.com
tbezanson@cohengresser.com
mpovolny@cohengresser.com
*Attorneys for Defendant LG Electronics, U.S.A., Inc.*

   /s/ William B. Federman
WILLIAM B. FEDERMAN