PAT LUNDVALL (NSBN 3761)
KRISTEN T. GALLAGHER (NSBN 9561)
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Suite 1000
Las Vegas, NV 89102
Telephone: 702.873.4100
Facsimile: 702.873.9966
lundvall@mcdonaldcarano.com
kgallagher@mcdonaldcarano.com

SANDRA C. McCALLION (*pro hac vice* pending)
S.C. SOHN (admitted *pro hac vice*)
THOMAS E. BEZANSON (admitted *pro hac vice*)
MATTHEW V. POVOLNY (admitted *pro hac vice*)
COHEN & GRESSER LLP
800 Third Avenue, 21st Floor
New York, NY 10022
Phone: (212) 957-7600
Fax: (212) 957-4514
smccallion@cohengresser.com
scsohn@cohengresser.com
tbezanson@cohengresser.com
mpovolny@cohengresser.com

*Attorneys for Defendant LG Electronics, U.S.A., Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KEVIN DROVER, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>LG ELECTRONICS USA, INC.,<br><br>Defendant. | Case No. 2:12-cv-00510-JCM-VCF<br><br>**REPLY IN SUPPORT OF DEFENDANT LG ELECTRONICS USA, INC.'S MOTION TO DISMISS THE CLASS ACTION COMPLAINT** |

Defendant LG Electronics USA, Inc. ("LGUSA") submits this Reply in support of its Motion to Dismiss the Class Action Complaint (the "Motion" and the "Complaint") (Doc. 19). This Reply is based upon the points and authorities that follow, the pleadings and papers in the Court's file, and such other matters as the Court may wish to consider.

///

///

POINTS AND AUTHORITIES

I.  INTRODUCTION

While conceding that LGUSA did not breach any express or implied warranties covering LG plasma and LCD televisions,[1] Plaintiff Kevin Drover ("Drover" or "Plaintiff") continues to press his remaining two claims, contending that LGUSA somehow acted in violation of the Nevada Deceptive Trade Practices Act (Drover's First Cause of Action) and that LGUSA has been unjustly enriched under Nevada law (his Fourth).  Drover has not stated, and cannot state, either claim.  With regard to the NDTPA claim, LGUSA argued in its opening brief that Plaintiff was required to plead with particularity the facts supporting his allegations because this fraud claim is governed by Rule 9(b).  Motion at 15-17.  Drover has failed to point out even a *single* allegation in his Complaint that adequately supports a fraud claim, and no such allegation exists. *Id.* at 16-17.  Tellingly, Drover attempts to overcome this pleading deficiency by directly contradicting his own allegations clearly set forth in the Complaint; he now protests that his NDTPA claim is *not* grounded in fraud.  Opp. at 5-7.  Notwithstanding his attempt to amend his Complaint by belatedly characterizing his claim as a mere "failure to disclose," *id.* at 5, the *only* allegations potentially relevant to Plaintiff's NDTPA claim are conclusory charges that LGUSA engaged in "fraudulent acts of concealment."  Complaint ¶ 16.  The law is clear that such allegations of fraud must be pleaded with particularity no matter what purported claim they are offered to support.  Point II.A.1.  Further, Plaintiff's new "failure to disclose" theory under the NDTPA is substantially equivalent to a fraud claim for the purposes of Rule 9(b); he would therefore be required to plead the essential elements of fraud even if he had not chosen to do so.  Point II.A.2.

The Ninth Circuit has squarely rejected Drover's broad and erroneous assertion that, because his claim (as he now portrays it) is based on an omission rather than an affirmative representation, he is exempt from Rule 9(b)'s particularity requirement.  All allegations of fraud are subject to the Rule.  Point II.B.  As LGUSA argued in its opening brief, Drover's claims are

---

[1] Drover voluntarily dismissed his claims that LGUSA breached express and implied warranties. *See* Plaintiff's Opposition to LG U.S.A., Inc.'s Motion to Dismiss the Class Action Complaint ("Opposition" or "Opp.") at 3.

subject to Rule 9(b), and he has not met this standard. Nothing in his Opposition alters this fact. As a result, his NDTPA claim should be dismissed with prejudice.

