UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEVIN DROVER,

    Plaintiff(s),

v.

LG ELECTRONICS USA, INC.,

    Defendant(s).

2:12-CV-510 JCM (VCF)

**ORDER**

Presently before the court is defendant LG Electronics USA, Inc's motion to dismiss a putative class action pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 19). Plaintiff Kevin Drover has filed an opposition (doc. # 32), requesting that the court deny the motion to dismiss, and alternatively, grant plaintiff leave to amend should the motion to dismiss be granted. Defendant has replied. (Doc. # 41).

**I.    Background**

Plaintiff filed a putative class action on behalf of himself and a class of LG television consumers in the state of Nevada. The facts alleged in the complaint establish that the instant dispute centers around certain LG plasma and LCD television sets. (Doc. # 1). Plaintiff purchased a LG television set that he claims began to malfunction. (Doc. # 1, 2:23-24). When he contacted defendant to obtain a repair, defendant refused unless plaintiff could present an original receipt of purchase. (Doc. # 1, 2:23-24). Plaintiff alleges that the defect of the televisions is caused by the printed wiring boards experiencing premature failure due to design and manufacturing defects. (Doc. # 1, 2:21-24).

**James C. Mahan**
**U.S. District Judge**

1  Plaintiff contends he would have never purchased the television, or paid the amount he did, had he
2  known about the alleged defect. (Doc. # 1, 5:21-23). This federal suit now follows.
3        Plaintiff's complaint contains four causes of action: (1) violation of the Nevada Deceptive
4  Trade Practices Act; (2) breach of express warranty; (3) breach of implied warranty of
5  merchantability; and (4) unjust enrichment and restitution.

## II.  Discussion

### A.  Standard of Review

A plaintiff must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pursuant to Rule 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

Courts must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*

Rule 9 provides that for a party to allege fraud, he "must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). Assertions of fraud must include "the who, what, when, where, and how" of the misconduct alleged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Rule 9 serves several purposes, including: (1) providing defendants with adequate notice so they are able to defend the charge and deter plaintiffs from filing complaints "'as a pretext for the discovery of unknown wrongs'; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to 'prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs

**James C. Mahan**
**U.S. District Judge**

- 2 -

absent some factual basis.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (quoting *In re Stac Elecs. Sec Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996)(citation omitted)).

**B. Analysis**

*(1) Violation of the Nevada Deceptive Trade Practices Act*

Absent a ruling from the Nevada Supreme Court, the United States District Court for the District of Nevada has anticipated the basic elements the high court would require to be proven for a successful private consumer fraud claim brought under the Nevada Deceptive Trade Practices Act. *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 658 (D. Nev. 2009). The elements are as follows "(1) an act of consumer fraud by the defendant (2) caused (3) damage to the plaintiff." *Id.*

In Nevada, the following are the elements of fraudulent concealment: "(1) the defendant concealed or suppressed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; that is, the defendant concealed or suppressed the fact for the purpose of inducing the plaintiff to act differently than she would have if she had known the fact; (4) the plaintiff was unaware of the fact and would have acted differently if she had known of the concealed or suppressed fact; (5) and, as a result of the concealment or suppression of the fact, the plaintiff sustained damages." *Roeder v. Atl. Richfield Co.*, 3:11-CV-00105-RCJ, 2011 WL 4048515 (D. Nev. Sept. 8, 2011).

"Where fraud is not an essential element of a claim, only those allegations of a complaint which aver fraud are subject to Rule 9's heightened pleading requirement." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Vess*, 317 F.3d at 1105 (citation omitted))**.** Fraud is not an essential element of all claims under the Nevada Deceptive Trade Practices Act. NEV. REV. STAT. 598 *et seq*.

Plaintiff avers fraud in the complaint by alleging affirmative "fraudulent acts of concealment," listing other assertions under that general claim of fraudulent acts. (Doc. # 1, 5:10-12). Plaintiff chose to allege fraud, consequently summoning Rule 9 review. Applying the Rule 9 standard, plaintiff fails to allege facts with sufficient particularity and specificity necessary to meet

the pleading standard for fraud causes of action. Plaintiff omits specifics such as: *when* and *where* he purchase the television, *when* he began experiencing problems with the television, *when* he attempted to obtain a repair, *how* he attempted to obtain a repair (method of communication), et cetera.

In addition, plaintiff fails to adequately put defendant on notice as to what law was allegedly violated. Plaintiff makes a general, sweeping reference to the entire statute, which includes several definitions of deceptive trade practices. (Doc. #1, 8:23-24). The court expects plaintiff, at a minimum, to provide the specific sections of law on which his complaint relies. For this reason, and the reasons above, the claim must fail under the Rule 9 standard.

