UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEVIN DROVER,

        Plaintiff(s),

v.

LG ELECTRONICS USA, INC.,

        Defendant(s).

2:12-CV-510 JCM (VCF)

**ORDER**

Presently before the court is defendant LG Electronics U.S.A., Inc.'s motion for reconsideration. (Doc. # 50). Plaintiff Kevin Drover replied. (Doc. # 56). Defendant responded. (Doc. # 58).

**I.    Procedural background**

This case arises out of the sale of defendant's allegedly defective plasma and LCD televisions to a putative class of plaintiffs. Previously, the court granted in part and denied in part defendant's motion to dismiss. Defendant now specifically seeks reconsideration of this court's denial of defendant's motion as to plaintiff's unjust enrichment claim. Defendant contends that based on a recently published case by the Nevada Supreme Court,[1] the court should reconsider its order and dismiss plaintiff's unjust enrichment claim with prejudice.

. . .

---

[1] *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250 (Nev. 2012). This order was published after the briefing process on the motion to dismiss had concluded.

**James C. Mahan**
**U.S. District Judge**

## II.  Legal standard

Defendant appears to be moving under Fed. R. Civ. P. 59(e). But the court does not find application of Fed. R. Civ. P. 59(e) appropriate here. The court's order was not a judgment. It did not dismiss any of plaintiff's claims with prejudice. The court, in fairness, construes defendant's motion as a motion to reconsider pursuant to Fed. R. Civ. P. 54(b).

Fed. R. Civ. P. 54(b) provides that any interlocutory order "may be revised at any time before the entry of a judgment adjudicating all claims and all the parties' rights and liabilities." Accordingly, "[w]here reconsideration of a non-final order is sought, the court has inherent jurisdiction to modify, alter or revoke it." *Goodman v. Platinum Condo. Dev., LLC*, 2:09-CV-00957-KJD, 2012 WL 1190827, at *1 (D. Nev. Apr. 10, 2012); *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001) (a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."); *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000); *Glavor v. Shearson Lehman Hutton, Inc.*, 879 F.Supp. 1028, 1032 (N.D.Cal. 1994) ("District courts are authorized to reconsider interlocutory orders at any time prior to final judgment.").

"Reconsideration may be appropriate if a district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law." *Petrocelli v. Baker*, 3:94-CV-0459-RCJ-VPC, 2011 WL 4737061 (D. Nev. Oct. 5, 2011); *see also Nunes v. Ashcroft*, 375 F.3d 805, 807–08 (9th Cir. 2004); *School Dist. No. IJ, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## III.  Discussion

Defendant argues that the court should reconsider its order because there has been an intervening change in controlling law and because the court's order is contrary to law.

Defendant contends that *Certified Fire Prot., Inc. v. Precision Constr., Inc.*, 283 P.3d 250 (Nev. 2012) clarified the requirements of unjust enrichment claims under Nevada law.

In *Certified Fire* unjust enrichment was explored further than in *Leasepartners*. *See Certified*

**James C. Mahan**
**U.S. District Judge**

- 2 -

1   *Fire Prot. Inc.*, 282 P.3d at 257; *see also Leasepartners Corp. v. Robert L. Brooks Trust Dated
2   November 12, 1975*, 113 Nev. 747, 755-56 (1997). While *Certified Fire* did not change the standard
3   for an unjust enrichment cause of action, a party's admitted confusion of unjust enrichment
4   motivated the Nevada Supreme Court to delve into a more thorough analysis of unjust enrichment.
5   282 P.3d at 256. This clarification of the doctrine of unjust enrichment warrants reconsideration of
6   this cause of action under the facts presented in this case.

7         Plaintiff argues that defendant's motion to reconsider does not concern the pleading of this
8   cause of action, but instead is about the amount of damages plaintiff seeks. While this discussion is
9   tied to damages, it is the theory of recovery that is at issue. Thus, it is proper for the court to consider
10  this issue at the motion to dismiss stage based on the facts pleaded in the complaint.

11        *Certified Fire* emphasized an important limitation of unjust enrichment as a remedy stating,
12  "while '[r]estitution may strip a wrongdoer of all profits gained in a transaction with [a] claimant .
13  . . principles of unjust enrichment will not support the imposition of liability that leaves an innocent
14  recipient worse off . . . than if the transaction with the claimant had never taken place." *Id.* at 257
15  (edits in original) (quoting Restatement (Third) of Restitution and Unjust Enrichment § 1 cmt. d
16  (2011)).

17        *Certified Fire* demonstrated that the purpose of unjust enrichment theory is to ensure that an
18  individual does not retain a benefit "without payment of the value thereof." *Id.* Here, the parties do
19  not dispute that plaintiff received and used a television that satisfied the terms of the limited
20  warranty. To permit restitution here would give plaintiff a benefit beyond that stated in the limited
21  warranty. If defendant were to pay restitution to plaintiff, it would not have the television it sold to
22  plaintiff; it would not have the full purchase price plaintiff agreed to pay; and it would be deprived
23  of the limitations on its liability contained in the limited warranty. Thus, any recovery to plaintiff
24  under a theory of restitution would make defendant worse off than if the transaction had never taken
25  place. *See id.*

26        Therefore, after having revisited the facts in light of *Certified Fire*, the court finds that the
27  existence of the limited warranty precludes a remedy under unjust enrichment.

28

**James C. Mahan
U.S. District Judge**

- 3 -

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant LG Electronics U.S.A., Inc.'s motion for reconsideration (doc. # 50) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's unjust enrichment claim be, and the same hereby is, dismissed with prejudice.

IT IS FURTHER ORDERED that plaintiff, if he chooses to amend his complaint, file a motion to amend, attaching the proposed amended complaint, within thirty (30) days of the date of this order.

DATED February 19, 2013.

_James C. Mahan_
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -