PAT LUNDVALL (NSBN 3761)
KRISTEN T. GALLAGHER (NSBN 9561)
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Suite 1000
Las Vegas, NV  89102
Telephone:  702.873.4100
Facsimile:  702.873.9966
lundvall@mcdonaldcarano.com
kgallagher@mcdonaldcarano.com

SANDRA C. McCALLION
S.C. SOHN
THOMAS E. BEZANSON
CHRISTOPHER M. P. JACKSON
MATTHEW V. POVOLNY
COHEN & GRESSER LLP
800 Third Avenue, 21st Floor
New York, NY 10022
Telephone: 212.957.7600
Facsimile: 212.957.4514
smccallion@cohengresser.com
scsohn@cohengresser.com
tbezanson@cohengresser.com
cjackson@cohengresser.com
mpovolny@cohengresser.com
(admitted *pro hac vice*)

*Attorneys for Defendant LG Electronics U.S.A., Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KEVIN DROVER, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>LG ELECTRONICS USA, INC.,<br><br>Defendant. | Case No. 2:12-cv-00510-JCM-VCF<br><br>**LG ELECTRONICS U.S.A. INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Defendant LG Electronics USA, Inc., ("LGUSA") respectfully submits this Response to Plaintiff Kevin Drover's ("Drover") Motion for Reconsideration of the Court's February 19, 2013 Order (the "Order") (Doc. 60).  The Order granted LGUSA's Motion for Reconsideration of the Court's October 18, 2012 Order and dismissed Drover's unjust enrichment claim with prejudice.  For the reasons set forth below, Drover's motion should be denied.

This Response is based upon the points and authorities that follow, the pleadings and papers in the Court's file, and such other matters as the Court may wish to consider.

## POINTS AND AUTHORITIES

### I. INTRODUCTION

Drover's motion asks the Court to reconsider its decision to grant LGUSA's own motion for reconsideration. The two motions could not be more different. LGUSA's motion was premised on a newly-issued decision by the Nevada Supreme Court in *Certified Fire Protection, Inc. v. Precision Construction*, 282 P.3d 250 (Nev. 2012). Drover's motion offers no new law and no new fact. He merely seeks to supplement his prior brief with an argument that he could have made in opposition to LGUSA's earlier motion. It is the quintessential "second bite at the apple."[1] As this Court has recently pointed out, that is *not* a permissible basis for a motion for reconsideration. On that ground alone the Court should deny Drover's motion.

Drover's belated argument would not have affected the outcome of LGUSA's motion because it is meritless. Drover argues that the principles articulated by the Nevada Supreme Court in *Certified Fire* do not apply here because LGUSA "is not an innocent recipient of unrequested benefits." Motion at 3-4. This argument – which is not supported by Drover's pleading and thus is not rooted in any "fact" – does not overcome the legal principle at issue: "the existence of the limited warranty precludes a remedy under unjust enrichment." Order at 3. Whether on procedural or substantive grounds, the Court therefore should deny Drover's motion.

### II. DROVER HAS FAILED TO IDENTIFY ANY APPROPRIATE GROUNDS FOR RECONSIDERATION

It is well established that "[m]otions for reconsideration should not be granted, absent highly unusual circumstances." *Liberty Mut. Ins. Group v. Panelized Structures, Inc.*, No. 2:10–CV–1951 JCM (PAL), 2012 WL 1185676, *1 (D. Nev. April 6, 2012) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Reconsideration is appropriate only "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling

---

[1] Moreover, his late argument is as wrong now as it would have been if made earlier. *See infra* Point III.

law." *Liberty Mutual*, 2012 WL 1185676 at *1 (citing *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Kona*, 229 F.3d at 890).

This Court recently made clear that motions for reconsideration "may not be used to raise arguments or present evidence for the first time when they would reasonably have been raised earlier in the litigation." *Liberty Mutual*, 2012 WL 1185676 at *1 (quoting *Kona*, 229 F.3d at 890). The Court refused even to entertain the merits of that movant's "second bite at the apple," noting that it "cannot reconsider each of its decisions whenever a litigant decides to raise an argument that it realizes it should have raised previously. Such a practice undercuts the considerations of finality and conservation of judicial resources that underlie the reconsideration analysis." *Liberty Mutual*, 2012 WL 1185676 at *1.

Drover's motion is just such an attempt "to raise an argument that it realizes it should have raised previously." It focuses on language from *Certified Fire* and the Restatement that was *directly quoted*, and fully attributed, in LGUSA's motion for reconsideration:

> "while '[r]estitution may strip a wrongdoer of all profits gained in a transaction with [a] claimant . . . principles of unjust enrichment will not support the imposition of liability that leaves an innocent recipient worse off . . . than if the transaction with the claimant had never taken place.'"

