DENNIS L. KENNEDY
Nevada Bar No. 1462
JOSEPH A. LIEBMAN
Nevada Bar No. 10125
BAILEY-KENNEDY
8984 Spanish Ridge Avenue
Las Vegas, Nevada  89148-1302
(702) 562-8820  Telephone
(702) 562-9921  Facsimile
dkennedy@baileykennedy.com
jliebman@baileykennedy.com

WILLIAM B. FEDERMAN (*admitted pro hac vice*)
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Avenue
Oklahoma City, Oklahoma  73120
(405) 235-1560  Telephone
(405) 239-2112  Facsimile
wbf@federmanlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| KEVIN DROVER, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | CASE NO.  2:12-cv-00510-LRH-VCF |
| v. | ) ) | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION** |
| LG ELECTRONICS USA, INC., | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

///

///

///

///

///

///

///

- 1 -

Plaintiff Kevin Drover ("Plaintiff"), by his attorneys, respectfully submits this Reply in support of his Motion for Reconsideration ("Motion") (Doc. # 60) of the Court's Order dated February 19, 2013, ("Order") (Doc. # 59) dismissing Plaintiff's claim for Unjust Enrichment and Restitution.

**A.      Reconsideration of the Order is appropriate.**

The Order dismissing Plaintiff's claim for Unjust Enrichment and Restitution is based upon the incorrect proposition that LG is an "innocent recipient of unrequested benefits" as contemplated in the Restatement Third, Restitution and Unjust Enrichment § 50(3).   The conclusion that LG is an "innocent recipient of unrequested benefits" is "manifestly unjust"[1] and creates a moral hazard "justifying relief from the judgment."[2]

First, as reasoned in Plaintiff's Motion, the conclusion that LG is an "innocent recipient of unrequested benefits" is "manifestly unjust" in that it is clearly contrary to § 50(1), § 50 cmt. c, and the § 50 illustrations.   Second, the conclusion that, under the present facts, LG is an "innocent recipient of unrequested benefits" creates a moral hazard "justifying relief from the judgment" because the ultimate result of the conclusion is that all manufacturers will be immune from common law unjust enrichment claims.   The implications of such a result are plainly unjust. Finally, Rule 1 of Federal Rules of Civil Procedure provides that the rules, including Rules 59(e) and 60(b), "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."   Deciding if LG is an "innocent recipient of unrequested benefits" at this stage of the litigation – rather than before the 9th Circuit – is well within the spirit of Rule 1.

---

[1] *Liberty Mutual Ins. Group v. Panelized Structures, Inc.*, 2012 WL 1185676 *1 (D. Nev. April 6, 2012) (citing *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

[2] *Smith v. Clark County*, 2011 WL 4007532 *1 (D. Nev. Sept. 8, 2011).

**B.      LG is not an "innocent recipient of unrequested benefits."**

The issue before the Court in Plaintiff's Motion for Reconsideration, stated simply is: "Is LG an 'innocent recipient of unrequested benefits' as contemplated by Restatement Third, Restitution and Unjust Enrichment § 50(3)?"  Section 50(1) defines "innocent recipient" as "one who commits no misconduct in the transaction concerned and who bears no responsibility for the unjust enrichment in question," and § 50 cmt. c explains that "unrequested benefits" are goods or services conferred by mistake.  LG is clearly not an "innocent recipient," and the "benefits" conferred to LG were not "unrequested."

**C.      Plaintiff's claim for Unjust Enrichment and Restitution is Just and Equitable.**

Let there be no misunderstanding, the parties would not be here today had LG not sold to consumers in Nevada and across the United States very expensive televisions that failed well before the end of a reasonable expected useful lifespan.  LG manufactured and knowingly sold shoddy goods.  Common law claims for unjust enrichment and restitution were developed to address the very scenario presented in this case.

> [T]he law of restitution is crystallized by Lord Mansfield's famous statement in *Moses v. Macferlan*, 2 Burr. 1005, 1012, 97 Eng. Rep. 676, 681 (K.B. 1760): "In one word, the gist of this kind of action is, that the defendant, upon the circumstances of the case, is obliged by the ties of natural justice and equity to **refund the money**."[3]

LG would have the Court believe that once its Limited Warranty expired, it was absolved of any and all liability under common law theories of unjust enrichment and restitution. This is simply not the case.  *See* this Court's Order of October 18, 2012, (Doc. # 49).  LG would also have the Court believe that LG may not be left in a position worse off than if the transaction had

---

[3] Restatement Third, Restitution and Unjust Enrichment § 1 cmt. b.  (Emphasis added.)

not taken place.  Contrary to LG's assertions, "[r]estitution may strip a wrongdoer of all profits gained in a transaction"[4] and "yield recovery that is profitable to the claimant."[5]

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Reconsideration of the Order, and reinstate Plaintiff's claim for Unjust Enrichment and Restitution.

Dated March 26, 2013.

Respectfully submitted,
FEDERMAN & SHERWOOD


By:_____/s/ William B. Federman
      WILLIAM B. FEDERMAN
      10205 N. Pennsylvania Avenue
      Oklahoma City, Oklahoma 73120
      (405) 235-1560   Telephone
      (405) 239-2112  Facsimile

      DENNIS L. KENNEDY
      Nevada Bar No. 1462
      JOSEPH A. LIEBMAN
      Nevada Bar No. 10125
      BAILEY KENNEDY
      8984 Spanish Ridge Avenue
      Las Vegas, Nevada  89148-1302
      (702) 562-8820  Telephone
      (702) 562-8821  Facsimile

      Attorneys for Plaintiff

---

[4] *Id*. § 1 cmt. d.

[5] *Id*. § 3 cmt. c.

**CERTIFICATE OF SERVICE**

I HERBY CERTIFY that on March 26, 2013, 2012, I caused a true and correct copy of the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION** to be served via the U.S. District Court's Notice of Electronic Filing ("NEF") in the above-captioned case, upon the following:

Pat Lundvall (NSBN 3761)
Kristen T. Gallagher (NSBN 9561)
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Suite 1000
Las Vegas, NV 89102
lundvall@mcdonaldcarano.com
kgallagher@mcdonaldcarano.com

Sandra C. Mccallion
S.C. Sohn
Thomas E. Bezanson
Christopher M. P. Jackson
Matthew V. Povolny
COHEN & GRESSER LLP
800 Third Avenue, 21st Floor
New York, NY 10022
smccallion@cohengresser.com
scsohn@cohengresser.com
tbezanson@cohengresser.com
cjackson@cohengresser.com
mpovolny@cohengresser.com
*Attorneys for Defendant LG Electronics, U.S.A., Inc.*

   /s/ William B. Federman
WILLIAM B. FEDERMAN

- 5 -