UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEVIN DROVER,

        Plaintiff(s),

v.

LG ELECTRONICS USA, INC.,

        Defendant(s).

2:12-CV-510 JCM (VCF)

**ORDER**

Presently before the court is plaintiff Kevin Drover's motion for reconsideration. (Doc. # 60). Defendant LG Electronics U.S.A., Inc. replied. (Doc. # 61). Plaintiff responded. (Doc. # 62).

**I.    Procedural background**

This case arises out of the sale of defendant's allegedly defective plasma and LCD televisions to a putative class of plaintiffs. Previously, the court granted in part and denied in part defendant's motion to dismiss. (Doc. # 49). Specifically, the court dismissed plaintiff's claim under the Nevada Deceptive Trade Practices Act without prejudice, but permitted plaintiff's claim for unjust enrichment to stand. (*Id.*)

Defendant then sought reconsideration of this court's denial of defendant's motion as to plaintiff's unjust enrichment claim. (Doc. # 50). Defendant contended that based on a recently published case by the Nevada Supreme Court,[1] the court should reconsider its order and dismiss

---

[1] *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250 (Nev. 2012). This case was published after the briefing process on the motion to dismiss had concluded.

**James C. Mahan**
**U.S. District Judge**

plaintiff's unjust enrichment claim with prejudice. (*Id.*)

The court granted defendant's motion for reconsideration and dismissed the unjust enrichment claim with prejudice. (Doc. # 59). Plaintiff now seeks reconsideration of this court's order dismissing plaintiff's unjust enrichment claim. (Doc. # 60).

**II.  Legal standard**

Plaintiff's motion for reconsideration is filed pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b).

The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000). *See also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

**III.  Discussion**

Plaintiff argues that reconsideration of the order is appropriate pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b) because the conclusion that defendant is an "innocent recipient of unrequested benefits" is "manifestly unjust." But plaintiff has neither come forward with newly discovered evidence or an intervening change in the controlling law, nor shown clear error in the court's order to warrant reconsideration under Rule 59(e). *Marlyn Nutraceuticals, Inc*, 179 F.3d at 665.

Further, Plaintiff does not meet the standard for reconsideration under Rule 60(b). Plaintiff argues that the dismissal of his unjust enrichment claim was "manifestly unjust" and creates a "moral

James C. Mahan
U.S. District Judge

- 2 -

1  hazard," but does not provide an adequate basis for these arguments. Despite plaintiff's failure to
2  satisfy the standard for reconsideration, the court turns to the merits of plaintiff's argument.

3        Plaintiff argues that he is entitled to restitution under the theory of unjust enrichment,
4  however, this is not an appropriate theory of liability for this case. The Third Restatement defines
5  unjustified enrichment as "enrichment that lacks an adequate legal basis . . . ." Restatement (Third)
6  of Restitution and Unjust Enrichment § 1 (2012).

7        In this case, there was an adequate legal basis for defendant's enrichment because a valid
8  contract existed. Plaintiff's complaint, and the court, expressly acknowledge the existence of an
9  express limited warranty. (*See* doc. # 1, ¶¶ 11, 13-14, 36-45; doc. # 49, 5:18-6:2). "A valid contract
10 defines the obligations of the parties as to matters within its scope, displacing to that extent any
11 inquiry into unjust enrichment." *Id*. at § 2. Because the court has already recognized the existence
12 of a limited warranty–that is, the valid contract–the court cannot imply a quasi-contract under unjust
13 enrichment theory. *See Certified Fire Protection, Inc. v. Precision Construction,* 283 P. 3d 250, 257
14 (Nev. 2012); *see also Gerlinger v. Amazon.com, Inc.*, 311 F.Supp.2d 838, 856 (N.D.Cal. 2004)
15 ("unjust enrichment is an action in quasi-contract[, which] cannot lie where a valid express contract
16 covering the same subject matter exists between the parties.").

17       In addition, courts in other jurisdictions have found that expired warranties remain
18 enforceable and valid, thus precluding an unjust enrichment claim. *See Daugherty v. Sony Elecs.,*
19 *Inc.*, No. E2004-02627-COA-R3-CV, 2006 WL 197090, at *6 (Tenn. Ct. App. Jan. 26, 2006); *see*
20 *also Moulton v. LG Electronics USA, Inc.*, No. 11-4073 (JLL), 2012 WL 3598760, at *4 (D.N.J.
21 Aug. 21, 2012). The district court in New Jersey specifically held that "claims for unjust enrichment
22 cannot be maintained where an express contract, such as a warranty, exists between the parties."
23 2012 WL 3598760 at *4; *see also Tait v. BSH Home Appliances Corp.*, No. SACV 10-711 DOC
24 (ANx), 2011 WL 1832941, *6 (C.D. Cal. May 12, 2011) (dismissing plaintiffs' unjust enrichment
25 claim as precluded by an expired warranty).

26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Kevin Drover's motion for reconsideration (doc. # 60) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff, if he chooses to amend his complaint, file a motion to amend, attaching the proposed amended complaint, within thirty (30) days of the date of this order.

DATED June 6, 2013.

*/s/ James C. Mahan*
_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -