PAT LUNDVALL (NSBN 3761)
KRISTEN T. GALLAGHER (NSBN 9561)
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone: 702.873.4100
Facsimile: 702.873.9966
lundvall@mcdonaldcarano.com
kgallagher@mcdonaldcarano.com

SANDRA C. McCALLION (admitted *pro hac vice*)
S.C. SOHN (admitted *pro hac vice*)
THOMAS E. BEZANSON (admitted *pro hac vice*)
CHRISTOPHER M.P. JACKSON (admitted *pro hac vice*)
MATTHEW V. POVOLNY (admitted *pro hac vice*)
COHEN & GRESSER LLP
800 Third Avenue, 21st Floor
New York, NY 10022
Phone: 212.957.7600
Fax: 212.957.4514
smccallion@cohengresser.com
scsohn@cohengresser.com
tbezanson@cohengresser.com
cjackson@cohengresser.com
mpovolny@cohengresser.com

*Attorneys for Defendant LG ELECTRONICS USA, INC.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KEVIN DROVER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LG ELECTRONICS USA, INC.,<br><br>Defendant. | Case No.: 2:12-cv-00510-JCM-VCF<br><br>**DEFENDANT LG ELECTRONICS USA, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant LG Electronics USA, Inc. ("LGUSA") hereby moves to dismiss Plaintiff's First Amended Complaint ("Amended Complaint" or "FAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated herein, LGUSA respectfully requests that the Court dismiss the Amended Complaint in its entirety and with prejudice.

…

…

This motion is based upon the record in this matter, the Points and Authorities that follow, and any argument of counsel entertained by the Court.

DATED this 7th day of October, 2013.

McDONALD CARANO WILSON LLP

By: /s/ Pat Lundvall
Pat Lundvall (NSBN 3761)
Kristen T. Gallagher (NSBN 9561)
2300 W. Sahara Avenue, Suite 1200
Las Vegas, NV  89102
Telephone:  702.873.4100
Facsimile:  702.873.9966
lundvall@mcdonaldcarano.com
kgallagher@mcdonaldcarano.com

Sandra C. McCallion (admitted *pro hac vice*)
S.C. Sohn (admitted *pro hac vice*)
Thomas E. Bezanson (admitted *pro hac vice*)
Christopher M.P. Jackson (admitted *pro hac vice*)
Matthew V. Povolny (admitted *pro hac vice*)
COHEN & GRESSER LLP
800 Third Avenue, 21st Floor
New York, NY 10022
Phone:  212.957.7600
Fax:  212.957.4514
smccallion@cohengresser.com
scsohn@cohengresser.com
tbezanson@cohengresser.com
cjackson@cohengresser.com
mpovolny@cohengresser.com

*Attorneys for Defendant LG ELECTRONICS USA, INC.*

## POINTS AND AUTHORITIES

### I.   INTRODUCTION

With his Amended Complaint, Plaintiff Kevin Drover once again attempts to assert claims on behalf of himself and a purported class consisting of all Nevada purchasers of certain plasma and LCD televisions (the "Televisions") sold by LGUSA.  He purports to bring claims under the Nevada Deceptive Trade Practices Act (the "NDTPA" or the "Act") (First Cause of Action), contending that LGUSA deceived consumers by misrepresenting that the Televisions were not defective.[1]

---

[1] Drover also asserts a claim for unjust enrichment (Second Cause of Action) and represents in his Motion for Leave to Amend that this claim is asserted here solely to preserve the claim for appeal.

In its October 18, 2012 decision ("Order") (Doc. 49) granting in part LGUSA's Motion to Dismiss Drover's original Complaint, the Court dismissed Drover's consumer fraud claim under the NDTPA – the same claim advanced here – on pleading grounds. The Court held that the "formulaic" and "conclusory" allegations offered to support the claim were deficient under Rule 8, emphasizing that Drover had failed even to specify "which portion of the statute" had assertedly been "violated." Order at 4. The Court also concluded that dismissal was required under Rule 9(b) because Drover had "chose[n] to allege fraud, consequently summoning Rule 9 review," and that he had failed to plead his claim with the particularity required by the Rule. *Id.* at 3-4.

Drover's Amended Complaint does not resolve these fatal flaws. Although Drover has made some cosmetic changes and added a few details to the allegations in his original Complaint, he still has failed to plead his consumer fraud claim sufficiently under either Rule 8 or Rule 9(b).

