1  DENNIS L. KENNEDY
   Nevada Bar No. 1462
2  JOSEPH A. LIEBMAN
   Nevada Bar No. 10125
3  BAILEY-KENNEDY
   8984 Spanish Ridge Avenue
4  Las Vegas, Nevada  89148-1302
   (702) 562-8820  Telephone
5  (702) 562-9921  Facsimile
   dkennedy@baileykennedy.com
6  jliebman@baileykennedy.com

7  WILLIAM B. FEDERMAN *(admitted pro hac vice)*
   FEDERMAN & SHERWOOD
8  10205 N. Pennsylvania Avenue
   Oklahoma City, Oklahoma  73120
9  (405) 235-1560  Telephone
   (405) 239-2112  Facsimile
10 wbf@federmanlaw.com

11 Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN DROVER, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) CASE NO.  2:12-cv-00510-LRH-VCF ) |
| v. | ) ) |
| LG ELECTRONICS USA, INC., | ) **PLAINTIFF'S OPPOSITION TO** ) **DEFENDANT LG ELECTRONICS** |
| Defendant. | ) **USA, INC.'S MOTION TO DISMISS** ) **THE FIRST AMENDED COMPLAINT** ) |

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25

- 1 -

Plaintiff, Kevin Drover ("Plaintiff"), by his attorneys, hereby submits this response and opposition to Defendant LG Electronics USA, Inc.'s ("LG" or "Defendant") Motion to Dismiss the First Amended Class Action Complaint ("FAC") and states as follows:

## STATEMENT OF FACTS

Plaintiff's action involves identified LG plasma and LCD televisions, including models 32LC2D, 37LC2D, 42LC2D, 42PC3D, 42PC3DV, 47LC7DF and 50PC3D (the "Televisions"). Complaint ¶1. Plaintiff alleges that the Televisions' printed wiring boards (also known as printed circuit boards) ("PWBs") prematurely fail during normal operation. FAC at ¶7. The PWBs incorporate integrated components such as circuit chips, resistors, surface capacitors and chip capacitors. *Id*. A well-designed and manufactured television will have PWBs that will last the expected useful life of the Television. *Id*.

The PWBs of the Televisions prematurely fail due to voltage overload, ripple current, and thermal fatigue. *Id*. at ¶8. Voltage overload and thermal fatigue can be caused by insufficient cooling fans, heat sinks and other ventilation issues. *Id*. The premature failure is caused by design and manufacturing defects. *Id*. The Televisions are defectively designed and/or use defective materials because normal operation and usage of the Televisions exposes the PWBs to excessive heat and/or excessive voltage, which, in turn, causes them to fail. *Id*. at ¶9. Therefore, the Televisions fail before expiration of their expected useful life. *Id*. As a result of the design defect in the Televisions, numerous purchasers of these Televisions have complained to LG, as evidenced by the numerous complaints found on the Internet. *Id*. at ¶11. LG has had actual knowledge of the design defect in the Televisions. *Id*. Despite this knowledge of the Defect, LG has refused to pay for labor or diagnostic expenses for consumers with Televisions manifesting the Defect more than a year after purchase (after the expiration of the twelve month parts and

labor warranty), and LG has refused to pay any part of the cost of repairing Televisions which manifest the Defect one year after purchase. *Id*. at ¶13.

Consumers of LG's Televisions could reasonably expect their Televisions to function well beyond the twelve month parts and labor warranty provided by LG's boiler-plate warranties. *Id*. at ¶14. LG knew that the defective design of the Televisions would render the time limitations in its written warranty grossly inadequate to protect consumers from the Defect, and would subject consumers to expensive repair costs. *Id*. The Defect described here and in the FAC is a material fact related to the reliability and normal operation of the Televisions known only to LG. *Id*. at ¶12. Had Plaintiff and members of the Class known about the defect, they would not have purchased their Televisions. *Id*.

