PAT LUNDVALL (NSBN 3761)
KRISTEN T. GALLAGHER (NSBN 9561)
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Suite 1200
Las Vegas, NV  89102
Telephone: 702.873.4100
Facsimile: 702.873.9966
lundvall@mcdonaldcarano.com
kgallagher@mcdonaldcarano.com

SANDRA C. McCALLION (admitted *pro hac vice*)
S.C. SOHN (admitted *pro hac vice*)
THOMAS E. BEZANSON (admitted *pro hac vice*)
CHRISTOPHER M.P. JACKSON (admitted *pro hac vice*)
MATTHEW V. POVOLNY (admitted *pro hac vice*)
COHEN & GRESSER LLP
800 Third Avenue, 21st Floor
New York, NY 10022
Phone: 212.957.7600
Fax: 212.957.4514
smccallion@cohengresser.com
scsohn@cohengresser.com
tbezanson@cohengresser.com
cjackson@cohengresser.com
mpovolny@cohengresser.com

*Attorneys for Defendant LG ELECTRONICS USA, INC.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KEVIN DROVER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>LG ELECTRONICS USA, INC.,<br><br>Defendant. | Case No.: 2:12-cv-00510-JCM-VCF<br><br>**DEFENDANT LG ELECTRONICS USA, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant LG Electronics USA, Inc. ("LGUSA") submits this Reply in further support of its Motion to Dismiss Plaintiff Kevin Drover's First Amended Complaint (the "Motion" (Doc. 71) and the "Amended Complaint" or "FAC" (Doc. 70)).

…

…

…

This Reply is based upon the points and authorities that follow, the arguments presented in LGUSA's Motion, the pleadings and papers in the Court's file, and such other matters as the Court may wish to consider.

DATED this 15th day of November, 2013.

McDONALD CARANO WILSON LLP

By: /s/ Pat Lundvall
Pat Lundvall (NSBN 3761)
Kristen T. Gallagher (NSBN 9561)
2300 W. Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone: 702.873.4100
Facsimile: 702.873.9966
lundvall@mcdonaldcarano.com
kgallagher@mcdonaldcarano.com

Sandra C. McCallion (admitted *pro hac vice*)
S.C. Sohn (admitted *pro hac vice*)
Thomas E. Bezanson (admitted *pro hac vice*)
Christopher M.P. Jackson (admitted *pro hac vice*)
Matthew V. Povolny (admitted *pro hac vice*)
COHEN & GRESSER LLP
800 Third Avenue, 21st Floor
New York, NY 10022
Phone: 212.957.7600
Fax: 212.957.4514
smccallion@cohengresser.com
scsohn@cohengresser.com
tbezanson@cohengresser.com
cjackson@cohengresser.com
mpovolny@cohengresser.com

*Attorneys for Defendant LG ELECTRONICS USA, INC.*

# POINTS AND AUTHORITIES

## I. INTRODUCTION

Drover's opposition to LGUSA's Motion amply illustrates that he cannot cure the fundamental deficiencies that required dismissal of his first Complaint: namely, his failure to state either the legal or the factual basis for his claim under the Nevada Deceptive Trade Practices Act ("NDTPA").[1] Accordingly his Amended Complaint, like the original, should be dismissed. As Drover has now had several bites at this apple, this time the dismissal should be with prejudice.

Even a brief comparison of the prior briefing shows that Drover's opposition to LGUSA's Motion (the "Opposition") does nothing more than repeat the same failed tactics and arguments that the Court rejected in its prior dismissal of his NDTPA claim. Realizing that he has once again neglected to state the statutory basis of his claim, and that his allegations are too vague to survive Rule 9(b) scrutiny, Drover has tried to supplement and rewrite his Amended Complaint in his Opposition, just as he did in opposing LGUSA's first motion to dismiss. For example, to cure the failure to identify the statutory basis for his claim, which this Court noted he had to do *at a minimum*, Order dated October 18, 2012 ("Order") at 4, Drover simply lists an assortment of NDTPA sections in his brief that appear nowhere in his Amended Complaint. Despite this impermissible supplement, Drover incredibly *still* fails to identify which section, if any, he is actually relying on. Thus, the Amended Complaint fails to pass muster under the notice pleading standard. *See* Part III.A.

