# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KEVIN DROVER,

   Plaintiff(s),

v.

LG ELECTRONICS USA, INC.,

   Defendant(s).

2:12-CV-510 JCM (VCF)

**ORDER**

Presently before the court is defendant LG Electronics USA, Inc.'s motion to dismiss. (Doc. # 71). Plaintiff Kevin Drover filed a response in opposition, (doc. # 72), and defendant filed a reply, (doc. # 75).

**I. Background**

In this case, plaintiff asserts claims on behalf of himself and a purported class consisting of all Nevada purchasers of certain plasma and LCD televisions sold by defendant.

In his amended complaint, plaintiff alleges that the televisions at issue contained defective printed wiring boards that prematurely failed due to voltage overload, ripple current, and thermal fatigue. (Doc. # 70 p. 4). Plaintiff states that the defect in the printed wiring boards caused the televisions to fail when used in their intended manner.

Plaintiff further alleges that defendant became aware of this defect through numerous complaints, many of which can still be found on the internet. Therefore, plaintiff claims that defendant had actual knowledge of the defect but failed to initiate a recall to cure it.

**James C. Mahan**
**U.S. District Judge**

The amended complaint puts forward causes of action for violations of the Nevada Deceptive Trade Practices Act ("NDTPA"), Nev. Rev Stat 598.0903 *et seq.*, and for unjust enrichment. In the instant motion, defendant requests that the court dismiss both of these claims with prejudice. The court will address each claim in turn.

**II.     Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id.* (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

**III.    Analysis**

   *A.    NDTPA Claim*

Defendant requests that the court dismiss plaintiff's NDTPA claim because plaintiff (1) fails to meet the standard for pleading fraud under Federal Rule of Civil Procedure 9(b), and (2) fails to specify a particular provision of the act violated by defendant's conduct.

   (1)    Rule 9(b)

When a claim relies upon allegations of fraud, it must meet the enhanced pleading standards of rule 9(b). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir.2001)). "The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement *or omission* complained of was false or misleading." *Yourish v. California Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999) (emphasis added) (quoting *In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1545 (9th Cir. 1994)).

The court has already held that because plaintiff alleges that defendant fraudulently concealed defects in the televisions at issue, the rule 9(b) standard applies. (*See* doc. # 49 pp. 3-4).

. . .

. . .

James C. Mahan
U.S. District Judge

- 3 -

1   Unlike plaintiff's original complaint, the amended complaint pleads with sufficient
2   particularity to meet the enhanced standards of rule 9(b). The amended complaint specifies that
3   plaintiff purchased the television at issue in late 2008 from a Best Buy store in St. George, Utah.
4   (Doc. # 70 p. 2). The defect began to affect the television in September 2011. *Id.* at 3. In January
5   2012, plaintiff contacted defendant seeking technical assistance and was told that the television's
6   warranty had expired. *Id.* On March 19, 2012, plaintiff paid a third party to repair the television. *Id.*

7   The complaint states that defendant received complaints from numerous consumers regarding
8   the alleged defect in the televisions, yet defendant continued to sell the televisions, refused to issue
9   a recall, and failed to offer repairs despite its knowledge of the defect. *Id.* at 4-5.

10  Therefore the court finds that plaintiff has clearly alleged that defendant misled plaintiff and
11  other consumers because it had knowledge of the defect and affirmatively concealed it. Plaintiff's
12  account provides substantial detail as to when he purchased the television and contacted defendant
13  to request a repair, specifying that defendant did not disclose the defect on either occasion. These
14  allegations give clear notice to defendant of the particular misconduct involved in plaintiff's
15  complaint and allow defendant to fully defend itself against the claim. Thus, the court finds that
16  dismissal of this claim pursuant to rule 9(b) is not warranted.

17          (2)     <u>Identification of NDTPA provision</u>

18  In its order dismissing the original complaint, the court specifically stated that, in order to
19  survive a motion to dismiss, plaintiff must "at a minimum . . . provide the specific sections of law
20  on which his complaint relies." (Doc. # 49 p. 4). Despite this clear admonition, the amended
21  complaint still fails to specify a particular provision of the NDTPA giving rise to plaintiff's claim.
22  Accordingly, the court will again dismiss this claim, but will give leave for plaintiff to file a second
23  amended complaint which identifies the NDTPA provision at issue.

24      B.      *Unjust Enrichment Claim*

25  Defendant also requests that the court dismiss plaintiff's unjust enrichment claim. Plaintiff
26  acknowledges that the court previously dismissed this claim with prejudice, (doc. # 59), but includes

**James C. Mahan**
**U.S. District Judge**

- 4 -

it in his amended complaint for the purpose of preserving it for appeal. Accordingly, the court will again dismiss plaintiff's unjust enrichment claim with prejudice.

### IV.   Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant LG Electronics USA, Inc.'s motion to dismiss, (doc. # 71), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's first cause of action is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that plaintiff's second cause of action is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that plaintiff shall have thirty days from the entry of this order to file a second amended complaint correcting the deficiencies identified herein.

DATED May 22, 2014.

_____
**UNITED STATES DISTRICT JUDGE**