DENNIS L. KENNEDY
Nevada Bar No. 1462
JOSEPH A. LIEBMAN
Nevada Bar No. 10125
BAILEY-KENNEDY
8984 Spanish Ridge Avenue
Las Vegas, Nevada  89148-1302
(702) 562-8820  Telephone
(702) 562-9921  Facsimile
dkennedy@baileykennedy.com
jliebman@baileykennedy.com

WILLIAM B. FEDERMAN *(admitted pro hac vice)*
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Avenue
Oklahoma City, Oklahoma  73120
(405) 235-1560  Telephone
(405) 239-2112  Facsimile
wbf@federmanlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN DROVER, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>LG ELECTRONICS USA, INC.,<br><br>            Defendant.<br>_____ | CASE NO.  2:12-cv-00510-LRH-VCF<br><br>**SECOND AMENDED COMPLAINT** |

Kevin Drover, by his attorneys, makes the following allegations and claims for his complaint against LG Electronics USA, Inc. ("LG" or "Defendant").  The following allegations are made upon information and belief, except as to allegations specifically pertaining to Plaintiff, which are made upon knowledge.

1. This class action is brought by Plaintiff on behalf of himself and all others similarly situated in the state of Nevada who have purchased certain defective LG plasma and LCD television sets manufactured, marketed, distributed, and/or sold by Defendant (the "Televisions").

- 1 -

Class Televisions include, but are not limited to models 32LC2D, 37LC2D, 42LC2D, 42PC3D, 42PC3DV, 47LC7DF and 50PC3D. The Televisions are defective in that they contain internal components called printed wiring boards (also known as printed circuit boards) that prematurely fail during normal operation of the Televisions (the "Defect"). The Defect, which was present upon delivery and which manifests itself over time, ultimately results in the failure of the Televisions themselves well before the end of their expected useful life, and renders the Televisions unsuitable for their principal and intended purpose.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. § 1332(d), because the aggregate claims of the Class exceed the sum or value of $5,000,000.00, and there is diversity of citizenship between proposed class members and Defendant.

3. Venue is proper in this District under 28 U.S.C. §1391(a)(1) and (2). Plaintiff resides and Defendant conducts substantial business in this District, including conduct directed at members of the Class, including the promotion, sale, and marketing of its products, sufficient to render it within the jurisdiction of this Court. The events and conduct giving rise to the violations of law in this action constitute interstate commerce, and a significant portion thereof occurred in this District.

## PARTIES

4. Plaintiff Kevin Drover resides in Mesquite, Nevada. Sometime in late 2008, Plaintiff Drover purchased for use in his home an LG LCT Television model number 47LC7DF that was designed, manufactured, marketed, distributed and/or sold with the Defect by Defendant. Plaintiff purchased the Television from Best Buy in St. George, Utah. Plaintiff also purchased a

- 2 -

two year extended warranty. In September, 2011, Plaintiff's Television first began exhibiting the Defect described herein – the Television was slow to turn on, and there were clicking noises when turning the Television on. The problem gradually worsened, and the Television would take twenty minutes or more to turn on. Plaintiff eventually left his Television on all the time. In January of 2012, Plaintiff contacted LG via telephone to obtain a repair. Plaintiff spent approximately forty-five minutes to one hour on the phone with LG's customer service representative attempting to resolve the problems with the Television. The problem could not be resolved, and the LG customer service representative advised Plaintiff that his Television was out of warranty and that Plaintiff would have to pay out-of-pocket for any repairs. On March 19, 2012, Plaintiff contacted TV Video Clinic to obtain a repair of his Television. He advised TV Video Clinic that his Television was slow to start. On March 20, 2012, his Television was repaired by TV Video Clinic. TV Video Clinic repaired the Power Board at a cost of $212.50. *See* Exhibit A.

5. Defendant LG Electronics USA, Inc. is a Delaware corporation, with its principal place of business in Englewood Cliffs, New Jersey. LG Electronics USA, Inc. is the United States holding company for LG Electronics, Inc.'s U.S. based electronics and entertainment businesses, through which it designs, manufactures, and/or distributes consumer electronics products, and sells LG brand consumer products direct to the public, including the Televisions containing the Defect forming the subject matter of this action, which it caused to be placed into the stream of commerce in this State.

**STATEMENT OF FACTS**

6. LG is in the business of manufacturing, marketing, and distributing for sale plasma and LCD Televisions to consumers throughout the United States and Nevada.

