UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN DROVER,<br><br>                Plaintiff(s),<br><br>    v.<br><br>LG ELECTRONICS USA, INC.,<br><br>                Defendant(s). | Case No. 2:12-CV-510 JCM (VCF)<br><br>ORDER |

       Presently before the court is defendant LG Electronics USA, Inc.'s (hereinafter "defendant") motion to dismiss. (Doc. # 80). Plaintiff Kevin Drover (hereinafter "plaintiff") filed a response, (doc. # 83), and defendant filed a reply, (doc. # 84).

**I.   Background**

       Plaintiff resides in Nevada. In 2008, he purchased a television manufactured by defendant from a Best Buy store in Utah. The television included a one-year warranty, and plaintiff purchased a two-year extended warranty.

       In 2011, after the expiration of both warranties, plaintiff alleges that his television started malfunctioning. He contacted defendant to obtain a repair, but was unable to do so because his warranty had expired. Plaintiff then paid $212.50 out-of-pocket for third-party repairs. (Doc. # 77).

       Plaintiff filed a putative class action on March 27, 2012, arising out of defendant's sales of allegedly defective televisions. Plaintiff asserted claims under the Nevada Deceptive Trade Practices Act ("NDTPA") as well as claims for breach of express warranty, breach of the implied warranty of merchantability, unjust enrichment, and restitution. (Doc. # 1).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

On May 25, 2012, defendant filed a motion to dismiss. (Doc. # 19). Plaintiff filed a response, (doc. # 32), and defendant filed a reply, (doc. # 41). In his response, plaintiff voluntarily dismissed his warranty claims. (Doc. # 32).

On October 18, 2012, the court granted in part and denied in part defendant's motion to dismiss. (Doc. # 49). The court dismissed plaintiff's NDTPA claims without prejudice but denied dismissal of plaintiff's unjust enrichment claim. However, the court granted plaintiff leave to amend his complaint within thirty days of the date of the order. (Doc. # 49).

Defendant then filed a motion for reconsideration based on an intervening change in law, asking the court to dismiss plaintiff's unjust enrichment claim. (Doc. # 50). Plaintiff filed a response, (doc. # 56), and defendant filed a reply, (doc. # 58).

On February 19, 2013, the court granted defendant's motion for reconsideration and dismissed plaintiff's unjust enrichment claim with prejudice. (Doc. # 59). The court indicated that if plaintiff wished to amend his complaint, he should file a motion to amend with a proposed amended complaint within thirty days.

Plaintiff then filed a motion to reconsider the court's order. (Doc. # 60). Defendant filed a response, (doc. # 61), plaintiff filed a reply, (doc. # 62), and the court denied the motion, (doc. # 64). The court again ordered that plaintiff would have thirty days to file his amended complaint.

Plaintiff then filed a motion for leave to file an amended complaint. (Doc. # 65). Defendant filed a non-opposition, (doc. # 68), and the court granted the motion, (doc. # 69). Plaintiff filed his first amended complaint on October 7, 2013. (Doc. # 70).

Defendant then filed another motion to dismiss, (doc. # 71), plaintiff filed a response, (doc. # 72), and defendant filed a reply, (doc. # 75). The court again granted defendant's motion to dismiss and gave plaintiff thirty days to file a second amended complaint. (Doc. # 76).

The court noted that plaintiff's second amended complaint must identify the particular NDTPA provisions that served as the basis for his claims. (Doc. # 76). Plaintiff filed his second amended complaint on June 23, 2014, alleging violations of the NDTPA and identifying particular provisions. (Doc. # 77).

James C. Mahan
U.S. District Judge

Plaintiff claims in his second amended complaint that defendant's televisions exhibit a design defect. He alleges that defendant had actual knowledge of the defect but failed to recall the televisions. Plaintiff states that defendant "represented that the Televisions being sold to the general public were not inherently defective, and were reasonably suited for their intended purpose." (Doc. # 77).

Defendant then filed the instant motion to dismiss the second amended complaint. (Doc. # 80).

## II.     Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

**James C. Mahan**
**U.S. District Judge**

- 3 -

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

Allegations of fraud are subject to a heightened pleading standard. *See* Fed. R. Civ. P. 9(b) ("[A] party must state with particularity the circumstances constituting fraud . . . .").  Rule 9(b) operates "to give defendants notice of the particular misconduct which is alleged," requiring plaintiffs to identify "the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (citations omitted).