Plaintiff's unjust enrichment claim does not fare any better. Point III. Drover has conceded that he did not buy anything directly from LGUSA, so he cannot allege the privity required for an unjust enrichment claim. In addition, his unjust enrichment claim is barred because his relationship with LGUSA is governed by the Limited Warranty. Under Nevada law no claim of unjust enrichment is available where the parties have entered into an express contract. These are two legal bars to Plaintiff's unjust enrichment claim that cannot be overcome. It thus should be dismissed without leave to amend.[2]

## II. DROVER HAS PLEADED NO BASIS FOR LIABILITY UNDER THE NDTPA

Drover has all but conceded that the allegations set forth in the Complaint do not satisfy the particularity requirement of Rule 9(b) by expressly disavowing any claims based on allegedly false statements or fraudulent concealment and arguing that the NDTPA claim is not grounded in fraud in any way. Opp. at 5-7. Instead, Drover contends that his NDTPA claim is based on LGUSA's alleged "failure to disclose" material information, which, according to Drover, does not sound in fraud. Opp. at 5.

There are at least two fatal problems with Plaintiff's position: (1) his new claim relies *entirely* on allegations in his Complaint that reek of fraud and (2) the claim he purports to assert under the NDTPA is in all essential respects the equivalent of a fraudulent concealment claim. Plaintiff must plead his new "failure to disclose" claim with particularity under Rule 9(b). Contrary to his contentions, his claim is not exempt from the Rule merely because it is based on omissions; and he has failed to plead his claim with the particularity required by the Rule.

Drover's disavowal of any intention to plead the elements of a fraud or fraudulent concealment claim with particularity makes it clear that it would be futile to grant him leave to amend his pleading, and it should be dismissed with prejudice.

///

///

---

[2] Drover has also failed to offer any argument in support of his claim for consequential damages; accordingly that claim also should be dismissed. *See* Motion at 19.

A. <u>Drover's NDTPA Cause Of Action Is A Fraud Claim</u>

### *1. Drover's allegations are grounded in fraud*

Plaintiff's assertion in his Opposition that his NDTPA claim is not based on fraud is flatly refuted by the Complaint itself. The Complaint contains only three paragraphs reciting allegations that could conceivably relate to the NDTPA claim; each of them manifestly refers to allegedly fraudulent conduct. Paragraph 16 expressly refers to "*fraudulent* acts of concealment by LG" (emphasis added); paragraph 17 states, "LG made and/or allowed . . . misrepresentations to be made with the intent of making Plaintiffs and members of the Class enter into agreements to purchase the televisions"; and paragraph 18 alleges that LGUSA "continues to deny" (falsely, according to Plaintiff) the existence of the alleged defect.[3] The only fair conclusion that can be drawn from the plain language is that these are fraud allegations governed by Rule 9(b).

Despite his persistent references to fraud in the Complaint, Drover nonetheless insists in his briefing that his NDTPA cause of action is based only on alleged "failure to disclose" material information – not affirmative misrepresentations or fraudulent concealment – so he need not satisfy Rule 9(b). Nowhere in the Complaint, however, is his NDTPA claim connected to any non-disclosure or concealment that is not also characterized as fraud. As a result, the Complaint provides no notice that the NDTPA claim could be based on anything other than misrepresentations or fraudulent concealment.[4]

///

///

---

[3] The Opposition, which disavows any fraud allegations, seems to suggest that Plaintiff no longer relies on the allegations in paragraphs 16-18. Opp. at 5-7. The only other allegations that may refer (although it is not at all clear) to misrepresentations and omissions by LG, however, are offered solely in support of the now-abandoned express warranty claim as they appear only under the Express Warranty Cause of Action heading. *See* Complaint ¶¶ 40, 43. The allegations in paragraph 40 are also fraud based, referring to alleged misrepresentations and omissions made "with the intent" "of making Plaintiff and the members of the Class enter into agreements to purchase the Televisions." Complaint ¶ 40. The only other potential candidate is the allegation that LGUSA failed "to include in the warranty any disclosure regarding the existence of the known defect." Complaint ¶ 43. As noted, neither of these allegations refer to the NDTPA claim.