Even if the heightened Rule 9 standard did not apply, the instant claim still fails under basic Rule 8 review. The allegations mirror the type of "formulaic recitations" that the Supreme Court criticized in *Twombly. See* 550 U.S. at 555. The facts are conclusory and, as mentioned above, plaintiff does not indicate which portion of the statute was violated. These deficiencies fail to give defendant fair notice of the claims against them. Therefore, plaintiff fails to adequately state a claim for relief under Rule 8.

The court acknowledges the difficulty of pleading a cause of action with several unknown factors. Nevertheless, that burden lies with the plaintiff. The court also acknowledges the additional difficulties associated with a putative class action in the context of a fraud claim. This, however, does not relieve plaintiff of the burden of properly pleading the causes of action he chooses to bring.

*(2) Breach of Express Warranty and Breach of Implied Warranty of Merchantability*

Plaintiff, in his opposition to defendant's motion to dismiss, voluntarily dismisses his warranty claims: (2) breach of express warranty and (3) breach of implied warranty of merchantability. (Doc. # 32, 3:22-25). Thus, the court turns to the next cause of action in plaintiff's complaint, unjust enrichment.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

*(3) Unjust Enrichment and Restitution*

In addition to the above claims, plaintiff asserts a cause of action against defendant for unjust enrichment and restitution[1].

In the state of Nevada, the elements of unjust enrichment are as follows: (1) "benefit conferred on the defendant by the plaintiff; [(2)] appreciation by the defendant of such benefit, and; [(3)] acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975*, 113 Nev. 747, 755, 942 P.2d 182, 187 (1997) (quoting *Unionamerica Mortg. & Equity Trust v. McDonald*, 97 Nev. 210, 211, 626 P.2d 1272 (1981) (citation omitted)).

"An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp.*, 942 P.2d at 187 (per curiam). Thus the doctrine of unjust enrichment only "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." *Id.*

Plaintiff has successfully stated a claim for unjust enrichment. Plaintiff conferred a benefit in the form of money on the defendant when plaintiff paid for the television, which the defendant has retained. (Doc. # 1, 12:4,5). Because the limited warranty has lapsed, plaintiff can no longer enforce the terms of the contract. Although the contract is still in existence, it is no longer enforceable. The expiration of a previously valid contract, and the inability to collect under it, should not preclude plaintiff from having a method of recourse. *See Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996)*; see also Arnold & Associates, Inc. v. Misys Healthcare*

---

[1] The court recognizes that restitution is a remedy and not a cause of action. Thus, the court will treat the claim as one for unjust enrichment alone.

**James C. Mahan**
**U.S. District Judge**

- 5 -

1 *Sys., a div. of Misys*, *PLC*, 275 F. Supp. 2d 1013, 1024 (D. Ariz. 2003). For the reasons above, the unjust enrichment claim survives.

### C. Leave to Amend

In the opposition to defendant's motion to dismiss, plaintiff requested leave to amend. (Doc # 32, 9:16-19). Under Rule 15(a)(2) leave to amend is to be "freely given when justice so requires." FED. R. CIV. P. 15. In general, amendment should be allowed with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Absent a showing of an "apparent reason" such as undue delay, bad faith, dilatory motive, prejudice to the defendants, futility of the amendments, or repeated failure to cure deficiencies in the complaint, leave to amend should be granted. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

Accordingly, the court will afford plaintiff an opportunity to amend his complaint. The court reminds plaintiff that if he chooses to amend his complaint, he must comply with the requirements of Local Rule 15-1 and file a motion to amend, attaching the proposed amended complaint. Additionally, if the amended complaint is similarly deficient, the court may conclude that further leave to amend would be futile.

### III. Conclusion

Plaintiff has failed to state a claim upon which relief could be granted in his claim under the Nevada Deceptive Trade Practices Act. Plaintiff will be given leave to amend. Should he choose to amend, and should he continue to allege fraud, plaintiff shall plead to the higher standard of Rule 9.

In light of the foregoing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss (doc. # 19) be, and the same hereby is, GRANTED in part and DENIED in part.

The motion is GRANTED as to plaintiff's claim under the Nevada Deceptive Trade Practices Act. This claim is dismissed without prejudice.

**James C. Mahan**
**U.S. District Judge**

- 6 -

1	The motion is DENIED AS MOOT as to plaintiff's claims for breach of express warranty
2	and breach of implied warranty of merchantability because plaintiff voluntarily dismissed these
3	claims.
4	The motion is DENIED as to plaintiff's claim for unjust enrichment.
5	LASTLY, IT IS FURTHER ORDERED that plaintiff, if he chooses to amend his complaint,
6	file the motion to amend, attaching the proposed amended complaint, within thirty (30) days of the
7	date of this order.
8	DATED October 18, 2012.

_____
UNITED STATES DISTRICT JUDGE