LGUSA November 15, 2012 Motion for Reconsideration at 6 (quoting *Certified Fire*, 283 P.3d at 257 (quoting Restatement (Third) of Restitution and Unjust Enrichment § 1 cmt. d (2011))); Motion at 3. Drover's motion is based entirely on this quote (or more precisely on irrelevant portions of it), and related excerpts from the Restatement. Neither the quote, nor the Restatement, nor any other source of relevant law has changed between the time Drover filed his original brief and now. He could have previously made this argument and chose not to do so. Drover has not offered any proper basis for reconsideration, and his Motion should be denied on this ground alone.

…

…

…

…

### III. THE COURT'S DISMISSAL OF DROVER'S UNJUST ENRICHMENT CLAIM WAS CORRECT

Drover's motion is also substantively meritless. As the Court emphasized in its Order, and as *Certified Fire* made clear, "the purpose of unjust enrichment theory is to ensure that [a defendant] does not retain a benefit 'without payment of the value thereof,'" Order at 3 (quoting *Certified Fire*, 282 P.2d at 257).

That is not the case here. As the Court correctly noted, Drover received a television that satisfied the terms of the Limited Warranty. Order at 3. He thus received the "payment" (the benefit of his purchase) to which he was entitled under the contract for any benefit conferred on LGUSA. *Id.* As a result, LGUSA has not been unjustly enriched by its transaction with Drover, and, therefore, there is no basis for an unjust enrichment claim. *Id.*

Drover nonetheless tries to avoid this indisputable fact by arguing that LGUSA is not an "innocent recipient of unrequested benefits" because LGUSA "committed misconduct" in the transaction by selling defective televisions for which it received payment. Motion at 3-5. Thus, Drover argues, his unjust enrichment claim should survive. *Id.*

As an initial matter, there is no factual basis for Drover's allegations of LGUSA's alleged wrongdoing. The Court has dismissed those portions of the complaint in which Drover alleged that LGUSA engaged in misconduct as insufficiently alleged. *See* Order on Motion to Dismiss dated October 18, 2012 at 3-4. Drover's assertions that LGUSA "committed misconduct in the transaction" – which are entirely false – are not rooted in any pleading and cannot support his assertions here.

Second, whether LGUSA is an "innocent recipient of unrequested benefits" is unrelated to the basic rule the Court applied in dismissing Drover's claim. As the Court properly held, "the existence of the limited warranty precludes a remedy under unjust enrichment" in this case. Order at 3. The Restatement, on which Drover's motion relies almost exclusively, states this very rule: "A valid contract defines the obligations of the parties as to matters within its scope, displacing to that extent any inquiry into unjust enrichment." Restatement (Third) of Restitution and Unjust Enrichment § 2. Drover cannot overcome the fundamental fact that he purchased a

television with a limited warranty; he received the benefit of his purchase during and beyond the warranty period; as a result, he has no claim for unjust enrichment under any theory.

The Court's Order was correct. Drover has offered no new facts or new law that would warrant reconsideration. The Court should accordingly deny his Motion for Reconsideration. Drover's argument has not supported by fact or law.

### IV.    CONCLUSION

For the reasons stated above, LGUSA respectfully requests that the Court deny Drover's Motion for Reconsideration.

DATED this 18th day of March, 2013.

McDONALD CARANO WILSON LLP

By: /s/ Kristen T. Gallagher
Pat Lundvall (NSBN 3761)
Kristen T. Gallagher (NSBN 9561)
2300 W. Sahara Avenue, Suite 1000
Las Vegas, NV  89102
Telephone:  702.873.4100
Facsimile:  702.873.9966
lundvall@mcdonaldcarano.com
kgallagher@mcdonaldcarano.com

Sandra C. McCallion
S.C. Sohn
Thomas E. Bezanson
Christopher M. P. Jackson
Matthew V. Povolny
COHEN & GRESSER LLP
800 Third Avenue, 21st Floor
New York, NY 10022
Telephone: 212.957.7600
Facsimile: 212.957.4514
smccallion@cohengresser.com
scsohn@cohengresser.com
tbezanson@cohengresser.com
cjackson@cohengresser.com
mpovolny@cohengresser.com
(admitted *pro hac vice*)

*Attorneys for Defendant LG Electronics U.S.A., Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of McDonald Carano Wilson LLP, and that on this 18th day of March, 2013, I caused a true and correct copy of the foregoing **LG ELECTRONICS U.S.A. INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION** to be served via the U.S. District Court's Notice of Electronic Filing ("NEF") in the above-captioned case, upon the following:

Dennis L. Kennedy, Esq. (NSBN 1462)
Joseph A. Liebman, Esq. (NSBN 10125)
BAILEY KENNEDY
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: (702) 562-8820
Facsimile: (701) 562-9921
dkennedy@baileykennedy.com
jliebman@baileykennedy.com

WILLIAM B. FEDERMAN
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
(405)235-1560 Telephone
(405) 239-2112 Facsimile
wbf@federmanlaw.com
(admitted *pro hac vice*)

*Attorneys for Plaintiff Kevin Drover*

/s/   Marianne Carter
An employee of McDonald Carano Wilson LLP