Most notably, Drover has *again* failed to identify any specific section or sections of the NDTPA as the basis for his claim. Despite clear guidance from the Court that "at a minimum" he was required to provide "notice as to what law was allegedly violated," Order at 4, Drover still has not revealed which of the numerous "deceptive trade practices" listed in the statute LGUSA allegedly committed. For this reason alone, Drover's NDTPA claim should be dismissed. Further, because the Court expressly directed Drover to cure this flaw, and he failed to do so, his claim should be dismissed with prejudice. *See* Part IVA.

Drover's failure to identify the statutory provision is telling. Despite his strained efforts to avoid using words that sound like fraud, the NDTPA claim is plainly rooted in fraud: Drover alleges that LGUSA made material representations that its Televisions were not defective, which apparently Drover contends were false; purchasers relied upon those representations to purchase the Televisions; and they suffered damages as a result. These are averments of fraud that are subject to the enhanced pleading requirements of Rule 9(b), yet Drover has not alleged a single circumstance of *any* specific misrepresentation. Accordingly, for this additional reason, his claim must be dismissed. *See* Part IVB.

Drover has been afforded the opportunity to amend his claims and yet failed to remedy the deficiencies identified by the Court. He did not heed the Court's directive for a simple reason: he cannot truthfully provide the necessary allegations. Thus, no purpose would be served by affording him yet another opportunity to amend. LGUSA therefore seeks dismissal with prejudice. *See* Part IVC.

## II.   STATEMENT OF FACTS

The Amended Complaint is largely identical to Drover's original Complaint and recites most of the same allegations asserting that LGUSA knew that its Televisions allegedly were defective while representing that they were not. Specifically, the Amended Complaint alleges that the Televisions sold by LGUSA were defective, and that LGUSA had "actual knowledge" of the alleged defect. FAC ¶¶ 7-9, 11. LGUSA purportedly represented that its Televisions were not defective and denied the existence of the alleged defect. *Id.* ¶¶ 16-17. Drover asserts that this alleged defect was a material fact, *id.* ¶ 12; purchasers relied on LGUSA's representations that the Televisions were not defective, and they would not have purchased the Televisions had they known the truth. *Id.* ¶¶ 12, 16. Finally, Drover asserts that purchasers suffered damages as a result of their purchases, including the price they paid for the Televisions, repair costs, and other expenses. *Id.* ¶¶ 14-17, 20.

Drover now alleges that he purchased his television "[s]ome time in late 2008." FAC ¶ 4. Drover concedes that the warranty had expired, and he alleges that LGUSA declined to pay for repairs outside the warranty period. FAC ¶¶ 4, 13.

## III.   LEGAL STANDARDS

To survive a motion to dismiss under Rules 8 and 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It must contain factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A claim will have "facial plausibility" only when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Accordingly, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the allegations do not support a claim for relief. *Id.* at 679.

Under Rule 9(b), all allegations of fraud must be pleaded with particularity, including "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal citation and quotation omitted). The plaintiff also must "set forth what is false or misleading about a statement, and why it is false." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999) (quoting *In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)); *Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)). Even if a claim does not require a plaintiff to allege fraud, if his supporting averments rest on fraud, those averments are subject to Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).

**IV.  ARGUMENT**

    A.  <u>Drover Does Not Identify Any NDTPA Provision As The Basis For His Claim</u>.

The first and most glaring defect requiring dismissal is Drover's refusal to identify the section under which he purports to bring his NDTPA claim. The Court dismissed Drover's original NDTPA claim, in part, because he had failed to state the "specific sections of the [NDTPA] on which his complaint relie[d]." Order at 4. The Court then specifically instructed Drover that, "at a minimum," he was required to provide "notice as to what law was allegedly violated." *Id.*

The Amended Complaint does not provide this minimum notice. Drover's only citations to the NDTPA in the Amended Complaint refer to the entire statute as "NRS 598.0903 *et seq.*" FAC ¶ 31. Under NRS 41.600(2)(e), a plaintiff may bring an action for any one of the numerous "deceptive trade practices" within the definition of "consumer fraud," which embraces all the practices listed in NRS 598.0915-598.0925. Without knowing which "deceptive trade practice"

LGUSA is accused of, neither LGUSA nor the Court has any notice of the legal claim Drover's allegations are intended to support. Order at 4.

Because he has failed to state the portion of the NDTPA on which he relies, Drover's claim is, once again, fundamentally deficient under both Rule 8 and Rule 9(b). Order at 4. It should again be dismissed, this time with prejudice.