Plaintiff Drover purchased for use in his home an LG LCT Television model number 47LC7DF in late 2008. *Id*. at ¶4. Plaintiff purchased the Television from Best Buy in St. George, Utah. *Id*. Plaintiff also purchased a two year extended warranty. *Id*. In September, 2011, Plaintiff's Television first began exhibiting the Defect described herein – the Television was slow to turn on, and there were clicking noises when turning the Television on. *Id*. The problem gradually worsened, and the Television would take twenty minutes or more to turn on. *Id*. Plaintiff eventually left his Television on all the time. *Id*. In January of 2012, Plaintiff contacted LG via telephone to obtain a repair. *Id*. Plaintiff spent approximately forty-five minutes to one hour on the phone with LG's customer service representative attempting to resolve the problems with the Television. *Id*. The problem could not be resolved, and the LG customer service representative advised Plaintiff that his Television was out of warranty and that Plaintiff would have to pay out-of-pocket for any repairs. *Id*. On March 19, 2012, Plaintiff contacted TV Video Clinic to obtain a repair of his Television. *Id*. He advised TV Video Clinic that his Television

was slow to start. *Id*. On March 20, 2012, his Television was repaired by TV Video Clinic. *Id*. TV Video Clinic repaired the Power Board at a cost to Plaintiff of $212.50. *Id*.

## ARGUMENTS AND AUTHORITIES

### I.  Applicable Standard

A Rule 12(b)(6) motion should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) ("When there are well-pleaded factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). In considering a motion to dismiss, the court accepts the plaintiff's allegations as true and construes them in the light most favorable to the plaintiff. *No. 84 Employer-Teamster Joint Council Pension Trust Fund v. Am. West Holding Corp.*, 320 F.3d 920, 931 (9th Cir. 2003). The sufficiency of the complaint must be determined considering the allegations in their entirety and viewing all facts in the complaint as a whole. *Id*.

There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). As such, a motion to dismiss for failure to state a claim should be denied unless it "appears beyond doubt that the plaintiff cannot prove any set of facts that would entitle him or her to relief." *Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F.3d 1226, 1229 (9th Cir. 2004).

### II.  Plaintiff Has Stated A Valid Claim For Violation Of The Nevada Deceptive Trade Practices Act

Plaintiff brought a claim for violations of the Nevada Deceptive Trade Practices Act ("NDTPA"). Nev. Rev. Stat. § 41.600. Pursuant to the NDTPA, an action may be brought by any person who is a victim of consumer fraud. Nev. Rev. Stat. § 41.600 (1). Consumer fraud includes deceptive trade practices as defined in Nev. Rev. Stat. § 598.0915 and §598.0923. Nev. Rev.

Stat. § 41.600 (2)(e). A deceptive trade practice includes "[k]nowingly mak[ing] a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith"; "[r]epresent[ing] that goods or services for sale or lease are of a particular standard, quality or grade, or that such goods are of a particular style or model, if he or she knows or should know that they are of another standard, quality, grade, style or model"; and "[k]nowingly mak[ing] any other false representation in a transaction." Nev. Rev. Stat. § 598.0915 (5), (7) (15). Additionally, a deceptive trade practice includes "[f]ail[ing] to disclose a material fact in connection with the sale or lease of goods or services." Nev. Rev. Stat. § 598.0923 (2).

      **a.**      **The Applicable Pleading Standard for NDTPA Claims**

Defendant argues that the Plaintiff's claims must be analyzed under the standards set forth in Rule 9(b). In support, LG cites *Picus v. Wal-Mart Stores, Inc*., 256 F.R.D. 651, 658 (D. Nev. 2009). Although *Picus* does indeed set forth the presumed elements for a claim under the NDTPA (since the Nevada Supreme Court has not yet ruled on that specific issue) as: "1) an act of consumer fraud by the defendant [that] 2) caused 3) damage to the plaintiff," the court did so using the Rule 12(b)(6) standard, and **made no mention of using a Rule 9(b) standard**. *Id*. at 655, 658-59.