Similarly, although the Amended Complaint is full of conclusory accusations that LGUSA made affirmative false statements about its televisions, Drover contends in his Opposition that his claim is actually premised solely on LGUSA's supposed "failure to disclose" defects in its televisions. Drover abandons his actual pleading in an effort to avoid Rule 9(b);

---

[1] Drover's Amended Complaint also renews his unjust enrichment claim (Second Cause of Action), which the Court dismissed in its February 19, 2013 Order granting LGUSA's Motion for Reconsideration (Doc. 59). As Drover acknowledges in his Opposition to LGUSA's Motion ("Opposition" or "Opp." (Doc. 72)), he has re-asserted that claim solely to preserve it for appeal. Opp. at 7. He has asserted no new facts and offered no new arguments in support of his unjust enrichment claim, and it should accordingly be dismissed with prejudice once again.

according to Drover, as this is supposedly now an omissions-based claim, he need not plead it with the particularity required by the Rule.

Drover is flatly wrong on the law. The Nevada Supreme Court has said that the NDTPA provision on which Drover now appears to rely "sounds in fraud," and the Ninth Circuit has made it clear that all claims and allegations sounding in fraud, including claims based on fraudulent omissions, are governed by the heightened 9(b) standard. Drover's conclusory allegations must, but do not, meet that standard. *See* Part III.B.

Because Drover has failed once again to identify the legal basis for his NDTPA claim, and because he has again failed to plead facts sufficient to support that claim under Rule 9(b), his Amended Complaint should be dismissed in its entirety and with prejudice.

## II.     LEGAL STANDARDS

To survive a motion to dismiss under Rules 8 and 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It must contain factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A claim will have "facial plausibility" only when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Accordingly, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the allegations do not support a claim for relief. *Id.* at 679.

Rule 9(b) requires that all allegations of fraud must be pleaded with particularity.[2] Allegations of affirmative misrepresentations must include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal citation

---

[2] Even if the legal elements of a claim do not require a plaintiff to allege fraud, if his supporting averments rest on fraud, those averments are subject to Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). If a plaintiff presents both fraud and non-fraud allegations in support of a claim, his averments of fraud are still subject to the Rule, and those not pleaded with the required particularity must be "disregarded." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); *Vess*, 317 F.3d at 1105.

and quotation omitted). The plaintiff also must "set forth what is false or misleading about a statement, and why it is false." *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010).

Rule 9(b) applies equally to allegations of fraudulent omissions. *See Kearns*, 567 F.3d at 1127 (stating that the "contention that . . . nondisclosure claims need not be pleaded with particularity is unavailing."); *see also Hall v. MortgageIt, Inc.*, No. 2:09-CV-2233 JCM (GWF), 2011 WL 2651870, *3 (D. Nev. July 6, 2011) (dismissing fraudulent concealment claim where plaintiff did not meet the Rule 9(b) standard) (Mahan, J.). To successfully state a claim based on fraudulent omissions, a plaintiff "must describe the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of . . . representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information." *Eisen v. Porsche Cars North America, Inc*., No. CV 11-9405 CAS (FEMx), 2012 WL 841019, *3 (C.D. Cal. Feb. 22, 2012).

**III.   ARGUMENT**

   A.   <u>The Amended Complaint Should Be Dismissed With Prejudice Because It Fails To State The Statutory Basis For Drover's Claim</u>**.**

LGUSA argued in its Motion that Drover's Amended Complaint fails to cure the fatal flaw in the original because it once again fails to specify the NDTPA provision on which his asserted claim relies. Motion at 5-6. In response, the Opposition could not cite to anything from Drover's Amended Complaint that identifies the specific section of the NDTPA on which he bases his claim because it simply is not there. Instead, Drover listed a string of NDTPA sections in his brief, leaving LGUSA and the Court to guess which of them, if any, might be the basis for his claim. Opp. at 5.

Only one of those cited sections, NRS 598.0923(2), could possibly form the basis of the omission-based NDTPA claim that Drover says he intends to assert. That section prohibits "knowingly fail[ing] to disclose a material fact in the sale or lease of goods or services." In his Opposition, Drover contends that his claim is based on LGUSA's supposed "failure . . . to

disclose" the alleged defect. Opp. at 5-6. Yet he still fails to adopt this section of the NDTPA as the basis for his claim.[3]

### B. The Amended Complaint Should Be Dismissed With Prejudice Because Drover Cannot Plead His NDTPA Claim Sufficiently.

As shown below, Drover has repeatedly run from the requirements of Rule 9(b) because there are no facts that he can in good faith allege to support his claim. Indeed, he has now amply demonstrated – in both the original and the amended complaints and in two briefs opposing LGUSA's motions to dismiss – that he cannot plead any fraud claim with the particularity imposed by Rule 9(b). Drover's allegations, however he characterizes them, sound in fraud and are therefore governed by Rule 9(b). *See* supra at 4-5; Motion at 6-8. Indeed, the Nevada Supreme Court itself has explicitly stated that NRS 598.0923(2) – the only remotely applicable provision – is an example of an NDTPA claim that "sound[s] in fraud." *Betsinger v. D.R. Horton, Inc.*, 232 P.3d 433, 435 (Nev. 2010). Simply put, Drover's pleading must satisfy Rule 9(b) to survive.