7. The Televisions contain a number of internal electronic components. These components serve dedicated functions, i.e., enabling the television to power on and off, tune to a particular channel, display visual images properly, and replay audio. The printed wiring boards ("PWBs") are electronic components that incorporate integrated components that include, but are not limited to, circuit chips, resistors, surface capacitors and chip capacitors. The PWBs for the LCD Televisions include, but are not limited to, the power supply PWB, the main PWB and other associated PWBs. The PWBs for the Plasma televisions include, but are not limited to, the X-sustain boards, the Y-sustain boards, control boards, digital boards and associated boards. A well-designed and manufactured television will have PWBs that will last the expected useful life of the Television.

8. The PWBs of the Televisions prematurely fail due to voltage overload, ripple current, and thermal fatigue. Voltage overload and thermal fatigue can be caused by insufficient cooling fans, heat sinks and other ventilation issues. The premature failure is caused by design and manufacturing defects.

9. The Televisions are defectively designed and/or use defective materials because normal operation and usage of the Televisions exposes the PWBs to excessive heat and/or excessive voltage, which, in turn, causes them to fail. Therefore, the Televisions fail before expiration of their expected useful life.

10. Purchasers of the Televisions have paid and continue to incur substantial parts and labor fees to repair their defectively designed Televisions when they fail to operate as a result of the design defect after the expiration of the one year warranty for parts and labor.

11. As a result of the design defect in the Televisions, numerous purchasers of these Televisions have complained to LG about the Defect, as evidenced by the numerous complaints

found on the Internet. LG has had actual knowledge of the design defect in the Televisions, but has failed to recall the Televisions publicly in order to cure the design defect described herein.

12. The defect described herein was a material fact related to the reliability and normal operation of the Televisions known only to LG. Had Plaintiff and members of the Class known about the defect, they would not have purchased their Televisions.

13. The Televisions include a 12 months parts and labor warranty. Despite the fact that the Defect was present in the Televisions at the time of delivery, well within these warranty limitations periods, LG has refused to pay for labor or diagnostic expenses for consumers with Televisions manifesting the Defect more than a year after purchase, and LG has refused to pay any part of the cost of repairing Televisions which manifest the Defect one year after purchase.

14. Consumers of LG's Televisions could reasonably expect their Televisions to function well beyond the 12 months parts and labor warranty provided by LG's boiler-plate warranties. LG knew or should have known that the defective design of the Televisions would render the time limitations in its written warranty grossly inadequate to protect consumers from the Defect, and would subject consumers to expensive repair costs.

15. Plaintiff and the members of the Class had no knowledge of the cause of the Defect and did not suspect, nor did they have reason to suspect, that the Defect was caused by LG's wrongdoing. Plaintiff and the members of the Class could not have known or reasonably discovered, nor did they have reason to know of, the Defect created by LG. Further, they could not have known or reasonably discovered that the Televisions they purchased were defective or that the cause of the harm suffered by Plaintiff and the members of the Class was directly attributable to the wrongdoing by LG alleged herein.

16.     LG, as the designers, manufacturers, marketers, distributors and sellers of the Televisions, represented that the Televisions being sold to the general public were not inherently defective, and were reasonably suited for their intended purpose. If Plaintiff and the members of the Class had known the true facts they would not have purchased the Televisions or paid as much as they did for the Televisions.

17.     LG has refused to recall the Televisions and continues to deny to consumers the existence of the Defect. Class Members are damaged in the amount of the price paid for the Televisions, any out-of-pocket expenses incurred for repairs, as well as HDTV, cable and satellite services they are unable to utilize.

18.     The Televisions were sold to distributors and consumers with the knowledge and intent that the Televisions be used for the benefit of consumers. LG and its distributors sold the defective Televisions to Plaintiff and the members of the Class in the course of their business.

19.     The Televisions were not altered by Plaintiff, the members of the Class, LG's distributors or other personnel. The Televisions were defective when they left the exclusive control of LG and LG knew the Televisions would be used without additional tests for defects.  The Televisions were defective and unfit for their intended purpose.

20.     As a direct result of LG's actions set forth herein, Plaintiff and the consumers who comprise the Class who have purchased the Televisions have suffered injury in fact, have been damaged and have suffered a loss of money or property for having paid thousands of dollars for a product that does not, cannot, and will not, work as represented and that is now worth substantially less than what consumers paid and what a non-defective Television would be worth.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action on behalf of himself and all other members of a class consisting of all purchasers in the State of Nevada of the Televisions (the "Class"). Excluded from the Class are Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with Defendant, including, without limitation, persons who are directors of LG.

22. The Class is composed of no fewer than thousands of persons state-wide, and is sufficiently numerous for class treatment. The joinder of all Class members individually in one action would be impracticable, and the disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

23. Plaintiffs' claims are typical of the claims of the Class and Plaintiff has no interests adverse to the interests of other members of the Class.