**III.   Discussion**

Defendant filed the instant motion to dismiss plaintiff's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. # 80).  Defendant claims that (1) Nevada law is inapplicable because plaintiff bought his television in Utah, and (2) if Nevada law does apply, plaintiff fails to state a claim for affirmative misrepresentation or omission under the NDTPA.

*A.   Waiver*

Defendant argues that Utah law is applicable to plaintiff's claims and that Utah law does not permit recovery on the basis of plaintiff's complaint.  (Doc. # 80).  Plaintiff responds that defendant waived its choice of law claims by failing to raise them in its first motion to dismiss.

James C. Mahan
U.S. District Judge

- 4 -

(Doc. # 83). Defendant replies that the conflict of laws issue was not ripe until plaintiff identified the NDTPA sections under which he was suing in his second amended complaint. (Doc. # 80).

In support of his waiver argument, plaintiff cites Federal Rule of Civil Procedure 12(g), which states that "[i]f a party makes a motion under this rule but omits therefrom any defense or objection then available to the party . . . the party shall not thereafter make a motion based upon the defense or objection so omitted." Fed. R. Civ. P. 12(g).

Plaintiff's first amended complaint states that plaintiff purchased the television in Utah. (Doc. # 70). However, as defendant notes, plaintiff did not identify the NDTPA provisions under which he was suing until his second amended complaint. (Doc. # 77).

While defendant could have argued that Utah law applies in its earlier motion to dismiss, the differences between the relevant Nevada and Utah provisions were not clear at that time. For instance, as defendant notes, the NDTPA provisions that plaintiff cites support a cause of action for non-disclosure, while parallel sections of the Utah Consumer Sales Practices Act (UCSPA) do not. *See* U.C.A. 1953 § 13-11-4(2).

Further, the UCSPA requires that the supplier "knowingly or intentionally" deceive, while a supplier may be liable under the NDTPA if it "knows or should know" of any discrepancy between representations and the product's actual condition. Finally, defendant contends that the UCSPA precludes plaintiff from bringing class claims. *See* U.C.A. 1953 § 13-11-19. Defendant would have had no way to identify these differences without notice of which NDTPA provisions plaintiff was asserting.

The Ninth Circuit has not clearly established that choice of law claims may be waived, and has actually indicated the contrary. *See Gen. Signal Corp. v. MCI Telecomm. Corp.*, 66 F.3d 1500, 1505 (9th Cir. 1995) (finding that defendant did not waive right to application of choice of law provision despite initially failing to assert it and citing other state's law).

Other circuits have split on whether choice of law arguments may be waived, and these disputes have generally arisen at the appellate level. *Compare Huber v. Taylor*, 469 F.3d 67, 74-75 (3d Cir. 2006) (holding that plaintiffs did not waive choice of law issue on grounds that "we

James C. Mahan
U.S. District Judge

- 5 -

1  have been reluctant to apply the waiver doctrine when only an issue of law is raised") *to Mauldin*
2  *v. Worldcom, Inc.*, 263 F.3d 1205, 1211-12 (10th Cir. 2001) (finding that party waived choice of
3  law argument by failing to adequately brief it).

4        Additionally, Rule 12(g) is inapplicable to the instant situation.  Rule 12(g) requires that a
5  defendant consolidate available grounds for Rule 12 motions, such as failure to state a claim and
6  improper venue, into a single filing.  It does not operate to foreclose different arguments made in
7  the context of a 12(b)(6) motion, especially where plaintiff has submitted an amended complaint.

8        Considering the early stages of the case and plaintiff's recent amendment, it would seem
9  unjust to preclude defendant's argument at this time.  Waiver provisions aim to ensure that new
10  arguments are not raised at the appellate level or with undue surprise to the parties.  These
11  concerns are not at issue here, and the court will consider defendant's choice of law arguments.

12        *B.  Choice of law*

13        In light of the finding that defendant did not waive its choice of law claims, the court
14  must determine the applicable law in the instant case.  Under Nevada law, choice of law for
15  fraud claims is governed by the Restatement (Second) Conflict of Laws § 148.