[4] Certainly Plaintiff's general reference to the entire statute (as NRS 598.0903 *et seq.*) would not provide adequate notice. Complaint ¶ 33. The statute includes numerous definitions of deceptive trade practices.

Page 4 of 12

Plaintiff now contends that because his new "failure to disclose" cause of action[5] does not *require* him to allege fraud – a contention LGUSA refutes below – his claim is not grounded in fraud for the purposes of Rule 9(b). But the fact remains that fraud is all he *has* alleged to support it. As a result, Drover must allege the facts supporting his claim with particularity. This is particularly true in this jurisdiction where, even if a claim does not require a plaintiff to allege fraud, if his supporting averments rest on fraud, those averments are subject to Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (affirming that even where fraud is "not an essential element" of a claim, "averments of fraud" do not "therefore escape the requirements of the rule"). As the Ninth Circuit stated in *Kearns v. Ford Motor Co.*, where a plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of that claim . . . the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading . . . as a whole must satisfy the particularity requirement of Rule 9(b)."[6] *Kearns*, 567 F.3d at 1125 (citing *Vess*, 317 F.3d at 1103-1104). Here, Drover has plainly chosen to ground his claim on averments of fraud. He thus is obligated to plead those averments with particularity. For all the reasons discussed in LGUSA's opening brief, he has not. His claim must therefore be dismissed with prejudice for this failure to comply with Rule 9(b).

### 2. The "failure to disclose" claim under NRS 598.0923(2) requires Drover to plead fraud

Drover's new "failure to disclose" claim asserted under NRS 598.0923(2) does not save him from Rule 9(b). As this Court and others in this District have held, "[i]f plaintiff is filing for misconduct under Nevada's Unfair and Deceptive Trade Practices Act (NDTPA), the claim *must*

---

[5] Drover's strained efforts to avoid the pleading standard are an improper attempt to assert an entirely new claim that does not exist in his Complaint through his briefing on this motion. The Ninth Circuit is clear that such amendments by brief in opposition to a motion to dismiss are not permitted. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original). Plaintiff cannot avoid dismissal under Rule 9(b) by amending his Complaint in a brief.

[6] Even where a unified course of fraudulent conduct is not alleged, any allegation of fraud that does not satisfy Rule 9(b) must be "disregarded." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). Such an approach here would strip the Complaint of all the allegations asserted as support for Drover's NDTPA claim.

be pled with particularity under Federal Rule of Civil Procedure 9(b)." *Horner v. Mortg. Elec. Registration Sys., Inc*., No. 2:12-cv-00269-JCM-GWF, 2012 WL 2017589, *2 (D. Nev. June 5, 2012) (Mahan, J.) (emphasis in original); *Chattem v. BAC Home Loan Servicing LP*, No. 2:11-cv-1727-KJD-RJJ, 2012 WL 2048199, *2 (D. Nev. June 5, 2012) ("A claim under the NDTPA 'sounds in fraud and thus still must meet the particularity requirement of Rule 9(b).'") (quoting *Weinstein v. Mortg. Capital Associates, Inc*., No. 2:10-cv-01551-PMP-PAL, 2011 WL 90085, *11 (D. Nev. Jan. 11, 2011).[7]

Certainly any claim under the "failure to disclose" provision that Plaintiff now invokes must sound in fraud for the purposes of the Rule. By its terms such a claim requires proof of failure to disclose a material fact, and it would defy logic for the claim not to require an allegation that the defendant at least *know* of the undisclosed fact. The "failure to disclose" claim thus requires the knowing failure to disclose a material fact in violation of the statute and thus incorporates the essential elements of fraud.[8]

The alternative (which seems to be Plaintiff's view) is that the statute imposes strict liability for any nondisclosure of a material fact in any transaction – a construction under which almost any sale of anything would violate the law. Such strict liability would place an enormous and unrealistic burden on everyone involved in the sale of any goods or services and on the courts. This cannot be the law. Because the "failure to disclose" cause of action on which Drover now relies is effectively a fraud claim under the statute, he must plead it with particularity.

B. <u>All Allegations Of Fraud Must Be Pleaded With Particularity Under Rule 9(b)</u>

It should go without saying that all allegations of fraud must meet the Rule 9(b) standard.