    B.    <u>Drover Has Failed To Plead His NDTPA Claim With The Particularity Required By Rule 9(b)</u>.

Reading the Amended Complaint, it is plain to see that Drover's NDTPA claim is based on accusations of fraud and relies upon sections of the statute that sound in fraud. *See, e.g.,* NRS 598.0915(5), (15). As the Court noted in its Order dismissing the NDTPA claim alleged in Drover's original Complaint, Rule 9(b) requires that fraud claims *must* be pleaded with particularity. *See* Order at 2-3.

Rather than providing the necessary particularized allegations sufficient to support his NDTPA claim, Drover has instead attempted to rescue his pleading by *removing* any word related to "false" or "fraud" in an unsuccessful attempt to disguise the true nature of his claim and evade the Rule 9(b) requirements he plainly cannot meet. *See, e.g.,* original Complaint ¶ 16 ("The fraudulent acts of concealment by LG included the intentional concealment and refusal to disclose facts known to LG about the Defect in the Televisions . . ."); ¶ 21 ("By engaging in the above described conduct, LG committed acts and omissions with actual malice . . .") Whether he uses words evoking "fraud" or not, the Amended Complaint reeks of consumer fraud allegations and is the only possible ground for a claim under the NDTPA.

A simple analysis of the elements reveals the true basis of Drover's claim. As the Court noted in its Order, "the basic elements . . . for a successful private consumer fraud claim brought under the" NDTPA are "(1) an act of consumer fraud by the defendant (2) caused (3) damage to the plaintiff." Order at 3 (quoting *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 658 (D. Nev. 2009)). The Amended Complaint alleges each of these key elements, albeit in entirely conclusory terms that fall far short of the particularity required. Specifically, Drover alleges the first element – an act of consumer fraud – in three ways:

- LGUSA represented that its Televisions were not defective and denied the existence of the alleged defect, FAC ¶¶ 16-17;

- LGUSA knew the Televisions allegedly were defective, *id.* ¶¶ 11-12; and

- these "representations" – that the Televisions were not defective when allegedly they were – were material. *Id.* ¶¶ 12, 16.

Drover alleges the second element, causation, by asserting that purchasers relied on the representations that the Televisions were not defective when they were – in purchasing the allegedly defective Televisions sold by LGUSA. *Id.* ¶¶ 6, 12, 16, 18. Finally, with the allegation that the purchasers suffered damages, *id.* ¶¶ 14-17, 20, Drover alleges the final element of fraud noted by the Court in its Order dismissing the NDTPA claim.

These allegations – that LGUSA knowingly sold defective Televisions – are sufficient to bring the Amended Complaint within the ambit of Rule 9(b). As the Ninth Circuit held in *Vess v. Ciba-Geigy*, "[f]raud can be averred by . . . alleging facts that necessarily constitute fraud (*even if the word 'fraud' is not used*)," and these allegations must be scrutinized under the Rule 9(b) standard. *Vess*, 317 F.3d at 1105 (emphasis supplied). A plaintiff cannot avoid the pleading requirements of Rule 9(b) "simply by avoiding the use of that magic word." [2] *Id.* at 1108. This Court, citing *Vess*, noted in dismissing the NDTPA claim in Drover's first Complaint that, even if fraud is not an essential element of a plaintiff's legal claim, any averments of fraud made to support that claim are still covered by the Rule. *See* Order at 3.

Although, as noted, Drover carefully avoids use of the "magic word," as shown above his allegations plainly sound in fraud, which means that these allegations must be pled with particularity. As with the original Complaint, however, the allegations in the Amended Complaint are entirely devoid of the particularity required by Rule 9(b). The Amended Complaint does not identify a single communication in which LGUSA made any alleged misrepresentation. The Amended Complaint does not specifically allege or even hint at who at LGUSA falsely represented to anyone, let alone any putative plaintiff, that the Televisions were not defective; who at LGUSA denied the existence of the alleged defect; when such alleged false

---

[2] Even if a plaintiff presents both fraud and non-fraud allegations in support of a claim, his averments of fraud are still subject to the Rule, and those not pleaded with the required particularity must be "disregarded." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); *Vess*, 317 F.3d at 1105.

representations were made; or where such alleged false representations were made. *See* FAC ¶¶ 16-17. Nor does the Amended Complaint provide any facts that would support the conclusory allegation that LGUSA knew the Televisions allegedly were defective. *See id.* ¶¶ 11-12. The Amended Complaint's vague reference to unspecified "complaints found on the Internet" certainly does not support any such inference; the reference does not identify what was said, when it was allegedly said, or even a website. *Id.* at ¶ 11. Tellingly, the Amended Complaint does not contain a single word quoted from any statement or communication – or even a summary of such statement or communication – by LGUSA that would constitute a misrepresentation. In short, the Amended Complaint, like its predecessor, is utterly devoid of any particularity and thus falls far short of the Rule 9(b) standard it must meet. The Court should therefore dismiss the NDTPA claim with prejudice.