Plaintiff did not allege a separate cause of action for fraud. His claim under the NDTPA is based on the failure of LG to disclose the defect known only by Defendant to consumers. As a number of courts have held, "[a] fraud by omission claim does not need to meet the strict requirements of Rule 9(b)." *Morris v. BMW of N. Am.,* 2007 WL 3342612 at *5 (N.D. Cal. Nov. 7, 2007). Indeed, "[w]here the fraud consists of omissions on the part of the defendants, the plaintiff may find alternative ways to plead the particular circumstances of the fraud. For

- 5 -

example, a plaintiff cannot plead either the specific time of the omission or the place, as he is not alleging an act, but a failure to act." *Washington v. Baenziger*, 673 F. Supp. 1478, 1482 (N.D. Cal. 1987) (citing *Lindemuth v. Shannon Fin. Corp.*, 637 F. Supp. 991, 994 (N.D.Cal. 1986)); *see also Swedish Civ. Aviation Admin. v. Project Mgmt. Ents., Inc.*, 190 F. Supp. 2d 785 (D. Md. 2002) (describing a very common sense approach that "[d]espite the general rule regarding specificity, such particularity cannot be met in a concealment case, however, because an omission cannot be described in terms of the time, place, and contents of the misrepresentation or the identity of the person making the misrepresentation.") (internal quotations and citations omitted).

In any event, Plaintiff met his pleading burden under both Fed. R. Civ. P. 8(a) and 9(b). Plaintiff alleged that the PWBs of the Televisions contain an inherent design defect which leads to premature failure due to voltage overload, ripple current, and thermal fatigue caused by insufficient cooling fans, heat sinks and other ventilation issues. FAC at ¶8. The Televisions are defectively designed and/or use defective materials because normal operation and usage of the Televisions exposes the PWBs to excessive heat and/or excessive voltage, which, in turn, causes them to fail before the expiration of their expected useful life. *Id*. at ¶9.  Plaintiff has alleged that LG had actual knowledge of this design defect due to the number of consumer complaints Defendant received and due to the presence of voluminous complaints posted on the internet, such as at AVForums.com, Badcaps.net Forum, and Electro Tech Online. *Id*. ¶11. An article at http://en.wikipedia.org/wiki/Capacitor_plague describes the issue with a rash of capacitors with higher than expected premature failure rate, beginning in September 2002. The article notes that there were many publicized press releases about the widespread problem with premature failures in various electronic equipment.

Plaintiff has further alleged sufficient detail regarding his particular Television purchase and his experience with the Defect and his attempts to obtain a repair for same. He purchased his television, with a two year extended warranty, in late 2008 from a Best Buy in St. George, Utah. *Id*. ¶4. In September, 2011, Plaintiff's Television became slow to turn on, and there were clicking noises when turning the Television on. *Id*. The problem gradually got worse, and the Television would take twenty minutes or more to turn on. *Id*. Plaintiff eventually left his Television on all the time. *Id*. In January of 2012, Plaintiff contacted LG via telephone to obtain a repair. *Id*. The problem could not be resolved, and the LG customer service representative advised Plaintiff that his Television was out of warranty and that Plaintiff would have to pay out-of-pocket for any repairs. *Id*. On March 20, 2012, Plaintiff obtained a repair of his Television, which consisted of a repair of the Power Board, at a cost of $212.50. *Id*.

Plaintiff has sufficiently alleged his NDTPA claim. Defendant's motion to dismiss should therefore be denied in its entirety.

### III.     Plaintiff Has Stated A Valid Claim For Unjust Enrichment[1]

The elements of unjust enrichment are: (1) a benefit conferred on the defendant by the plaintiff, (2) appreciation by the defendant of such benefit, and (3) acceptance and retention by the defendant of such benefit under circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof. *Leasepartners Corp. v. Robert L Brooks Trust Dated Nov. 12 1975*, 942 P.2d 182, 197 (Nev.1997).

Plaintiff alleged that a benefit has flowed to LG in that consumers purchased LG Televisions. Further, LG received money from their sales of the Televisions. Finally, Plaintiff alleged that LG knew the Televisions contained defective PWBs and yet, despite the complaints

---

[1] This Court previously ruled there is no claim for unjust enrichment; however, Plaintiff kept these claims in his First Amended Complaint for the purposes of preserving this issue for any future appeals.