The factual allegations in Drover's Amended Complaint are insufficient to support Drover's claim on two levels. As noted and discussed in detail below, the Amended Complaint fails to allege the circumstances of any alleged fraud with the particularity required by Rule 9(b). It also fails to allege any facts that would support an inference that LGUSA knew about the alleged defect at any relevant time.[4] Either failing is fatal to the Amended Complaint.

---

[3] The fraudulent omission theory that Drover appears to advance in his Opposition does not save his pleading because it is not connected to or consistent with the factual allegations in the Amended Complaint, which are the *only* statements the Court may consider. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("[A] court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). Notably, Drover's Amended Complaint contains *no specific reference whatsoever* to any alleged failure by LGUSA to disclose any fact or to any purported omission or concealment. In fact, in amending his original pleading Drover actually *removed* the only allegations of concealment. *See* Complaint (Doc. 1) ¶ 16; Plaintiff's Motion for Leave to Amend (Doc. 65) at 5 (noting that the reference to fraudulent concealment had been removed from Drover's pleading "thus removing the burden of meeting the . . . requirement" of Rule 9(b)).

[4] "[W]hile the heightened pleading requirements of Rule 9(b) do not apply to allegations of knowledge, intent, or other conditions of a person's mind, this does not mean that conclusory allegations of knowledge or intent suffice." *Elias v. Hewlett-Packard Co.*, 12-CV-00421-LHK, 2013 WL 3187319, *14-15 (N.D. Cal. June 21, 2013) (internal quotation omitted).

### *1.  The Amended Complaint fails to plead the circumstances of the alleged fraud with particularity.*

Despite his second opportunity to do so, Drover's conclusory allegations fail to provide the essential details of the alleged fraud. The only allegations of fraud consist of general statements that LGUSA "represented that the Televisions being sold to the general public were not inherently defective" and that it "continues to deny the existence of the Defect." FAC ¶¶ 16-17. The pleading fails completely, however, to identify the timing, circumstances, speaker, or the particular content of any alleged misrepresentation. Apparently trying to address this failing, Drover points in the Opposition to the description of the alleged defect, but those allegations provide no details at all about the circumstances of any alleged misstatement or omission by LGUSA. Opp. at 6 (citing FAC ¶¶ 8-9). He also recites the approximate time and location of his purchase and his efforts to obtain repairs, but this account includes none of the essential details of any alleged fraud such as the particular content or source of any misrepresentation. Opp. at 7 (citing FAC ¶ 4). All of these facts must be alleged to comply with Rule 9(b). *Swartz* 476 F.3d at 764.

Further, there are simply *no* allegations in the Amended Complaint supporting the "failure to disclose" theory that Drover asserts in his Opposition. To survive scrutiny, the Amended Complaint must include allegations that "describe the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information." *Eisen*, 2012 WL 841019 at *3 (dismissing claims based on "allegation that [a manufacturer] knew of an alleged defect . . . but knowingly concealed that information from consumers") (quoting *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1002 (N.D. Cal. 2009); *Erickson v. Boston Scientific Corp.*, 846 F. Supp. 2d 1085, 1093 (C.D. Cal. Dec. 12, 2011). Although Drover was on notice of the requirements from LGUSA's reply on its *first* motion to dismiss, LGUSA's Reply in Support of its first Motion to Dismiss (Doc. 41) at 7-8, his Amended Complaint contains only conclusory allegations of affirmative misstatements without a single allegation of any concealment or failure

1 to disclose.  It fails even to identify or describe any specific representation that allegedly omitted
2 material information on which Drover himself relied.  The Amended Complaint alleges none of
3 the facts required to plead a fraud by omission claim with particularity.  Drover has now had four
4 different chances to identify even a single such fact.  Having failed to do so, the Amended
5 Complaint should be dismissed with prejudice.