24. This dispute raises questions of law and fact that are common to all Class members. Those common questions predominate over questions that arise on an individual basis for Class members. The common questions of law and fact include, without limitation:

(a) Whether LG violated the Nevada Deceptive Trade Practices Act, specifically NRS 598.0915(5), (7) and (15), and 598.0923(2);

(b) Whether the Defect constitutes a manufacturing or design defect;

(c) Whether the members of the Class have been injured by LG's conduct;

(d) Whether the members of the Class have sustained damages as a result of LG's wrongdoing and, if so, what is the proper measure and appropriate formula to be applied in determining such damages; and

(e) Whether the members of the Class are entitled to injunctive relief.

25. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced and competent in the prosecution of class action litigation.

26. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

27. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. If a Class or general public action is not permitted, Class members will continue to suffer losses and LG's misconduct will continue without proper remedy.

28. LG has acted and refused to act on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION
### Violation of the Nevada Deceptive Trade Practices Act

29. Plaintiff restates and realleges all paragraphs above and in addition, states matters as set forth below.

30. Plaintiff and the Class members are consumers who purchased an LG Television from an authorized dealer.

31. The actions of Defendant constituted deceptive trade practices within the meaning of the Nevada Deceptive Trade Practices Act, NRS 598.0903 *et seq.*

32. Specifically, LG's knowledge of and failure to disclose the defect described herein constitutes a violation of NRS 598.0915 (5), as LG knowingly made false representations as to the characteristics, uses and/or benefits of the Televisions.

33. LG's conduct constitutes a violation of NRS 598.0915 (7), as LG represented that the Televisions were of a particular standard, quality or grade when LG knew or should have known that the Televisions were not of that standard, quality or grade due to the known defect.

34. LG's conduct also constitutes a violation of NRS 598.0915 (15), as LG knowingly made false representations with regard to the Televisions in the course of its business.

35. In addition, LG's conduct in concealing the defect described herein is in violation of NRS 598.0923 (2), as LG failed to disclose a material fact in connection with the sale or lease of goods or services.

36. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Class members have suffered or will suffer damages as a result of the defect in an amount to be determined at trial.

37. Plaintiff is entitled to judgment for its damages suffered as a result of Defendant's deceptive trade practices plus attorney fees and costs incurred in bringing this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

A. Declaring that this action is properly maintainable as a class action and certifying Plaintiffs as Class representatives;

B. Awarding damages to Plaintiff and the other Class members for Defendant's violation of the Nevada Deceptive Trade Practices Act;

C.  Awarding Plaintiff and the Class compensatory and punitive damages as a result of Defendant's violations and enjoining the Defendant from continuing its illegal practices set out above;

D.  Awarding pre- and post-judgment interest;

E.  Awarding attorney fees, expenses, and costs; and

F.  Providing such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Trial by jury is demanded.

Dated June 23, 2014.

Respectfully submitted,
FEDERMAN & SHERWOOD

By:     /s/ William B. Federman
         WILLIAM B. FEDERMAN
         Admitted *pro hac vice*
         10205 N. Pennsylvania Avenue
         Oklahoma City, Oklahoma 73120
         (405) 235-1560   Telephone
         (405) 239-2112   Facsimile

         DENNIS L. KENNEDY
         Nevada Bar No. 1462
         JOSEPH A. LIEBMAN
         Nevada Bar No. 10125
         BAILEY KENNEDY
         8984 Spanish Ridge Avenue
         Las Vegas, Nevada  89148-1302
         (702) 562-8820  Telephone
         (702) 562-8821  Facsimile

         *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HERBY CERTIFY that on June 23, 2014, I caused a true and correct copy of the foregoing **SECOND AMENDED COMPLAINT** to be served via the U.S. District Court's Notice of Electronic Filing ("NEF") in the above-captioned case, upon the following:

Pat Lundvall (NSBN 3761)
Kristen T. Gallagher (NSBN 9561)
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Suite 1000
Las Vegas, NV 89102
lundvall@mcdonaldcarano.com
kgallagher@mcdonaldcarano.com

Sandra C. Mccallion
S.C. Sohn
Thomas E. Bezanson
Christopher M. P. Jackson
Matthew V. Povolny
COHEN & GRESSER LLP
800 Third Avenue, 21st Floor
New York, NY 10022
smccallion@cohengresser.com
scsohn@cohengresser.com
tbezanson@cohengresser.com
cjackson@cohengresser.com
mpovolny@cohengresser.com

*Attorneys for Defendant LG Electronics, U.S.A., Inc.*

                                            /s/ William B. Federman
                                            WILLIAM B. FEDERMAN