16        Section 148(1) provides that when a plaintiff acts in reliance on a defendant's false
17  representations in the same state where the false representations were made and received, there is
18  a presumption that the law of that state will apply.  *Id.* § 148(1).  However, where a plaintiff's
19  reliance occurs in a different state, the court must consider a number of additional factors.  *Id.* §
20  148(2).

21        Defendant contends that Utah law applies under either test.  The court agrees.  Plaintiff
22  alleges that defendant made false representations about the quality of the televisions, and that he
23  would not have bought one if he had known of the defect.  Plaintiff acknowledges that he
24  purchased the television in Utah.  Further, while plaintiff's complaint does not identify any
25  particular misrepresentations, those made by salespeople in connection with plaintiff's purchase
26  would have occurred in Utah.  This weighs in favor of applying Utah law under Section 148(1).
27  . . .
28  . . .

**James C. Mahan**
**U.S. District Judge**

- 6 -

Alternatively, Section 148(2) requires the court to consider (a) where the plaintiff acted in reliance on the defendant's representations, (b) where the plaintiff received them, (c) where the defendant made them, (d) the domicile of the parties, (e) the place where the item was situated at the time, and (f) the place where the plaintiff renders performance of the contract. *Id.* § 148(2).

These factors similarly weigh in favor of applying Utah law. Because plaintiff purchased the television in Utah, Utah law is applicable under factors (a), (e), and (f). Plaintiff could argue that defendant somehow made misrepresentations to him in Nevada, perhaps through media advertisement. However, plaintiff has not presented any such allegations. Therefore, the court does not find factors (b) and (c) to weigh in favor of applying either state's law.

Plaintiff is domiciled in Nevada, while defendant is a Delaware corporation with its principal place of business in New Jersey. Plaintiff could argue that his domicile warrants the application of Nevada law under factor (d), but this does not sufficiently tip the scales for purposes of the test in section 148(2).

The main purpose of the choice of law analysis is to determine which state's law has the most significant relationship to the plaintiff's claims. Plaintiff purchased the television in Utah, and Utah has an interest in applying its consumer protection laws to this type of transaction.

Pursuant to the analysis above, the court finds that Utah law applies to the instant action. Therefore, it was improper for plaintiff to bring the instant NDTPA claims. As a result, the court will grant the motion to dismiss plaintiff's claims under Nevada law. However, the court must still address whether to grant plaintiff leave to amend his complaint to reflect any possible claims under Utah law.

C. *Leave to amend*

Defendant argues that if Utah law applies, leave to amend should not be granted because plaintiff cannot meet the UCSPA's requirements. Accordingly, defendant asks the court to dismiss plaintiff's complaint with prejudice.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave.

James C. Mahan
U.S. District Judge

- 7 -

In *Foman v. Davis,* 371 U.S. 178 (1962), the Court explained: "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182.

Plaintiff indicates in his response to defendant's motion to dismiss that his claims are "based on omissions by LG rather than affirmative statements . . . ." (Doc. # 83). Defendant argues that because omissions are not covered as deceptive practices under the UCSPA, leave to amend would be futile. U.C.A. § 13-11-4(2).

However, plaintiff's second amended complaint asserts claims under NDTPA provisions for both affirmative misrepresentations and failure to disclose material facts. *See* NRS 598.0915(5), (7), (15); NRS 598.0923(2). Plaintiff contends that defendant "represented that the Televisions being sold to the general public were not inherently defective, and were reasonably suited for their intended purpose." (Doc. # 77).

The court previously found that plaintiff's first amended complaint met Rule 9(b)'s particularity requirements for misrepresentation claims based on a failure to disclose. (Doc. # 76). However, because the claims in plaintiff's complaint reference Nevada law, it is unclear to the court whether plaintiff has valid claims under the relevant Utah statutes.

Defendants do not allege any bad faith or prejudice, and it is not clear to the court that amendment would be futile. In light of the court's analysis of defendant's newly-mentioned choice of law claims, as well as the court's conclusion that Utah law applies in the instant case, the court finds good cause to grant plaintiff leave to amend his complaint.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss, (doc. # 80), be, and the same hereby is, GRANTED.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 8 -

IT IS FURTHER ORDERED that plaintiff shall have thirty (30) days from the entry of this order to file a third amended complaint with references to the appropriate Utah law.

DATED October 15, 2014.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 9 -