---

[7] Plaintiff cites *George v. Morton*, No. 2:06-cv-01112-PMP-GWF, 2007 WL 680789 (D. Nev. Mar. 1, 2007), for the proposition that failure to disclose claims under the NDTPA are not covered by Rule 9(b). It is by no means clear that the court in *George* took that view. While the court declined to apply Rule 9(b) to every claim termed "consumer fraud" under the statute, it is not clear what standard it applied in dismissing the plaintiff's claim of under the failure to disclose provision of 598.0923(2).

[8] As Plaintiff himself acknowledges, the statute also requires proof of causation and damages. Opp. at 6.

Drover nonetheless asserts in his Opposition that fraud by omission claims are not subject to the Rule, thus suggesting, without explicitly saying so, that *if* his claim is based on fraud, it is an omissions claim that is exempt from Rule 9(b). Opp. at 5-6. This assertion is simply wrong. The Ninth Circuit has made clear that allegations of fraudulent omissions must indeed comply with the Rule. *See Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1127 (9th Cir. 2009) (stating that the "contention that . . . nondisclosure claims need not be pleaded with particularity is unavailing."). In *Kearns*, the Ninth Circuit held that a common law fraud by omission claim must satisfy Rule 9(b). The Circuit Court also applied Rule 9(b) to allegations, like those here, that defendant knew of a defect in its product, took steps to conceal it, and failed to disclose it.[9] *Id.* at 1125–27. Courts in this District have held the same. *See, e.g., Hall v. MortgageIt, Inc.*, No. 2:09-cv-02233-JCM-GWF, 2011 WL 2651870, *3 (D. Nev. July 6, 2011) (dismissing fraudulent concealment claim where plaintiff did not meet the Rule 9(b) standard); *Lalatag v. Money First Fin. Servs., Inc.*, No. 2:09-cv-02268-LRH-RJJ, 2010 WL 2925875, *2 (D. Nev. July 20, 2010) (holding that, for a fraudulent concealment claim "to meet the heightened pleading requirements [of Fed. R. Civ. P. 9(b)] a plaintiff must allege the particular concealment as well as which party was involved in the concealment and how").

The cases cited in Plaintiff's Opposition do not support the contention that omission-based fraud claims are exempt from Rule 9(b). They stand only for the obvious proposition that the particular details required to plead fraud by omission are different from those required for a claim of affirmative misrepresentation. Thus, *Washington v. Baenzinger,* 673 F. Supp. 1478, 1482 (N.D. Cal. 1987), applied Rule 9(b) to allegations of fraudulent omissions, as did *Swedish Civil Aviation Admin. v. Project Mgmt. Enters., Inc.*, 190 F. Supp. 2d 785, 798-99 (D. Md. 2002) (approving claims where plaintiff pleaded "several instances of alleged fraudulent behavior with specificity") and *David K. Lindemuth Co. v. Shannon Fin. Corp.*, 637 F. Supp. 991, 994 (N.D. Cal. 1986).[10] As *Washington* and *Lindemuth* illustrate, courts in this circuit consistently apply

---

[9] These fraud allegations in *Kearns* were offered to support California statutory claims. *Id.*

[10] In *Morris v. BMW of North America*, LLC, No. C 07-0287 WHA, 2007 WL 3342612, *5 (N.D. Cal. Nov. 7, 2007), the court observed that a claim of fraud by omission did "not need to meet the strict requirements of Rule 9(b)." But that court still dismissed the statutory fraud claim before it. To the extent that this statement might be read to suggest that Rule 9(b) does not apply

1 Rule 9(b) to omission claims.

2 To adequately allege fraud by omission, a complaint "must describe the content of the
3 omission and where the omitted information should or could have been revealed, as well as
4 provide representative samples of advertisements, offers, or other representations that plaintiff
5 relied on to make her purchase and that failed to include the allegedly omitted information."
6 *Eisen v. Porsche Cars North America, Inc.*, No. CV 11-9405 CAS (FEMx), 2012 WL 841019,
7 *3 (C.D. Cal. Feb. 22, 2012) (dismissing claims based on "allegation that [a manufacturer] knew
8 of an alleged defect . . . but knowingly concealed that information from consumers") (internal
9 quotation omitted); *Erickson v. Boston Scientific Corp.*, No. SACV 10-698 AG (ANx), 2011 WL
10 7036060, *7 (C.D. Cal. Dec. 12, 2011).  The mere allegation that a manufacturer knew of a
11 defect and failed to disclose it does not satisfy Rule 9(b): a plaintiff must, for example, allege
12 with particularity how and when a manufacturer became aware of the alleged defect. *Eisen*,
13 2012 WL 841019 at *3.