   C. <u>All Drover's Claims Should Be Dismissed With Prejudice.</u>

The Court should dismiss the entire Amended Complaint with prejudice.[3] Despite receiving clear guidance from the Court, and from extensive briefing in the prior motion to dismiss, Drover has failed to state a cause of action. He has had his chance. Where, as here, a plaintiff has had the chance to amend his complaint and failed to cure its deficiencies, the Court is entitled to exercise its discretion and deny further leave to amend. *See City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) (discretion to deny leave to amend particularly broad where plaintiff has previously amended complaint); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (same); 3 James Wm. Moore et al. Moore's Federal Practice, § 15.15[1] (2012).

…

…

…

…

---

[3] Drover has renewed his unjust enrichment claim in his Amended Complaint, which is identical to the claim dismissed with prejudice in the Court's February 19, 2013 Order granting LGUSA's Motion for Reconsideration. As Drover indicated in his Motion for Leave to Amend his Complaint, the unjust enrichment claim appears in the Amended Complaint solely because Drover wishes to preserve the option of appealing the earlier dismissal. Plaintiff's Motion for Leave to Amend at 6. The claim should accordingly be dismissed.

## V.   CONCLUSION

For the reasons set forth above, LGUSA respectfully requests that the Amended Complaint be dismissed with prejudice.

DATED this 7th day of October, 2013.

                McDONALD CARANO WILSON LLP

                By: /s/ Pat Lundvall
                    Pat Lundvall (NSBN 3761)
                    Kristen T. Gallagher (NSBN 9561)
                    2300 W. Sahara Avenue, Suite 1200
                    Las Vegas, NV  89102
                    Telephone:  702.873.4100
                    Facsimile:  702.873.9966
                    lundvall@mcdonaldcarano.com
                    kgallagher@mcdonaldcarano.com

                    Sandra C. McCallion (admitted *pro hac vice*)
                    S.C. Sohn (admitted *pro hac vice*)
                    Thomas E. Bezanson (admitted *pro hac vice*)
                    Christopher M.P. Jackson (admitted *pro hac vice*)
                    Matthew V. Povolny (admitted *pro hac vice*)
                    COHEN & GRESSER LLP
                    800 Third Avenue, 21st Floor
                    New York, NY 10022
                    Phone:  212.957.7600
                    Fax:  212.957.4514
                    smccallion@cohengresser.com
                    scsohn@cohengresser.com
                    tbezanson@cohengresser.com
                    cjackson@cohengresser.com
                    mpovolny@cohengresser.com

                    *Attorneys for Defendant LG ELECTRONICS USA, INC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of McDonald Carano Wilson LLP, and that on this 7th day of October, 2013, I caused a true and correct copy of the foregoing **DEFENDANT LG ELECTRONICS USA, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** to be served via the U.S. District Court's Notice of Electronic Filing ("NEF") in the above-captioned case, upon the following:

> Dennis L. Kennedy, Esq. (NSBN 1462)
> Joseph A. Liebman, Esq. (NSBN 10125)
> BAILEY KENNEDY
> 8984 Spanish Ridge Avenue
> Las Vegas, Nevada 89148-1302
> Telephone: (702) 562-8820
> Facsimile: (701) 562-9921
> dkennedy@baileykennedy.com
> jliebman@baileykennedy.com
>
> WILLIAM B. FEDERMAN
> FEDERMAN & SHERWOOD
> 10205 N. Pennsylvania Avenue
> Oklahoma City, Oklahoma 73120
> Telephone: (405)235-1560
> Facsimile: (405) 239-2112
> wbf@federmanlaw.com
> (admitted *pro hac vice*)
>
> *Attorneys for Plaintiff Kevin Drover*

/s/ Marianne Carter
An employee of McDonald Carano Wilson LLP

285537