- 7 -

it received, continued to sell the Televisions without correcting the underlying defect. Thus, Plaintiff has satisfactory pled all elements of his unjust enrichment claim. Defendant argues that this claim fails because consumers did not buy their Televisions directly from LG, rather than through LG's authorized dealer. Whether the consumers purchased their Televisions directly from LG or through authorized dealers, LG received the benefit of the money paid by the consumers for the purchase of the Televisions.

Defendant next argues that Plaintiff's claim should be dismissed because the dispute is governed by an express contract. In support, Defendant cites *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182 (Nev. 1997); *Josephson v. EMC Mortg. Corp.*, 2010 WL 4810715 (D. Nev., Nov. 19, 2010); and *Rockstar, Inc. v. Original Good Brand Corp.*, 2010 WL 3154120 (D. Nev., Aug. 9, 2010). However, none of these cases involved a claim for breach of express warranty. *LeasePartners* involved a dispute over an equipment lease, *LeasePartners*, 942 P.2d at 183, *Josephson* involved a mortgage loan, *Josephson*, 2010 WL 4810715 at *3; and *Rockstar* involved the terms of an Agent Services Agreement, *Rockstar* 2010 WL 3154120 at *1.

All three of the above cases involved an active contract, and not an expired warranty. The suit at issue has been brought on behalf of consumers even though their warranty has expired. If the warranty has expired, there is no longer a contract governing the relationship between the parties. In any event, Defendant cited to only one case (although it is cited in support of another proposition) where a claimant has brought both breach of warranty and unjust enrichment claims - *Herrera v. Toyota Motor Sales, U.S.A.*, 2010 WL 3385336 *2 (D. Nev. Aug. 23, 2010). In *Herrera*, the plaintiff brought both breach of warranty claims and an unjust enrichment claim. The unjust enrichment claim was dismissed because plaintiffs failed to plead the existence of any

money or property conferred to defendants. *Id*. at *2. There was no discussion about whether the existence of the warranty precluded a claim for unjust enrichment. Here, Plaintiff specifically plead that LG received money from the sale of the Televisions. FAC at ¶¶34-37.

Plaintiff has sufficiently alleged his Unjust Enrichment claim, and so Defendant's motion to dismiss should therefore be denied in its entirety.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this court deny Defendant LG Electronics U.S.A., Inc.'s Motion to Dismiss the Class Action Complaint in its entirety. In the alternative, Plaintiff requests leave to file an amended complaint to correct any perceived deficiencies.

Dated October 21, 2013.

    Respectfully submitted,
    FEDERMAN & SHERWOOD

    By:    /s/ William B. Federman
        WILLIAM B. FEDERMAN
        10205 N. Pennsylvania Avenue
        Oklahoma City, Oklahoma 73120
        (405) 235-1560   Telephone
        (405) 239-2112   Facsimile

    DENNIS L. KENNEDY
    Nevada Bar No. 1462
    JOSEPH A. LIEBMAN
    Nevada Bar No. 10125
    BAILEY KENNEDY
    8984 Spanish Ridge Avenue
    Las Vegas, Nevada 89148-1302
    (702) 562-8820  Telephone
    (702) 562-8821  Facsimile

    Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I HERBY CERTIFY on October 21, 2013, I caused a true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT LG ELECTRONICS U.S.A., INC.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** to be served via the U.S. District Court's Notice of Electronic Filing ("NEF") in the above-captioned case, upon the following:

Pat Lundvall (NSBN 3761)
Kristen T. Gallagher (NSBN 9561)
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Suite 1000
Las Vegas, NV 89102
lundvall@mcdonaldcarano.com
kgallagher@mcdonaldcarano.com

Sandra C. Mccallion
S.C. Sohn
Thomas E. Bezanson
Matthew V. Povolny
COHEN & GRESSER LLP
800 Third Avenue, 21st Floor
New York, NY 10022
smccallion@cohengresser.com
scsohn@cohengresser.com
tbezanson@cohengresser.com
mpovolny@cohengresser.com
*Attorneys for Defendant LG Electronics, U.S.A., Inc.*

                                                  /s/ William B. Federman
                                                  WILLIAM B. FEDERMAN