6 The Amended Complaint fails to adequately allege that LGUSA had knowledge of the alleged
7 defect.

8      To make out an NDTPA claim based on either omissions or misrepresentations, Drover
9 must plead facts sufficient to support an inference that LGUSA knew about the alleged defect
10 when it supposedly concealed it from consumers.  To successfully allege that a defendant knew
11 of a product defect, a plaintiff "must . . . present at least a plausible basis for this knowledge."
12 *Elias,* 2013 WL 3187319 at *14-15 (N.D. Cal. 2013) (citing *Wilson v. Hewlett–Packard Co.*, 668
13 F.3d 1136, 1146 (9th Cir. 2012)).  These allegations must further identify how and when a
14 manufacturer became aware of the alleged defect.  *Eisen*, 2012 WL 841019 at *3; *Oestreicher v.
15 Alienware Corp.*, 544 F. Supp. 2d 964, 974 n.9 (N.D. Cal. 2009); *see also Moulton v. LG
16 Electronics USA, Inc.*, Civil Action No. 11–4073 (JLL), 2012 WL 3598760, *3 (D.N.J. Aug. 21,
17 2012).[5]

18      The Amended Complaint provides only conclusory allegations that LGUSA knew of a
19 defect.  FAC ¶¶ 11-12.  This is not enough.

20      Specifically, the Amended Complaint alleges no facts at all that would show LGUSA
21 knew about the alleged defect at any relevant (or indeed any particular) time.[6]  To support his
22 pleading, Drover simply points in his Opposition to the conclusory paragraph in the Amended
23 Complaint alleging that "LG had actual knowledge of [the alleged defect]. . . due to the number
24 of consumer complaints Defendant received and due to the presence of voluminous complaints

---

[5] In *Moulton* the court dismissed fraud claims based on very similar allegations that LGUSA concealed defects in its televisions, in part because the plaintiff, as Drover, did not "plead the circumstances surrounding how LG came to know of the alleged defects and it affirmatively concealed them." *Id.* at *3.

[6] The Amended Complaint also fails to identify the source of any duty to disclose the alleged defect, as it must. *See* Order of October 18, 2012 at 3 (quoting *Roeder v. Atl. Richfield Co.*, 3:11-CV-001050RCJ, 2011 WL 4048515 (D. Nev. Sept. 8, 2011)).

posted on the internet." Opp. at 6 (citing FAC ¶ 11). The Amended Complaint does not say when or where on the internet the complaints appeared; whether the complaints were made before or after Drover bought his TV; or whether they were made before or after any alleged misrepresentations or non-disclosure on which he might attempt to base his NDTPA claim. The pleading also fails to provide any support for Drover's conclusory assumption that LGUSA would have become aware of alleged consumer complaints, stating only that "purchasers . . . have complained to LG about the Defect, as evidenced by numerous [unspecified] complaints found on the internet." FAC ¶ 11.

Courts in this Circuit have consistently rejected such vague references to unspecified consumer complaints as the basis for an asserted inference that a manufacturer knew of a defect when it sold a product. The Ninth Circuit has made clear that unspecified customer complaints standing alone are insufficient to support an inference that the manufacturer knew of a defect. *See Wilson*, 668 F.3d at 1147. Even if posted on a *manufacturer's* own web page, complaints "merely establish the fact that some consumers were complaining. By themselves they are insufficient to show that [the manufacturer] had knowledge [of the defect]." *Berenblat v. Apple, Inc.*, Nos. 08–4969 JF (PVT), 09–1649 JF (PVT), 2010 WL 1460297, *9 (N.D. Cal. Apr. 9, 2010); *see also Baba v. Hewlett–Packard Co.*, No. C 09–05946 RS, 2011 WL 317650, *3 (N.D. Cal. Jan. 28, 2011) ("Awareness of a few customer complaints, however, does not establish knowledge of an alleged defect."). As the *Wilson* Court observed, "[r]andom anecdotal examples of disgruntled customers posting their views on websites at an unknown time is not enough to impute knowledge upon [a] defendant[ ]." *Id.* at 1148 (quoting *Oestreicher*, 544 F. Supp. 2d at 974 n.9). That is all Drover provides.

Once again, Drover improperly attempts to use his Opposition to supplement his inadequate pleading by providing purported examples of websites on which customer complaints appeared and by describing a Wikipedia article concerning reports of capacitor failures in "various electronic equipment." Opp. at 6. Because this new information does not appear in the

Amended Complaint,[7] the Court should not consider it in deciding whether to dismiss Drover's NDTPA claim. *See Schneider*, 151 F.3d at 1197 n.1.

In any case, these "examples" do not save his claim. He has still failed to allege the content, timing, or source of any actual customer complaint or to allege any facts suggesting that anyone at LGUSA ever saw the unspecified customer complaints to which he refers. Notably, the websites Drover lists have no apparent connection to LGUSA,[8] while the Wikipedia article he cites, which concerns capacitors manufactured in Taiwan, contains *no reference whatsoever* either to televisions or to LG; it has no apparent relevance to his claim.[9] In short, Drover's allegations, even as improperly supplemented in his briefing, are too vague to support any inference that LGUSA knew about the alleged defect.