14 In short, Rule 9(b) is fatal to Drover's claims however he styles them. Indeed, he does
15 not make any serious attempt in his Opposition to show that his claim has been pleaded with
16 particularity, and any such attempt would be futile. Plaintiff alleges generally that LGUSA
17 failed to disclose its "knowledge" of the alleged "defect." But he pleads no particular facts
18 identifying the information that LGUSA assertedly failed to disclose. There is no specific
19 allegation stating when LGUSA learned of the information that it allegedly failed to disclose or
20 what person or group associated with LGUSA might have learned of that information. There is
21 no indication specifically of when or how or by whom that information could or should have

22 ///
23 ///
24 ///
25 ///
26 ///
27 ///

28 at all to omission claims, it would be directly contrary to Ninth Circuit law.

1  been disclosed.[11]  The mere allegation that LGUSA was purportedly aware of a defect in its
2  product and failed to disclose it is not enough to satisfy the pleading standard.

3  III.     PLAINTIFF'S UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED

4  Plaintiff's unjust enrichment claim should be dismissed for the two reasons discussed in
5  LGUSA's Motion to Dismiss:  (1) Plaintiff did not purchase his television from LGUSA; and (2)
6  no claim of unjust enrichment can arise from a transaction governed by a contract between the
7  parties.  Motion at 21-22.

8  Plaintiff must concede, as he does, that he bought his television from an allegedly
9  "authorized dealer" and not from LGUSA.  Motion at 21 (citing Complaint ¶ 32).  This lack of
10 privity with LGUSA precludes his unjust enrichment claim as a matter of law.  As discussed in
11 LGUSA's opening brief, this Court in *Herrera v. Toyota Motor Sales, U.S.A.*, No. 2:10-cv-
12 00924-JCM-RJJ, 2010 WL 3385336, *2 (D. Nev. Aug. 23, 2010), dismissed an unjust
13 enrichment claim in essentially the same circumstances.  *See Herrera*, 2010 WL 3385336 at *2
14 (dismissing unjust enrichment claim against manufacturer because no benefit conferred where
15 plaintiff purchased car from dealer).  Drover does not attempt to and cannot distinguish this
16 controlling precedent.

17 Instead, Plaintiff argues that he has somehow conferred an indirect benefit on LGUSA
18 because he bought one of its televisions, albeit from another source.  Opp. at 8.  But Plaintiff
19 cites no authority, and there appears to be none, for the notion that the kind of unspecified,
20 indirect benefit assumed to accrue to LGUSA from a retail consumer purchase is sufficient to
21 allege an unjust enrichment claim.  It is not.

22 That fatal infirmity aside, the unjust enrichment claim fails for the independent reason

---

[11] As discussed in LGUSA's Motion to Dismiss, to the extent Plaintiff might assert claims under the NDTPA based on fraudulent statements, he would be required to plead reliance on those statements; and because he has failed to do so, any such claims should be dismissed. Motion at 18-19.  Plaintiff now appears to rely exclusively on a theory of failure to disclose under the statute, and thus (as discussed above) appears to have withdrawn any claims based on affirmative misrepresentations.  Similarly Drover has not attempted to identify any duty to disclose that would support his "failure to disclose" claim under the statute – apparently arguing only that he should be excused from doing so because he says he's not claiming fraudulent concealment.  Opp. at 7.  His failure to identify a duty to disclose from any source is a further reason his NDTPA claim should be dismissed.  Motion at 18-19.  Certainly to the extent that Plaintiff's claims are based on fraudulent concealment, which he now disavows as a basis for his claim, his failure to allege any duty to disclose is fatal to those claims.