The allegations in Drover's Amended Complaint utterly fail to satisfy the requirements for pleading a claim of fraud under Rule 9(b), and, for this reason, his NDTPA claim must be dismissed with prejudice. Drover has now had two opportunities to plead his claim. He has presented LGUSA and the Court with two substantially identical, equally deficient complaints, and he has defended them with substantially identical, legally erroneous arguments in his two briefs opposing LGUSA's motions to dismiss -- all this despite the fact that both LGUSA and the Court gave him a detailed roadmap showing exactly what he needed to plead to support his NDTPA claim. Clearly he has nothing more to offer, and no purpose would be served by affording him yet another opportunity to assert the same deficient allegations and make the same futile arguments. The entire Amended Complaint should be dismissed with prejudice.[10]

---

[7] In listing the websites, Drover misleadingly cites to his Amended Complaint, suggesting that the examples appear in the pleading. Opp. at 6 (citing FAC ¶ 11). They do not. *See* FAC ¶ 11.

[8] As noted supra at 9, even complaints posted on a manufacturer's own web page are insufficient by themselves to support an inference of knowledge. The websites Drover references are *not* maintained by LGUSA.

[9] Links for the websites listed by Drover (which his brief identifies only by name), are http://www.avforums.com; http://www.badcaps.net; and http://www.electro-tech-online.com; The Wikipedia article cited in his brief is at http://en.wikipedia.org/wiki/Capacitor_plague.

[10] As noted above, Drover's unjust enrichment claim, the Second Cause of Action in the Amended Complaint, has been asserted for the sole purpose of preserving it for appeal. It should accordingly be dismissed for the same reasons given in the Court's February 19, 2013 Order and in its June 7, 2013 Order denying Plaintiff's motion for reconsideration (Doc. 64).

## IV. CONCLUSION

For the reasons set forth in the above Reply and in LGUSA's Motion, LGUSA respectfully requests that the Amended Complaint be dismissed with prejudice.

DATED this 15th day of November, 2013.

                McDONALD CARANO WILSON LLP

                By: /s/ Pat Lundvall
                    Pat Lundvall (NSBN 3761)
                    Kristen T. Gallagher (NSBN 9561)
                    2300 W. Sahara Avenue, Suite 1200
                    Las Vegas, NV  89102
                    Telephone:  702.873.4100
                    Facsimile:  702.873.9966
                    lundvall@mcdonaldcarano.com
                    kgallagher@mcdonaldcarano.com

                    Sandra C. McCallion (admitted *pro hac vice*)
                    S.C. Sohn (admitted *pro hac vice*)
                    Thomas E. Bezanson (admitted *pro hac vice*)
                    Christopher M.P. Jackson (admitted *pro hac vice*)
                    Matthew V. Povolny (admitted *pro hac vice*)
                    COHEN & GRESSER LLP
                    800 Third Avenue, 21st Floor
                    New York, NY 10022
                    Phone:  212.957.7600
                    Fax:  212.957.4514
                    smccallion@cohengresser.com
                    scsohn@cohengresser.com
                    tbezanson@cohengresser.com
                    cjackson@cohengresser.com
                    mpovolny@cohengresser.com

                    *Attorneys for Defendant LG ELECTRONICS USA, INC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of McDonald Carano Wilson LLP, and that on this 15th day of November, 2013, I caused a true and correct copy of the foregoing **DEFENDANT LG ELECTRONICS USA, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** to be served via the U.S. District Court's Notice of Electronic Filing ("NEF") in the above-captioned case, upon the following:

>Dennis L. Kennedy, Esq. (NSBN 1462)
>Joseph A. Liebman, Esq. (NSBN 10125)
>BAILEY KENNEDY
>8984 Spanish Ridge Avenue
>Las Vegas, Nevada 89148-1302
>Telephone: (702) 562-8820
>Facsimile: (701) 562-9921
>dkennedy@baileykennedy.com
>jliebman@baileykennedy.com
>
>WILLIAM B. FEDERMAN
>FEDERMAN & SHERWOOD
>10205 N. Pennsylvania Avenue
>Oklahoma City, Oklahoma 73120
>Telephone: (405)235-1560
>Facsimile: (405) 239-2112
>wbf@federmanlaw.com
>(admitted *pro hac vice*)
>
>*Attorneys for Plaintiff Kevin Drover*

/s/  Marianne Carter
An employee of McDonald Carano Wilson LLP

291660