1  that the relationship between Plaintiff and LGUSA was governed by an express contract: the
2  Limited Warranty that covered his television. Motion at 21-22. Under Nevada law, a claim for
3  unjust enrichment cannot lie where there is an express contract between the parties. *Id.*; *Godino*
4  *v. Countrywide KB Home Loans*, No. 2:11-cv-01216-JCM-PAL, 2011 WL 6131602, *3 (D. Nev.
5  Dec. 8, 2011) (dismissing unjust enrichment claim where complaint admitted that parties entered
6  into an express contract); *Hall v. MortgageIt, Inc.*, No. 2:09-cv-02233-JCM-GWF, 2011 WL
7  2651870, *4 (D. Nev. July 6, 2011) ("[A]n action for unjust enrichment is not available when
8  there is an express written contract, because no agreement can be implied when there is express
9  agreement.") (citation and quotation omitted).

10  Drover does not dispute the existence of the Limited Warranty. Instead he argues that his
11  unjust enrichment claim should survive because the Limited Warranty has expired and thus,
12  according to Plaintiff, "there is no longer a contract governing the relationship between the
13  parties." Opp. at 9. He cites no authority for this proposition, and it is facially nonsensical. A
14  contract does not cease to exist merely because one party no longer has any affirmative
15  obligations under it. Indeed, the time limits and other limitations placed on such obligations are
16  manifestly part of the contract and continue to govern the parties' relationship. The time limit
17  contained in the Limited Warranty is one example. Another is the Limited Warranty's
18  disclaimer of any implied warranty of merchantability. Drover himself appears to have conceded
19  the continuing effect of this provision by dropping his implied warranty claims in response to
20  this Motion. The argument in favor of his unjust enrichment claim appears to be that a contract
21  ceases to exist as soon as *his* ability to state a timely claim under it expires, leaving him free to
22  state of claim of unjust enrichment. There is no such rule. As a result, Drover's unjust
23  enrichment claim should be dismissed with prejudice.

24  ///
25  ///
26  ///
27  ///
28  ///

## IV. CONCLUSION

Plaintiff has consented to the dismissal of his Second and Third Causes of Action for breach of express and implied warranty respectively. For the reasons set forth above and in LGUSA's Motion, LGUSA respectfully requests that his remaining claims be dismissed with prejudice.

DATED this 25th day of July, 2012.

McDONALD CARANO WILSON LLP

By: /s/ Kristen T. Gallagher
Pat Lundvall (NSBN 3761)
Kristen T. Gallagher (NSBN 9561)
2300 W. Sahara Avenue, Suite 1000
Las Vegas, NV  89102
lundvall@mcdonaldcarano.com
kgallagher@mcdonaldcarano.com

Sandra C. McCallion (*pro hac vice* pending)
S.C. Sohn (admitted *pro hac vice*)
Thomas E. Bezanson (admitted *pro hac vice*)
Matthew V. Povolny (admitted *pro hac vice*)
COHEN & GRESSER LLP
800 Third Avenue, 21st Floor
New York, NY 10022
smccallion@cohengresser.com
scsohn@cohengresser.com
tbezanson@cohengresser.com
mpovolny@cohengresser.com

*Attorneys for Defendant LG Electronics, U.S.A., Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of McDonald Carano Wilson LLP, and that on this 25th day of July, 2012, I caused a true and correct copy of the foregoing **REPLY IN SUPPORT OF DEFENDANT LG ELECTRONICS USA, INC.'S MOTION TO DISMISS THE CLASS ACTION COMPLAINT** to be served via the U.S. District Court's Notice of Electronic Filing ("NEF") in the above-captioned case, upon the following:

Dennis L. Kennedy, Esq. (NSBN 1462)
Joseph A. Liebman, Esq. (NSBN 10125)
BAILEY KENNEDY
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: (702) 562-8820
Facsimile: (701) 562-9921
dkennedy@baileykennedy.com
jliebman@baileykennedy.com

WILLIAM B. FEDERMAN
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
(405)235-1560 Telephone
(405) 239-2112 Facsimile
wbf@federmanlaw.com
(admitted *pro hac vice*)

*Attorneys for Plaintiff Kevin Drover*

/s/ Yalonda Dekle
An employee of McDonald Carano Wilson LLP

257400